ALBERT ERKEL (SBN 93793)
aerkel@ghslaw.com
NORMA NAVA FRANKLIN (SBN 266827)
nnava@ghslaw.com
JANET LY (SBN 211401)
jly@ghslaw.com
GARCIA HERNANDEZ SAWHNEY, LLP
801 N. Brand Blvd., Suite 620
Glendale, CA 91203
PHONE (213)-347-0210
FAX (213) 347-0216

Attorneys for Defendants Oxnard School District, Cesar Morales, Ernest Morrison, Debra Cordes, Denis O'Leary, Veronica Robles-Solis, and Monica Madrigal Lopez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through her guardian ad litem, Janelle McCammack; M.B., a minor, by and through her guardian ad litem, F.B.; I.G., a minor, by and through his guardian ad litem, M.E., on behalf of themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OXNARD SCHOOL DISTRICT; CESAR MORALES, Superintendent of Oxnard School District, in his official capacity; ERNEST MORRISON, President of the Board of Trustees, in his official capacity; DEBRA CORDES, Clerk of the Board of Trustees, in her official capacity; DENIS O'LEARY, Trustee of the Board of Trustees, in his official capacity; VERONICA ROBLES-SOLIS, Trustee of the Board of Trustees, in her official capacity; MONICA MADRIGAL LOPEZ, Trustee of the Board of Trustees, in her official capacity; and DOES 1 TO 10, inclusive <br><br> Defendant | Case No.: 2:17-cv-04304-JAK-FFM <br><br> **DECLARATION OF LAWRENCE JOE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO CERTIFY CLASS** |

# DECLARATION OF LAWRENCE JOE

I, Lawrence Joe, declare as follows:

1. I am an attorney authorized to practice before this Court. I am an attorney at the law firm Garcia Hernandez Sawhney, LLP, attorneys of record in this matter for Defendants Oxnard School District ("OSD" or the "District"), Cesar Morales, Ernest Morrison, Debra Cordes, Denis O'Leary, Veronica Robles-Solis, and Monica Madrigal Lopez (collectively, "Defendants"). I have personal knowledge of the facts set forth herein and, if called upon as a witness, I could and would testify competently thereto under oath.

2. I submit this Declaration in support of Defendants' Opposition to Motion to Certify Class. I represented the District in the underlying administrative proceedings of this matter. As part of those proceedings, Defendants entered into settlement agreements with students W.G., A.V., J.M., A.L., E.H., and Meli B. I am also responsible for assisting the District with its monitoring and compliance benchmarks for remedies awarded to I.G., M.B, and J.R. in their respective administrative orders.

3. On September 21, 2016, W.G. filed her administrative complaint against Defendants (OAH Case No. 2016091008). On or about February 9, 2017, Defendants entered into a Final Settlement Agreement with W.G., which contains the following release of claims provision:

> The Parties, individually and collectively, on behalf of themselves and nay predecessors and successors in interest, parents, heirs, assigns, insurers, creditors, guardians, surrogates, conservators, trustees, attorneys, representatives, consultants, experts, and advocates, hereby fully release and discharge each other from all claims arising from or relating to the facts or incidents alleged in OAH Case #2016091008, that are based on the Individuals with Disabilities Education Improvement Act (IDEIA), the California Education Code Section 5600 et seq., the Americans with Disabilities Acts of 1990, and

1

> Section 504 of the Rehabilitation Act of 1973, and any amendments thereto or implementing regulations, guidelines or policy directives thereof, through the date of this Agreement.

A true and correct copy of W.G.'s Final Settlement Agreement is attached hereto as **Exhibit A** (filed concurrently with the District's Application to File Documents Under Seal).

4. On February 10, 2017, A.V. filed her administrative complaint against Defendants (OAH Case No. 2017020576). On or about March 9, 2017, Defendants entered into a Final Settlement Agreement with A.V., which contains the following release of claims provision:

> The Parties, individually and collectively, on behalf of themselves and nay predecessors and successors in interest, parents, heirs, assigns, insurers, creditors, guardians, surrogates, conservators, trustees, attorneys, representatives, consultants, experts, and advocates, hereby fully release and discharge each other from all claims arising from or relating to the facts or incidents alleged in OAH Case # 2017020576, that are based on the Individuals with Disabilities Education Improvement Act (IDEIA), the California Education Code Section 5600 et seq., the Americans with Disabilities Acts of 1990, and Section 504 of the Rehabilitation Act of 1973, and any amendments thereto or implementing regulations, guidelines or policy directives thereof, through the date of this Agreement.

A true and correct copy of A.V.'s Final Settlement Agreement is attached hereto as **Exhibit B** (filed concurrently with the District's Application to File Documents Under Seal).

