ALBERT ERKEL (SBN 93793)
aerkel@ghslaw.com
NORMA NAVA FRANKLIN (SBN 266827)
nnava@ghslaw.com
JANET LY (SBN 211401)
jly@ghslaw.com
GARCIA HERNANDEZ SAWHNEY, LLP
801 N. Brand Blvd., Suite 620
Glendale, CA 91203
PHONE (213)-347-0210
FAX (213) 347-0216

Attorneys for Defendants Oxnard School District, Cesar Morales, Ernest Morrison, Debra Cordes, Denis O'Leary, Veronica Robles-Solis, and Monica Madrigal Lopez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through her guardian ad litem, Janelle McCammack; M.B., a minor, by and through her guardian ad litem, F.B.; I.G., a minor, by and through his guardian ad litem, M.E., on behalf of themselves and all those similarly situated,<br><br>           Plaintiffs,<br>     v.<br><br>OXNARD SCHOOL DISTRICT; CESAR MORALES, Superintendent of Oxnard School District, in his official capacity; ERNEST MORRISON, President of the Board of Trustees, in his official capacity; DEBRA CORDES, Clerk of the Board of Trustees, in her official capacity; DENIS O'LEARY, Trustee of the Board of Trustees, in his official capacity; VERONICA ROBLES-SOLIS, Trustee of the Board of Trustees, in her official capacity; MONICA MADRIGAL LOPEZ, Trustee of the Board of Trustees, in her official capacity; and DOES 1 TO 10, inclusive<br><br>           Defendant | Case No.: 2:17-cv-04304-JAK-FFM<br><br>**DEFENDANTS' SURREPLY TO PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>[Supporting Declaration of Pablo Ordaz Filed Concurrently]<br><br>Date: January 29, 2018<br>Time: 8:30 a.m.<br>Court: 10B<br>        **First Street Courthouse** |

## I. INTRODUCTION

On December 18, 2017, Plaintiffs, for the first time on reply, raised additional facts and evidence in support of their motion for class certification. Specifically, Plaintiffs filed the Declaration of I.Z., a parent who claims his daughter ("B.Z.") was allegedly deprived of an assessment and/or a 504 plan despite his repeated requests for an assessment.

During the January 29, 2018 hearing on this matter, the Court granted the District an opportunity to file a surreply to respond to I.Z.'s claims. Accordingly, the District submits the declaration of Pablo Ordaz, the principal of B.Z.'s school, Rose Avenue Elementary.

Mr. Ordaz's declaration and the exhibits attached thereto show that, contrary to I.Z.'s declaration, B.Z. had "good reading comprehension skills," "follow(ed) direction," and was a "good independent worker." Neither her teacher nor her mother, who was divorced from I.Z., had any academic concerns regarding B.Z. Instead, B.Z. exhibited leadership skills and confidence, was "self-motivated," and reading at or above grade-level. Indeed, nothing in the documented notes for B.Z.'s three student support team meetings ("SST") indicate that she exhibited signs of a learning disability, including dyslexia or attention deficit disorder as I.Z. claims.

Moreover, contrary to I.Z.'s declaration, he did not request an assessment for B.Z. until November 8, 2017. However, after speaking with B.Z.'s teachers regarding her academic progress, he abandoned this request and requested a 504 plan instead. The claims that I.Z. makes in his declaration are unsupported by any evidence and expressly refuted by documentary evidence produced by Defendants in support of the Declaration of Pablo Ordaz.

The District respectfully requests that the Court disregard I.Z.'s declaration and deny Plaintiff's motion to certify the class.

/ / /

1
DEFENDANTS' SURREPLY TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

## II. ARGUMENT

### A. Contrary to his misrepresentations, I.Z. did not request an assessment for his daughter until November 8, 2017.

In his declaration, I.Z. states, without evidentiary support, that he made a total of 4 requests for assessments for his daughter from 2015-2017. First, he claims that he requested an assessment for his daughter each year "since she was in the first grade in the 2015-2016 school year." Declaration of I.Z. ("I.Z. Decl."), ¶ 4. I.Z. also claims that he requested an assessment on June 10, 2017[1] "to the principal" of his daughter's school, then again in "early November 2017." I.Z. Decl., ¶ 6. Finally, I.Z. claims that he requested a 504 plan for his daughter on December 1, 2017. Id.

In fact, I.Z. did not request an assessment for his daughter until November 29, 2017. Declaration of Pablo Ordaz ("Ordaz Decl."), ¶ 33. Although I.Z. claims in a November 8, 2017 email that he previously requested an assessment for his daughter, Mr. Ordaz has no record of ever receiving an assessment request prior to this date and I.Z. fails to include any evidence in support of his declaration to the contrary.

Moreover, in November 2017, I.Z. cancelled two meetings with the school to develop and provide him with an assessment plan. Ordaz Decl., ¶ 25. Ultimately, I.Z. abandoned his request for an assessment for his daughter. Ordaz Decl., ¶ 28. Instead, after speaking with his daughter's teacher, I.Z. informed Principal Ordaz that he was satisfied with his daughter's academics and behavior. I.Z. stated that he preferred to "only" have a 504 plan in place, rather than an assessment. Ordaz Decl., ¶ 28.

