ALBERT ERKEL (SBN 93793)
aerkel@ghslaw.com
NORMA NAVA FRANKLIN (SBN 266827)
nnava@ghslaw.com
JANET LY (SBN 211401)
jly@ghslaw.com
GARCIA HERNANDEZ SAWHNEY, LLP
801 N. Brand Blvd., Suite 620
Glendale, CA 91203
PHONE (213)-347-0210
FAX (213) 347-0216

Attorneys for Defendants Oxnard School District,
Cesar Morales, Ernest Morrison, Debra Cordes,
Denis O'Leary, Veronica Robles-Solis, and
Monica Madrigal Lopez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through her guardian ad litem, Janelle McCammack; M.B., a minor, by and through her guardian ad litem, F.B.; I.G., a minor, by and through his guardian ad litem, M.E., on behalf of themselves and all those similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>OXNARD SCHOOL DISTRICT; CESAR MORALES, Superintendent of Oxnard School District, in his official capacity; ERNEST MORRISON, President of the Board of Trustees, in his official capacity; DEBRA CORDES, Clerk of the Board of Trustees, in her official capacity; DENIS O'LEARY, Trustee of the Board of Trustees, in his official capacity; VERONICA ROBLES-SOLIS, Trustee of the Board of Trustees, in her official capacity; MONICA MADRIGAL LOPEZ, Trustee of the Board of Trustees, in her official capacity; and DOES 1 TO 10, inclusive<br><br>     Defendants. | Case No.: 2:17-cv-04304-JAK-FFM<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) OR IN THE ALTERNATIVE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Request for Judicial Notice Filed Concurrently]**<br><br>**Date:  February 4, 2019**<br>**Time:  8:30 a.m.**<br>**Court:  10B**<br>   **First Street Courthouse** |

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................1

II.  STATEMENT OF FACTS ..................................................................2

  A.  The third amended complaint does not change Plaintiffs' class definition or the District policy they seek to challenge. ...................................................2

  B.  Plaintiffs' opposition to Defendants' motion to dismiss repeats arguments that Plaintiffs previously asserted and that the District Court rejected on Plaintiffs' first motion for class certification. ...........................................................4

  C.  The District Court gave Plaintiffs' specific instructions regarding amending their complaint to overcome their justiciability problems. .............................5

  D.  Despite multiple assurances that they would do so, Plaintiffs failed to name one class representative who qualified for special education services but whom the District failed to locate, identify, or assess. ...........................................5

  E.  Naming Primero Los Ninos as a class representative fails to cure Plaintiffs' justiciability problem apparent on the face of their third amended complaint. .......6

III.  ARGUMENT....................................................................................8

  A.  The class representatives who have been located, identified, and assessed do not have standing to seek prospective injunctive relief on behalf of students who have not been located, identified, and assessed. ...................................8

  B.  Plaintiffs rely on cases that do not address Article III standing for class representatives..........................................................................11

  C.  PLN cannot be a class representative because it does not allege facts to show that it suffered a direct injury caused by the District's child find policies. .................12

  D.  PLN lacks standing to represent the class on behalf of its members because it fails to meet all factors of *Hunt v. Washington Apple*. .........................................14

1

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF
MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

E.   Plaintiffs fail to allege a claim upon which class wide injunctive relief can be granted...................................................................................................16

IV.   CONCLUSION.......................................................................................17

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Cases

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) ................................................................. 8, 12

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) ............................................................ 8, 11, 12

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ....................................................................... 8

*Czyzewski v. Jevic Holding Corp.*,
  -- U.S. --, 137 S. Ct. 973, 197 L. Ed. 2d 398 (2017) ................................. 13

*D.L. v. District of Columbia*,
  450 F. Supp. 2d 11 13-14 (D.D.C. 2006) ..................................................... 5

*East Bay Sanctuary Covenant v. Trump*,
  --- F.3d ----, 2018 WL 6428204 (9th Cir. 2018) ....................................... 12

*El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*,
  959 F.2d 742 (9th Cir. 1991) ................................................................ 12, 13

*Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*,
  666 F.3d 1216 (9th Cir. 2012) .............................................................. 13, 14

*Gatore v. United States Dep't of Homeland Sec.*,
  327 F. Supp. 3d 76 (D.D.C. 2018) ............................................................. 12

*Havens Realty Corp. v. Coleman*,
  455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed. 2d 214 (1982) ....................... 12, 13

*Johnson v. California*, 543 U.S. 499 (2005) ................................................... 8

*L.J. v. Pittsburg Unified Sch. Dist.*,
  850 F.3d 996 (9th Cir. 2017) ................................................................ 11, 16

*Lewis v. Casey*,
  518 U.S. 343 (1996) ............................................................................... 9, 10

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF
MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

*Lujan v. Defenders of Wildlife,*

   504 U.S. 555, 112 S.Ct. 2130 (1997) ...................................................... 8, 12

*Nat'l Sec. Counselors v. C.I.A.,*

   898 F. Supp. 2d 233 (D.D.C. 2012) ............................................................. 12

*O'Shea v. Littleton,*

   414 U.S. 488 (1974) ...................................................................................... 8

*Parsons v. Ryan,*

   754 F.3d 657 (9th Cir. 2014) ...................................................................... 16

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.,*

   770 F.3d 1282 (9th Cir. 2014) .................................................................... 15

*Spokeo, Inc. v. Robins,*

   -- U.S. --, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ............................... 12

*Timothy O. v. Paso Robles Unified Sch. Dist.,*

   822 F.3d 1105 (9th Cir. 2016) .................................................................... 11

*Valle del Sol, Inc. v. Whiting,*

   732 F.3d 1006 (9th Cir. 2013) .................................................................... 13

*Wal-Mart Stores, Inc. v. Dukes,*

   564 U.S. 338, 131 S.Ct.2541, 180 L.Ed. 2d 374 (2011) ........................... 16

*Walsh v. Nev. Dept. of Human Res.,*

   471 F.3d 1033 (9th Cir. 2006) ................................................................. 8, 11

Other Authorities

Newberg on Class Actions § 2.6 (5th Ed. 2018) ............................................. 8

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF
MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

## I.     INTRODUCTION

Plaintiffs' third amended complaint ("TAC"), like their second amended complaint ("SAC"), fails to plead facts showing that F.S., I.H., W.H., I.B., and Primero Los Ninos ("PLN"), (collectively, "class representatives") possess Article III standing to assert claims on behalf of the class.

Plaintiffs' TAC did not amend the class definition or their claim for class-wide injunctive relief.  Plaintiffs again seek an injunction against the Oxnard School District's ("the District") child find policies.  Plaintiffs also define their class as students "who have or may have disabilities" and who "have been or will be subject to the District's" child find policies.  Rather than amend their class definition or their claim for class-wide relief, Plaintiffs' new allegations contest the appropriateness of F.S., I.H., W.H., and I.B.'s respective assessment.  Specifically, Plaintiffs allege that the District failed to fully "find" F.S., I.H., W.H., and I.B. because it failed to assess them for all known or suspected disabilities.

To properly assert Article III standing, class representatives must allege that they suffer or will suffer an imminent injury.  However, Plaintiffs' TAC concedes that F.S., I.H., W.H., and I.B. have all been identified, located, and assessed by the District.  F.S., I.H., W.H., and I.B. cannot show an imminent injury or that the District's child find policies will harm them again in the future.  Plaintiffs' allegations that the District failed to fully assess F.S., I.H., W.H., and I.B. do nothing to fix Plaintiffs' justiciability problem.  These allegations do not allege that they will suffer future harm due to the District's child find policies.  Accordingly, F.S., I.H., W.H., and I.B., lack Article III standing to assert the class claims.

PLN also lacks Article III standing to serve as a class representative.  The TAC fails to allege facts to indicate that PLN suffered a direct injury due to the District's child find policies.  For instance, the TAC does not include allegations that PLN suffered a diversion of resources or a loss of funding because the District failed to timely identify, locate, and assess its students.  PLN has no direct standing to assert the class claims.

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

PLN also lacks standing to serve as a class representative on behalf of its members. The TAC fails to allege facts showing that PLN can meet the first and third elements of *Hunt*, 432 U.S. 333 (1977). Indeed, Plaintiffs fail to identify any member of PLN who has not been located, identified, and assessed. Plaintiffs' new allegations contesting the appropriateness of the District's assessments also require the participation of PLN's individual class members. Accordingly, PLN cannot serve as class representatives on behalf of its members.

Finally, and in the alternative, Plaintiffs' TAC fails to allege facts upon which class wide injunctive relief may be granted. Plaintiffs' new allegations regarding the appropriateness of District assessments necessarily requires the application of the "snapshot rule." This rule mandates a review of each student's assessment based on information reasonably available to parties at the time of each student's IEP meeting. Accordingly, these allegations cannot be addressed by a single injunction that provides a common answer to the resolution of Plaintiffs' class claims.

## II.    STATEMENT OF FACTS

### A.    The third amended complaint does not change Plaintiffs' class definition or the District policy they seek to challenge.

The TAC does not amend Plaintiffs' class definition. Once again, Plaintiffs define their class as:

> "All students in Oxnard School District who have or may have disabilities and who have been or will be subject to the District's policies and procedures regarding identification and evaluation of students for purposes of providing services or accommodations under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act and/or the Americans with Disabilities Act."

Dkt. 145, TAC, ¶ 198. Plaintiffs' TAC does not further define the alleged class or otherwise define any subclass of Plaintiffs.

Plaintiffs also failed to amend the District policies they seek to challenge. Plaintiffs once again plead that the District "systemically fails to meet" its child find requirements. Dkt. 145, TAC, ¶¶ 3-4.  Plaintiffs re-allege that the District (1) has a "standard policy" to not evaluate or assess its special needs students, (2) relies on an alternative informal Student Success Team ("SST") process to discuss a student's lack of progress, (3) and conducts SST meetings rather than assessments.  Plaintiffs further claim that the SST meetings result in little or no special education services or "empty referrals" that put the onus on parents to secure and pay for their children's special education services.  Dkt. 145, TAC, ¶ 4.

Plaintiffs' request for injunctive relief is therefore limited to a challenge to the District's child find policies, rather than a challenge to the appropriateness of special education services for each student.

On May 9, 2018, at the hearing on Plaintiffs' first Motion for Class Certification, the Court recognized this distinction by stating:

"The proposed class concerns students who have or may have disabilities who have been or will be subjected to the policies and procedures of the district regarding identification and evaluation for purposes of providing services and accommodations.  *It is not about whether the services and accommodations that are provided following an administrative process are adequate.*"

Dkt. 176, Def. Request for Judicial Notice In Support of Defs. Reply to Pls.' Opp'n, (hereinafter, "Request for Judicial Notice"), Ex. A., May 9, 2018 Transcript of Hearing re Plaintiffs Motion for Class Certification ("May 9, 2018 Transcript") 10:18-15 (emphasis added).  Plaintiff's counsel immediately responded, "It's true."  Dkt. 176, Request for Judicial Notice, Ex. A., May 9, 2018 Transcript 10:16.

Accordingly, there is not dispute that the class definition and the challenged policy in Plaintiffs' TAC limit their class claims to the issue of whether the District is properly locating, evaluating, and assessing students with known or suspected disabilities.  See

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF
MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Dkt. 128 June 6, 2018 Order Denying Plaintiffs Motion for Class Certification, p. 9, n. 2 (hereinafter "June 6 Order").

**B.    Plaintiffs' opposition to Defendants' motion to dismiss repeats arguments that Plaintiffs previously asserted and that the District Court rejected on Plaintiffs' first motion for class certification.**

At the May 9, 2018 hearing on Plaintiffs' initial motion for class certification, Plaintiffs' presented two principal standing arguments.  First, Plaintiffs argued that the proposed class representatives at that time, I.G. and M.B., had standing to seek injunctive relief on behalf of the class because the District failed for years to identify them.  Dkt. 176, Request for Judicial Notice, Ex. A., May 9, 2018 Transcript 6:13-20.  Second, Plaintiffs argued that I.G. and M.B. had standing because their individual injuries allegedly stemmed from the District's flawed child find system.  Dkt. 176, Request for Judicial Notice, Ex. A., May 9, 2018 Transcript 8:9-19.

The court rejected these arguments, holding that M.B. and I.G.'s claims were injuries individual to them rather than injuries to the class. Dkt. 176, Request for Judicial Notice, Ex. A., May 9, 2018 Transcript 13:22-14:4;  Dkt. 128 June 6 Order, p. 9, n. 2. Plaintiffs' counsel agreed with the court on this point, stating "The individual remedies (on appeal for M.B. and I.G.) are unique to each student."  Dkt. 176, Request for Judicial Notice, Ex. A., May 9, 2018 Transcript 13:22-14:4.

This notwithstanding, Plaintiffs recycle their arguments in their Opposition to Defendants' current motion to dismiss.  Specifically, Plaintiffs once again argue that the proposed class representatives have standing to assert class claims because (1) their injuries were previously unidentified for years and (2) their alleged injuries are a "consequence" of the District's "systemic child find failure."  Dkt. 168, Pls.' Opp'n to Defs. Mot. to Dismiss, 11:3-10 and n. 4-5.

Plaintiffs' opposition also includes the novel but equally unsuccessful argument that they have standing because they have not been "fully found" due to the District failing to assess them in all areas of known or suspected disabilities.

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF
MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

As discussed in Argument section III B below, each argument fails to confer the class representatives with standing to assert claims on behalf of the defined class.

### C. The District Court gave Plaintiffs' specific instructions regarding amending their complaint to overcome their justiciability problems.

During the May 9, 2018 hearing and in its subsequent order, the Court advised Plaintiffs on possible ways to amend their complaint to meet Article III standing. For instance, if Plaintiffs would have named class representatives whose administrative remedies had not been granted, not yet been determined, or were denied remedies, then Plaintiffs could potentially have standing to assert the class claims. Dkt. 176, Request for Judicial Notice, Ex. A., May 9, 2018 Transcript 6:3-10.

Moreover, in its June 6, 2018 order, the Court also identified as potential class representatives students who qualify for special education services but who had not yet been identified, located, and assessed by the District and who lost their case at the administrative level. See Dkt. 128, June 6, 2018 Order, p. 10 (discussing and distinguishing the case *D.L. v. District of Columbia*, 450 F. Supp. 2d 11 13-14 (D.D.C. 2006).)

The Court also advised Plaintiffs that they should address distinctions among *class members* "including whether their alleged injuries arise from a delay in special education assessments or the failure to provide one." See Dkt. 128, June 6, 2018 Order, p. 10.

Rather than comply with the Court's directives, Plaintiffs added new class representatives in the TAC who, like the class representatives previously identified in the SAC, have all been located, identified, and assessed.

### D. Despite multiple assurances that they would do so, Plaintiffs failed to name one class representative who qualified for special education services but whom the District failed to locate, identify, or assess.

In their prior motion for class certification, Plaintiffs estimated that the District failed to identify, locate, and assess approximately 200 students. See Dkt. 128, June 6, 2018 Order, June 6, 2018 p. 10. This court also found that there were at least 40 members

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

of the proposed class who had yet to be "found", including students identified by one of Plaintiffs' declaring witnesses.  Id.

At the May 9, 2018 hearing, Plaintiffs' counsel assured the Court that Plaintiffs "can absolutely" amend the complaint to include unidentified class representatives whose administrative remedies have not been granted.  Dkt. 176, Request for Judicial Notice, Ex. A., May 9, 2018 Transcript 6:3-10.  Indeed, Plaintiffs' counsel stated, "If standing continues to be a concern for the court, that (they) absolutely will go out and get additional Plaintiffs to add to this case." Id. at 11:23-12:1.

**E.    Naming Primero Los Ninos as a class representative fails to cure Plaintiffs' justiciability problem apparent on the face of their third amended complaint.**

Rather than name one of the 200 students Plaintiffs' alleged the District had yet to find, Plaintiffs attempted to overcome their justiciability problem, in part, by adding membership association PLN as a class representative.

Plaintiffs allege that PLN was formed "to help parents of children with disabilities and/or difficulties learning English understand their rights and how to advocate for their children in light of the District's failure to address the needs of such students."  Dkt. 145, TAC, ¶ 17.  PLN has allegedly assisted these parents by:

   (1)   Providing them with "educational information about their rights;"

   (2)   Providing them with information regarding "procedures for filing complaints on a variety of issues, including special education, language access and school conditions;"

   (3)   Educating them about "their rights to have their children assessed for appropriate disability-based services;"

   (4)   Educating them about "the procedures for challenging the District's failure to conduct… assessments."

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Dkt. 145, TAC, ¶ 186; See also Dkt. 163, Declaration of Claudia Mercado filed In Support of Plaintiffs' Motion for Class Certification.  (hereinafter "Mercado Decl."), ¶¶ 4 and 12.

Plaintiffs define PLN's "mission" as "ensuring that children in the District have appropriate educational services."  Dkt. 145, TAC, ¶ 185; Dkt. 163, Mercado Decl., ¶ 11. Plaintiffs allege that, as part of its mission, PLN:

(1)     Spends a "significant amount of time and resources" responding to "questions and complaints and seeking out referrals and options for advocacy regarding the District's failure to identify and serve the needs of children with disabilities;"

(2)     Spends "considerable time" issuing public records requests to obtain information to "identify relevant data and other public information needed to assess the effectiveness of the District's policies and practices regarding its special education program" including policies and practices related to child find and;

(3)     Hosts events to connect "advocates" with parents "whose children need special education services and have been unable to secure special education assessments from the District."

Dkt. 145, TAC, ¶¶ 186-189; Dkt. 163, Mercado Decl., ¶ 13-15.

Plaintiffs then conclude that the District's policy of "failing to timely identify and thoroughly evaluate" students with known or suspected disabilities "frustrates" PLN's mission.  Dkt. 145, TAC, ¶¶ 185; Dkt. 163, Mercado Decl., ¶ 11.

PLN estimates that "at least twenty members" have been "affected" by the District's failure to timely locate, identify and assess students.  Dkt. 145, TAC, ¶ 191; Dkt. 163, Mercado Decl., ¶ 17.  Despite this allegation, Plaintiffs fail to identify at least one PLN member whom the District has failed to identify, locate, and assess.

/ / /

/ / /

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

### III.    ARGUMENT

**A.    The class representatives who have been located, identified, and assessed do not have standing to seek prospective injunctive relief on behalf of students who have not been located, identified, and assessed.**

Class representatives must show that they "suffered or (are) threatened with a concrete and particularized legal harm" and that there is "a sufficient likelihood that (they) will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

Class representatives "lack standing to sue for injunctive relief from which (they) would not likely benefit." *Walsh v. Nev. Dept. of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates*, 511 F.3d at 985 (citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005). However, Article III standing must be demonstrated at every successive stage of the litigation. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130 (1997). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). The doctrine of standing insists on a relationship between a plaintiff's individual harm and the scope of the claims that the plaintiff seeks to litigate. Newberg on Class Actions § 2.6 (5th Ed. 2018). The scope of harm defines the contours of Plaintiffs' standing and hence the claims. Id.

The scope of the class representatives' harm in this case is different from the harm alleged on behalf of class members not yet found. Indeed, whether the District fails to identify, locate, and assess students in the first place or whether the District's CST/SST process creates a delay in assessments are harms distinct from whether the District should have assessed an individual student for a disability but did not, or whether the District

should have found a student eligible for special education services after an assessment, but did not. The class claims involve the former harms, while the class representatives allege the latter harms as their injuries in fact.

Class representatives lack standing to represent a class when the relief sought by the class fails to redress the class representatives' injuries in fact.  In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court overturned a systemwide injunction against the Arizona Department of Corrections ("ADOC") because the injunction was overbroad and provided a systemwide remedy beyond the necessary relief for the two class representatives.  *Lewis*, 518 U.S. at 360.   Two class representatives asserted class claims on behalf of Arizona prisoners alleging that ADOC denied them services to assist them in accessing the courts.  *Id.* at 346-347.  After a three-month bench trial, the district court found actual injury on the part of only one named Plaintiff who was illiterate.  *Id.* at 358.  This notwithstanding, the District Court ultimately adopted a 25-page injunctive order mandating sweeping systemic changes to ensure that ADOC "provided meaningful access to the Courts for *all present and future prisoners*."  *Id.* at 347 (emphasis added).  Indeed, the injunction granted relief to all prisoners, including prisoners who were on lockdown and prisoners who did not speak English, even though no class representative suffered an injury in fact for being in lockdown or because they did not speak English.

Upon review, the United States Supreme Court addressed whether the class representatives' injuries supported the sweeping systemic injunction in the case.  *Id.* at 357.  Writing for the majority, Justice Scalia held that the class representatives did not have standing to request relief for class members who were on lockdown or who did not speak English.  The Court reasoned that:

> "The actual-injury requirement would hardly serve the purpose… of
> preventing courts from undertaking tasks assigned to the political
> branches… if once a plaintiff demonstrated harm from one particular
> inadequacy in government administration, the court were authorized to
> remedy *all* inadequacies in that administration.  The remedy must of course

be limited to the inadequacy that produced the injury in fact that the plaintiff has established.  This is no less true with respect to class actions than with respect to other suits.  That a suit may be a class action… adds nothing to the question of standing, for even named plaintiffs who represent a class must show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."

*Id.* at 358.  Accordingly, the Court dispensed from the injunction's scope any provisions related to special services or special facilities required by non-English speakers, prisoners on lockdown, and by the inmate population at large.  *Id.* The Court also ultimately determined that system-wide relief was improper because the class representatives' injuries failed to establish any systemwide constitutional violations.  *Id.* at 360.

As in *Lewis*, the class representatives' alleged injuries in this case fail to support Plaintiffs' claims for prospective systemic injunctive relief.  The imminent injuries alleged by the class representatives involve injuries they allegedly suffered after they were "found."  Their remedy must be limited to the inadequacy that produced these injuries in fact.  The inadequacies that produced these injuries in fact are limited to the District allegedly assessing the class representatives for some but not all known or suspected disabilities or improperly finding that some class representatives are not eligible for special education services after assessing them. Like the class representatives in *Lewis*, the class representatives here have no standing to pursue broader systemic injunctive relief related to the District's "child find" policies because they cannot show that they suffer an imminent injury of not being "found" and cannot show that they will be injured by the District's failure to identify, locate and assess them in the future.  Since the class representatives have been found, they have no standing to seek relief on behalf of the class of students who have yet to be found.

Finally, the class representatives' lack of Article III standing is fatal to all class claims, including class claims they assert under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.[1]

## B.   Plaintiffs rely on cases that do not address Article III standing for class representatives.

Plaintiffs argue that the named class representatives have standing to assert claims on behalf of the class because they have at least one disability that the District has failed to "find."  Plaintiffs do not dispute that all class representatives are currently receiving special education services.  However, Plaintiffs argue that the class representatives have not been "fully found" in all areas of known or suspected disabilities.

Plaintiffs rely on *Timothy O. v. Paso Robles Unified Sch. Dist.*, 822 F.3d 1105 (9th Cir. 2016) and *L.J. v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996 (9th Cir. 2017).  Both cases are inapposite.  Neither case involved class claims, a discussion of Article III standing, or a discussion regarding class representatives sharing the same injuries as members of a class.  These cases do not support a finding that class representatives who have "found" will likely suffer from the future harm they seek to enjoin: the District's failure to identify, locate and assess the larger class of students.  See *Bates*, 511 F.3d 974 at 985; *Walsh*, 471 F.3d at 1037.

Plaintiffs attempt to overcome this glaring pleading deficiency by repeating their argument that class representatives have standing because the District waited years to identify, locate, and assess them.  However, past harm does not entitle the class representatives to prospective injunctive relief.  *Gatore v. United States Dep't of*

---

[1] Plaintiffs argue that the court should deny Defendants' motion because Defendants fail to "address" their ADA or Section 504 claims.  Although Plaintiffs seek relief under the ADA and Section 504, the alleged injuries that form the basis for the relief derive from Plaintiffs' allegations that the District violated the IDEA's "child find" provisions.  Accordingly, if the class representatives lack standing to challenge the District's child find policies under the IDEA, they also lack standing to assert their claims based on the same alleged injuries-in-fact under the ADA and Section 504.

11

*Homeland Sec.*, 327 F. Supp. 3d 76, 104 (D.D.C. 2018) (citing, *Nat'l Sec. Counselors v. C.I.A.*, 898 F. Supp. 2d 233, 253 (D.D.C. 2012)).

Plaintiffs also argue, without success, that they have standing because their individual injuries are a consequence of the District's alleged systemic child find problem.  This argument also fails.  To have standing, Plaintiffs must identify at least one class representative who has not been identified, located, and assessed to represent the class of students that Plaintiffs claim have yet to be found. *Bates*, 511 F.3d at 985 (citing *Armstrong*, 275 F.3d at 860.)

Despite representing that at least 200 potential class representatives exist, Plaintiffs fail to meet their burden of identifying at least one individual class representative with standing to assert claims on behalf of the class.

## C.   PLN cannot be a class representative because it does not allege facts to show that it suffered a direct injury caused by the District's child find policies.

Plaintiffs argue that PLN has direct standing to assert the class claims because the District's child find policy has caused PLN injury.

To demonstrate Article III standing, PLN like any other plaintiff must show a "concrete and particularized" injury that is "fairly traceable" to the District's conduct and "that is likely to be redressed by a favorable judicial decision." *East Bay Sanctuary Covenant v. Trump*, --- F.3d ----, 2018 WL 6428204 (9th Cir. 2018) (citing *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540, 1547-48, 194 L. Ed. 2d 635 (2016) (quoting *Lujan*, 504 U.S. at 560.)  Organizations can demonstrate organizational standing by showing that the challenged "practices have perceptibly impaired (their) ability to provide the services (they were) formed to provide." *Id.* at *10 (citing *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review,* 959 F.2d 742, 748 (9th Cir. 1991) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379, 102 S.Ct. 1114, 71 L.Ed. 2d 214 (1982).)

Courts have recognized direct organizational standing when an organization alleges that a policy or practice results in a drain on the organization's resources that

constitutes more than simply a setback to the organization's abstract social interests. *Id.* (citing *Havens Realty*, 455 U.S. at 379).  For example, Courts recognize direct organizational standing when an organization pleads facts alleging that the challenged policy or practice required the organization to divert its resources from its other initiatives. *Id.* (citing to *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review,* 959 F.2d 742, 748 (9th Cir. 1991); see also *Valle del Sol, Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013) (finding organizational standing where the plaintiffs "had to divert resources to educational programs to address its members' and volunteers' concerns about the (challenged) law's effect"); *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC.*, 666 F.3d 1216, 1219 (9th Cir. 2012) (finding organizational standing where the plaintiff responded to allegations of discrimination by "starting new educational and outreach campaigns targeted at discriminatory roommate advertising").  Court's also find direct organizational standing where the organization can demonstrate that the challenged policy or practice will cause it to lose a substantial amount of funding. *Id.* at *12 (citing *Czyzewski v. Jevic Holding Corp.*, -- U.S. --, 137 S. Ct. 973, 983, 197 L. Ed. 2d 398 (2017).)  In contrast, organizations like PLN identify its advocacy efforts or the fulfillment of its core mission as the injury-in-fact lack standing. *Id.* at *11 (citing *Fair Hous. Council*, 666 F.3d at 1226 (Ikuta, J. dissenting).)

Plaintiffs fail to allege any facts regarding PLN suffering a diversion of resources due to the District's alleged failure to timely identify, locate, and assess students with known or suspected disabilities.  Plaintiffs also fail to allege any facts regarding PLN's funding or that PLN will lose funding due to the District's child find policies.[2]

---

[2] In support of their renewed motion for class certification, scheduled for hearing on the same day as this motion to dismiss, Plaintiffs filed the declaration of Claudia Mercado ("Mercado"), the purported "founder" of PLN.  Mercado's declaration failed to offer any evidence regarding PLN's specific programs, PLN's funding, or whether it suffered a diversion of resources.  See Dkt. 163, Mercado Decl.

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

PLN was formed to provide parents with "educational information regarding their rights as well as the procedures for filing complaints on a variety of issues, including special education, language access, and school conditions' issues."  Dkt. 145, TAC, ¶ 27; Dkt. 163, Mercado Decl., ¶ 4. Its central mission is to "ensure that children in the District have appropriate educational services."  Dkt. 145, TAC, ¶ 185; Dkt. 163, Mercado Decl., ¶ 11.  As part of its mission, PLN responds to parent questions and complaints, seeks referrals and options for advocacy regarding the District's child find policy, issues public records requests to obtain information regarding the District's child find policy, and hosts events to connect advocates with District parents.  Dkt. 145, TAC, ¶¶ 186-189; Dkt. 163, Mercado Decl., ¶ 13-15.

Per Plaintiffs' allegations, advancing the District's compliance with the IDEA's child find requirement is part of PLN's core purpose.  PLN's mission is therefore not hampered, and the organization suffers no injury, by advocating that the District timely identify, locate, and assess students or by introducing its members to legal advocates for additional assistance related their child find rights.  See *Fair Hous. Council*, 666 F.3d at 1226 (Ikuta, J. dissenting).  Indeed, Plaintiffs' allege that PLN was formed to "help parents with children with disabilities and/or difficulties learning English understand their rights and how to advocate for their children in light of the District's failure to address the needs of such students." Dkt. 145, TAC, ¶ 17.  This concession, apparent on the face of the complaint, merely alleges PLN's core mission rather than an injury-in-fact sufficient for standing to represent the class.

PLN does not have direct organizational standing to assert claims on behalf of the class.

### D.   PLN lacks standing to represent the class on behalf of its members because it fails to meet all factors of *Hunt v. Washington Apple*.

Plaintiffs also allege that PLN has standing to represent its members as representatives of the class.  However, PLN fails to allege facts sufficient to show that its

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF
MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

members have standing to sue in their own right and that it can assert the class claims without the participation of its individual members.  *Hunt*, 432 U.S. 333.

PLN was formed to provide advocacy, education, and referral to parents of special needs students within the District.  Although PLN allegedly serves only 15-20 members at any given time, Plaintiffs identify only two members – M.Y. and H.V. – who they claim have been affected by the District's "child find policies."  Plaintiffs concede that these members have been identified, located, assessed, and found.  They have no standing to assert claims on behalf of a class of students who have not been identified, located, and assessed.  Since Plaintiffs fail to allege that PLN members have standing to challenge the District's "child find" policies, PLN cannot meet the first *Hunt* factor.

PLN also fails to meet the third factor: the participation of PLN members is necessary to this litigation.  In cases where an association's declaratory relief claim involves more than just pure legal issues, requiring factual inquiry, the Ninth Circuit has held that the association lacked standing. See, e.g., *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc*., 770 F.3d 1282, 1292 (9th Cir. 2014) (finding that the association lacks standing because the participation of the beneficiaries of a healthcare plan was required).

Plaintiffs' challenge to the District's "child find" policies do not involve pure questions of law.  Indeed paragraph 14 of the TAC highlights the factual distinctions among the individual named Plaintiffs.  This paragraph concedes that Plaintiffs "are at different stages of their individual efforts to be identified, evaluated, and provided services."  Moreover, paragraphs 192-193 plead that PLN members have been found but allegedly determined ineligible for special education services.

The TAC alleges variations in Plaintiffs' experiences with securing or obtaining District's special education services.  Because of these multiple variations specific to the individual Plaintiffs, their asserted claims "are not susceptible to judicial treatment as systemic policy violations that… make extensive individual participation unnecessary." *Spinedex*, 770 F.3d at 1294.

### E.    Plaintiffs fail to allege a claim upon which class wide injunctive relief can be granted.

To obtain class wide injunctive relief, Plaintiffs must prove by a preponderance of admissible evidence that there are common questions of law or fact common to the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct.2541, 180 L.Ed. 2d 374 (2011); *Parsons v. Ryan*, 754 F.3d 657, 674-675 (9th Cir. 2014).  Plaintiffs must demonstrate that the class members have suffered the same *injury*, and not merely that they have all suffered a violation of the same law.  *Id.*  The class claims must "depend upon a common contention" that is "of such nature that it is capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.*  "What matters to class certification is not the raising of common 'questions' – even in droves – but rather the capacity of a class wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.*

Plaintiffs' allegations that the class representatives were assessed for some but not all known or suspected disabilities puts at issue the appropriateness of the District's assessment and eligibility determination for each class representative. *L.J. v. Pittsburg Unified,* 850 F.3d at 1004.  District courts must analyze these challenged eligibility determinations by applying the "snapshot rule:" reviewing the District's assessments based on information reasonably available to the parties at the time of each student's IEP meeting.  *Id.*  Accordingly, the class representatives' allegations challenge specific decisions tied to specific students at the time of each students' IEP.  The appropriateness of the class representatives' assessments cannot be addressed by a single injunction and will not generate "common answers apt to drive the resolution of the litigation."

Defendants respectfully request that this Court dismiss Plaintiffs' claims for prospective injunctive relief with prejudice.

/ / /

/ / /

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

## IV.  CONCLUSION

For all foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion to dismiss.

Dated: December 17, 2018                    GARCIA HERNANDEZ SAWHNEY, LLP

By: _____
Norma Nava Franklin
Attorneys for Defendants
Oxnard School District, Cesar Morales,
Ernest Morrison, Debra Cordes,
Denis O'Leary, Veronica Robles-Solis, and
Monica Madrigal Lopez

17

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 17, 2018, I caused a true and correct copy of the foregoing **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) OR IN THE ALTERNATIVE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for all parties.

Dated: December 17, 2018          By:          /s/Norma Nava Franklin