5. On May 4, 2017, J.M. filed his administrative complaint (OAH Case No. 2017050432) against Defendants. On or about September 12, 2017, Defendants entered

into a Final Settlement Agreement and General Release with J.M., which contains the following release of claims provision:

> Parent hereby fully releases and discharges the District from all claims, damages, liabilities, rights, and complaints of whatever kind or nature, known or unknown, arising from or related to Student's educational program through the date of execution.
>
> This release and discharge applies to any and all claims and issues related to Student's educational program through the date of execution of this Agreement. This settlement includes all claims made, or that could have been made, including but not limited to, those made under the Individuals with Disabilities Education Act (20 U.S.C. §1400, et seq.) and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §732), and the Americans with Disabilities Act (42 U.S.C. §12101), and 42 U.S.C. §1983.
>
> ......

Further, the Final Settlement Agreement and General Release includes a confidentiality provision:

> <u>Implementation and Confidentiality</u>
>
> By their signatures, the Parties acknowledge that they will carry out the terms of this Agreement, which shall be maintained as a confidential document by all Parties except as required by law. However, for purposes of implementation and enforcement of the Agreement, the Parties mutually consent to disclosure and admissibility of this Agreement.

A true and correct copy of J.M.'s Final Settlement Agreement and General Release is attached hereto as **Exhibit C** (filed concurrently with the District's Application to File Documents Under Seal).

6. On October 20, 2017, A.L. filed his administrative complaint (OAH Case No. 2017101129) against Defendants. On or about November 15, 2017, Defendants entered into a Final Settlement Agreement with A.L, which contains the following release of claims provision:

> The Parties, individually and collectively, on behalf of themselves and nay predecessors and successors in interest, parents, heirs, assigns, insurers, creditors, guardians, surrogates, conservators, trustees, attorneys, representatives, consultants, experts, and advocates, hereby fully release and discharge each other from all claims arising from or relating to the facts or incidents alleged in OAH Case # 2017101129, that are based on the Individuals with Disabilities Education Improvement Act (IDEIA), the California Education Code Section 5600 et seq., the Americans with Disabilities Acts of 1990, and Section 504 of the Rehabilitation Act of 1973, and any amendments thereto or implementing regulations, guidelines or policy directives thereof, through the date of this Agreement.

A true and correct copy of A.L.'s Final Settlement Agreement is attached hereto as **Exhibit D** (filed concurrently with the District's Application to File Documents Under Seal).

7. On September 21, 2016, E.H. filed his administrative complaint (OAH Case No. 2016100075) against Defendants. On or about January 19, 2017, Defendants entered into a Final Settlement Agreement with E.H, which contains the following release of claims provision:

> The Parties, individually and collectively, on behalf of themselves and nay predecessors and successors in interest, parents, heirs, assigns, insurers, creditors, guardians, surrogates, conservators, trustees, attorneys, representatives, consultants, experts, and advocates, hereby fully release and discharge each other from all claims arising from or

> relating to the facts or incidents alleged in OAH Case # 2016100075, that are based on the Individuals with Disabilities Education Improvement Act (IDEIA), the California Education Code Section 5600 et seq., the Americans with Disabilities Acts of 1990, and Section 504 of the Rehabilitation Act of 1973, and any amendments thereto or implementing regulations, guidelines or policy directives thereof, through the date of this Agreement.

A true and correct copy of the E.H.'s Final Settlement Agreement is attached hereto as **Exhibit E** (filed concurrently with the District's Application to File Documents Under Seal).

    8. On September 21, 2016, Meli B. filed her administrative complaint (OAH Case No. 201610031) against Defendants. On or about April 25, 2017, Defendants entered into a Final Settlement Agreement with Meli B., which contains the following release of claims provision:

> The Parties, individually and collectively, on behalf of themselves and nay predecessors and successors in interest, parents, heirs, assigns, insurers, creditors, guardians, surrogates, conservators, trustees, attorneys, representatives, consultants, experts, and advocates, hereby fully release and discharge each other from all claims arising from or relating to the facts or incidents alleged in OAH Case # 201610031, that are based on the Individuals with Disabilities Education Improvement Act (IDEIA), the California Education Code Section 5600 et seq., the Americans with Disabilities Acts of 1990, and Section 504 of the Rehabilitation Act of 1973, and any amendments thereto or implementing regulations, guidelines or policy directives thereof, through the date of this Agreement.

A true and correct copy of Meli B.'s Final Settlement Agreement is attached hereto as **Exhibit F** (filed concurrently with the District's Application to File Documents Under Seal).

9. On March 13, 2017, OAH issued a Decision by Settlement in the matter of J.R. v. Oxnard School District (OAH Case No. 2016100053). Pursuant to OAH's decision, OSD has provided or is in the process of providing the Student with the following related and compensatory education services:

- An assessment by Lindamood-Bell Learning Processes in Santa Barbara (*completed*);
- Two years of Lindamood-Bell services to be provided during the regular school day and according to Lindamood-Bell's recommendation (*ongoing*);
- Placement in a Mild-Moderate Special Day Class at OSD's Haydock Academy of Arts and Sciences, including 30 minutes per week of individual speech services until the end of Student's eighth grade year; 60 minutes per week of group speech services until the end of Student's eighth grade year; no fewer than 12 social skills sessions with the option to continue if recommended by the supervising counselor; and as needed services by a Language and Academic Development ("LAD") credentialed teacher to support the special day class teacher to provide writing instruction (*completed and ongoing*);
- Transportation services and Extended School Year in 2017 with Lindamood-Bell (*completed*) and transportation services and Extended School Year in 2018 with Lindamood-Bell or a District program (*ongoing*);
- Coordination with the High School District or with the Student's new school district (in the event that Parent moves out of the District) to provide any remaining Lindamood-Bell services that is owed to her after she transitions to High School or moves out of the District (*not applicable yet*).

A true and correct copy of OAH's Decision by Settlement for J.R. vs. Oxnard School District (OAH Case No. 2016100053) is attached as **Exhibit A** in Plaintiffs' Second

Amended Complaint for Violations of the Individuals with Disabilities of Education Act, 20 U.S.C. §1400, *et seq.*; Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. §794, *et. seq.* ("Second Amended Complaint").

10. On May 12, 2017, OAH issued a Decision in the matter of I.G. v. Oxnard School District (OAH Case No. 2016091036). Pursuant to OAH's decision, OSD has provided or is in the process of providing the Student with the following related and compensatory education services:

- 74 hours of school-based, one-on-one specialized academic instruction outside of the classroom at a rate of one hour per week by the School Resource Specialist (*ongoing*);
- 37 hours of additional home instruction beyond what is provided in his 2016 IEP, by a special education teacher, at a rate of one hour per week by STAR-Haynes (*ongoing*);
- 37 hours of intensive academic instruction through STAR-Haynes (*ongoing*);
- An independent educational evaluation to determine if Student is an appropriate candidate for cognitive behavior therapy to address his anxiety, with treatment recommendations (*in process*).

OAH also ordered the District to provide six hours of training to all Sierra Linda Elementary School general education teaching staff, paraprofessionals, aides, student study team members, school administrators, service providers, counselors, school psychologists, speech and language therapists, and any other staff who work with parents and students on their educational programs. The District completed the six hours of training to school staff at Sierra Linda Elementary on August 14, 2017 and August 22, 2017. A true and correct copy of OAH's Decision for I.G. vs. Oxnard School District (OAH Case No. 2016091036) is attached as **Exhibit C** in Plaintiffs' Second Amended Complaint.

DECLARATION OF LAWRENCE JOE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO CERTIFY CLASS

1    11.    On May 25, 2017, OAH issued a Decision in the matter of M.B. v. Oxnard
2 School District (OAH Case No. 2016100009). Pursuant to OAH's decision, OSD has
3 provided or is in the process of providing the Student with the following related and
4 compensatory education services:

- A comprehensive independent educational evaluation of Student by a licensed educational therapist or comparable agency of Parents' choosing that shall evaluate Student's academic needs at school and determine a reasonable number of compensatory hours needed to assist her in making progress toward grade level (*completed*);
- 72 hours of compensatory academic instruction by a licensed educational therapist or non-public agency of Parent's choosing to be provided for three hours a week for six months (*in process*);
- Independent educational evaluation in autism (*completed*) and occupational therapy (*in process*);
- Reimbursement for Karen Schnee's January 2017 independent evaluation in an amount not to exceed $4,050 (*completed*); and
- 120 hours of speech and language therapy by a nonpublic agency or licensed speech therapist chosen by Parent focusing on Student's IEP goals developed by her team (*in process*).

OAH also ordered the District to provide six hours of training to its staff at Elm Elementary School and Juan L. Soria School on the general principles of the IDEA, including child find procedures, the special education assessment process under the IDEA, the statutory requirements for providing parents with prior written notice and procedural safeguards, and the rights of parents to participate in a meaningful way in developing a child's educational program during the assessment process and at IEP meetings including determining whether the child is eligible for special education. The District completed the six hours of training to school staff at Elm Elementary School and Juan L. Soria School on August 14, 2017 and August 22, 2017. A true and correct copy

8

of OAH's Decision for M.B. vs. Oxnard School District is attached as **Exhibit B** in Plaintiffs' Second Amended Complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 11, 2017, at Glendale, California.

_____
Lawrence Joe