In response to I.Z.'s request for a 504 plan, the school scheduled a meeting with him on December 6, 2017, which he cancelled on less than 24-hours' notice. Ordaz Decl. 29. The school rescheduled this meeting to December 13, 2017. Unfortunately,

---

[1] June 10, 2017 was a Saturday and school was closed. Principal Ordaz does not have any emails or messages from I.Z. requesting a speech assessment or a 504 plan on this day. Declaration of Pablo Ordaz, ¶ 22.

2
DEFENDANTS' SURREPLY TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

this rescheduled meeting had to be rescheduled due to school closures caused by the Thomas Fires. Ordaz Decl. ¶ 29. The meeting was once again rescheduled to January 10, 2018 when I.Z. was presented with an assessment plan for his daughter. I.Z. signed the assessment plan on January 12. 2018 and his daughter was assessed pursuant to this plan. Ordaz Decl., ¶ 30, Exh. I.

### B. Neither school staff nor B.Z.'s mother shared I.Z.'s concerns regarding B.Z.'s academic performance, which was unsupported by three SSTs.

I.Z. claims in his declaration that he was concerned his daughter might have a "disability" or "need special education." I.Z. Decl., ¶ 4. Specifically, I.Z.'s declaration expresses concerns that his daughter has "attention deficit disorder, speech problems (problems expressing herself), or some type of learning disability including dyslexia." I.Z. Decl., ¶ 3. He claims that she "struggles with learning, struggles expressing herself and ideas, has problems retaining information, and struggles to focus and process information." Id. Finally, he claims that she "has trouble staying on task." Id.

However, reports from B.Z.'s teachers and counselors belie I.Z.'s concerns. B.Z. was the subject of three SST meetings held on October 15, 2014, January 23, 2014, and September 16, 2016.

Her October 15, 2014 SST report states that she exhibited "good reading comprehension skills," "follows direction," and is a "good independent worker." Ordaz Decl., Exh. A. At that time, B.Z. was hitting all benchmarks and performing at grade level. Neither her teacher nor her mother had any concerns regarding her academic performance. Id. In fact, B.Z.'s mother indicated that B.Z. has "been advanced and independent since her first years growing up." Id. However, both parents (who are divorced) agreed that B.Z. was shy and had low self-esteem. Id., ¶ 17. In response, the school placed her in a social skills group to assist B.Z. with her shyness. Id.

On January 23, 2015, B.Z. had another SST to monitor her progress in the social skills group. Ordaz Decl., ¶ 18. During this meeting, B.Z.'s teacher stated that she was

3

DEFENDANTS' SURREPLY TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

"more social" as a result of her participation in the group. Id., Exh. B. Her reading comprehension was described as "really good-very accurate" and that she is "overall doing well!" Id. B.Z. would continue to participate in the social skills group for an additional four weeks. Id.

Since there were no additional concerns raised, B.Z. did not have any SSTs the following academic year (2014-2015). Ordaz Decl., ¶ 19. However, in 2016 I.Z. expressed concerns that B.Z. was having "difficulty dealing pressure" and provided the school a medical note indicating that B.Z. was diagnosed with mild scoliosis.[2] Ordaz Decl., ¶ 20. In response to these concerns, an SST was held on September 16, 2016. The SST, once again, stated that there were "no academic concerns" for B.Z., that B.Z. was "a leader… appeared very confident," that B.Z. was "self-motivated," and that she was reading at "grade-level." Id., Exh. C. However, to address I.Z.'s concerns, the school counselor was committed to working with B.Z. on any anxiety issues, the school would remain in communication with parents regarding progress, and the school would provide a series of accommodations for B.Z.'s scoliosis diagnosis. Id. at ¶ 20.

Based on the foregoing, prior to I.Z.'s assessment request on November 8, 2017, there was no basis to to assess B.Z. for special education services. B.Z. was performing at grade-level, exhibiting leadership, improving her social skills, and following directions. More importantly, there was no indication that B.Z. suffered from attention deficit disorder, dyslexia, or any other learning disability that requires an assessment. Ultimately, even I.Z. agreed that an assessment was not necessary in light of B.Z.'s documented academic performance. I.Z. requested a section 504 plan instead.

///
///
///

---

[2] A mild scoliosis is not a "severe orthopedic impairment" as defined by the IDEA that would trigger an assessment. 34 C.F.R. § 300.8.

4
DEFENDANTS' SURREPLY TO PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR CLASS CERTIFICATION

### III. CONCLUSION

The District respectfully requests that the Court disregard the Declaration of I.Z. filed concurrently with Plaintiff's reply brief and deny Plaintiffs' motion to certify the class under Federal Rule of Civil Procedure 23(a).

Dated: February 5, 2017        GARCIA HERNANDEZ SAWHNEY, LLP

By _____
Norma Nava Franklin
Attorneys for Defendants

5
DEFENDANTS' SURREPLY TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION