ALBERT ERKEL (SBN 93793)
aerkel@ghslaw.com
NORMA NAVA FRANKLIN (SBN 266827)
nnava@ghslaw.com
JANET LY (SBN 211401)
jly@ghslaw.com
GARCIA HERNANDEZ SAWHNEY, LLP
801 N. Brand Blvd., Suite 620
Glendale, CA 91203
PHONE (213)-347-0210
FAX (213) 347-0216

Attorneys for Defendants Oxnard School District,
Cesar Morales, Ernest Morrison, Debra Cordes,
Denis O'Leary, Veronica Robles-Solis, and
Monica Madrigal Lopez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through her guardian ad litem, Janelle McCammack, et al,<br><br>                    Plaintiffs,<br><br>          v.<br><br>OXNARD SCHOOL DISTRICT; CESAR MORALES, Superintendent of Oxnard School District, in his official capacity; ERNEST MORRISON, President of the Board of Trustees, in his official capacity; DEBRA CORDES, Clerk of the Board of Trustees, in her official capacity; DENIS O'LEARY, Trustee of the Board of Trustees, in his official capacity; VERONICA ROBLES-SOLIS, Trustee of the Board of Trustees, in her official capacity; MONICA MADRIGAL LOPEZ, Trustee of the Board of Trustees, in her official capacity; and DOES 1 TO 10, inclusive<br><br>                    Defendant | Case No.: 2:17-cv-04304-JAK-FFM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Request for Judicial Notice and Proposed Order Filed Concurrently]**<br><br>**Date:  June 17, 2019**<br>**Time:  8:30 a.m.**<br>**Court:  10B**<br>          **First Street Courthouse** |

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE JOHN A. KRONSTADT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 17, 2019 at 8:30 a.m., or as soon thereafter as the matter may be heard before Courtroom 10B of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants Oxnard School District, Cesar Morales, Ernest Morrison, Debra Cordes, Denis O'Leary, Veronica Robles-Solis, and Monica Madrigal Lopez (collectively, "Defendants") will move this court to dismiss Plaintiffs' Fourth Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants move to dismiss claims alleged by Plaintiffs M.B., I.G., and Primero Los Niños ("PLN") for lack of subject matter jurisdiction. Plaintiffs M.B. and I.G. repeat claims previously resolved by this Court's rulings on their respective administrative appeals. Defendants request that the Court dismiss the allegations repeated in the Fourth Amended Complaint, and which this court previously considered and adjudicated in its rulings on M.B.'s and I.G.'s respective administrative appeals.

In addition, associational Plaintiff Primero Los Niños ("PLN") lacks direct or associational standing to assert class claims alleged in the Fourth Amended Complaint. Once again, PLN repeats allegations that this court previously deemed insufficient to confer it with Article III standing. PLN fails to allege that the District caused it financial harm or caused it to divert resources from its core mission of advocating for students' special education services. PLN also fails to allege that the District caused injury to any of its members or that it otherwise satisfied each element of *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 97 S. Ct. 2434, 53 L.Ed. 2d 383 (1977). Defendants request that the Court dismiss PLN because it lacks Article III standing.

Defendants also move to dismiss Plaintiffs A.E., M.L., D.C., F.S., W.H., and I.B, and their individual and class claims. Thee Plaintiffs failed to exhaust their administrative remedies under the Individuals with Disabilities Education Act ("IDEA")

1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

prior to filing the Fourth Amended Complaint. The IDEA's comprehensive administrative complaint procedure requires Plaintiffs to first assert their claims with the Office of Administrative Hearings ("OAH").  Plaintiffs' Fourth Amended Complaint concedes that A.E., M.L., D.C., F.S., W.H., and I.B. failed to exhaust administrative remedies.  Although Plaintiffs' allege that their claims fall within one of three exceptions to the IDEA's exhaustion requirement, Plaintiffs' Fourth Amended Complaint fails properly establish that exhaustion would be futile, that the District's child find policies are contrary to law and that the OAH could not provide Plaintiffs with adequate relief.  A.E., M.L., D.C., F.S., W.H., and I.B. fail to state claims upon which relief can be granted because they failed to exhaust administrative remedies on their individual and class claims.  Defendants request that the Court dismiss these Plaintiffs and their claims.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel which took place on March 20, 2019.

This Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Request for Judicial Notice filed herewith, the pleadings and papers filed herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: April 30, 2018

Respectfully Submitted,
GARCIA HERNANDEZ SAWHNEY, LLP

By_____

Norma Nava Franklin
Attorneys for Defendants
Oxnard School District, Cesar Morales,
Ernest Morrison, Debra Cordes,
Denis O'Leary, Veronica Robles-Solis, and
Monica Madrigal Lopez

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   STATEMENT OF FACTS .......................................................................2

   A.   Plaintiffs repeat allegations that the District denies its students FAPE by
        "systemically" failing to timely locate, identify and evaluate them. ....................2

   B.   Plaintiffs' ADA claim, Section 504 claim, and requested relief for compensatory
        educational services are based on the District's alleged denial of FAPE under the
        IDEA. ............................................................................................3

   C.   The Court heard argument and ruled on Plaintiff M.B. and I.G.'s appeals............3

   D.   Plaintiffs repeat nearly identical allegations that the Court found insufficient to
        confer standing on organization Primero Los Niños. ...............................4

   E.   Plaintiffs admit that they failed to exhaust administrative remedies. ...................5

   F.   Plaintiffs' representations to this Court belie their allegations that a systemic
        child find problem exists or that it would be futile to exhaust administrative
        remedies. ........................................................................................7

III.  LEGAL STANDARDS FOR MOTION TO DISMISS PURSUANT TO FED. R.
      CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6). ....................................8

IV.   Plaintiffs M.B., I.G., and Primero Los Niños lack standing to assert the claims
      alleged in the Fourth Amended Complaint. .............................................9

   A.   M.B. and I.G. lack standing to re-allege claims that this Court resolved when
        ruling on their respective appeals. .......................................................9

   B.   Primero Los Niños lacks standing to assert the alleged class claims for injunctive
        relief under the IDEA..........................................................................9

      i.  Primero Los Niños lacks direct associational standing to assert the class claims. ..10

      ii. Primero Los Niños lacks associational standing to assert the class claims.............12

V.    AE, ML, DC, WH, IB, and FS should be dismissed because they fail to state
      claims upon which relief can be granted. ...............................................13

1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT

A.    The IDEA requires Plaintiffs to first exhaust the statute's comprehensive administrative complaint procedure before seeking judicial review of the District's alleged denial of FAPE. ........................................................................13

i.  The administrative process affords Plaintiffs an appropriate forum to seek relief for their alleged denial of FAPE. ..................................................................15

ii. Plaintiffs fail to raise a purely legal challenge to the District's child find policies to establish that the policies are "contrary to law." ......................................................17

iii.   Plaintiffs should exhaust administrative remedies notwithstanding their requests for declaratory and injunctive relief. ......................................................................19

B.    Plaintiffs were also required to exhaust their administrative remedies before requesting relief under the ADA and Section 504. ...............................................21

VI.   CONCLUSION ..........................................................................................................21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Cases

*A.P. ex. rel. Powers v. Woodstock Bd. of Educ.*, 572 F.Supp. 2d 221, n. 2 (D. Conn 2008) ................................................................................................................. 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................... 9

*Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. Cal.*,
   159 F.3d 1178 (9th Cir. 1998) ....................................................... 12

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ........................................................... 9

*Bell Atl. Corp. v. Twombly*,
   550 US 544, 127 S. Ct. 1955, (2007) ........................................... 12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................... 9

*Beth v. Carroll*,
   87 F.3d 80 (3rd Cir. 1996) ............................................................ 19

*Black Faculty Ass'n of Mesa Coll. V. San Diego Cmty. Coll. Dist.*,
   664 F.2s 1153 (9th Cir. 1981) ...................................................... 12

*Chandler v. State Farm Mutual Automobile Insurance Company*,
   598 F.3d 1115 (9th Cir. 2010) ........................................................ 8

*Columbia Basin Apt. Ass'n v. City of Pasco*,
   268 F.3d 791 (9th Cir. 2001) ........................................................ 12

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ......................................................... 9

*Covenant v. Trump*,
   909 F.3d 1219 (9th Cir. 2018) ...................................................... 10

*Czyzewski v. Jevic Holding Corp.*,
   -- U.S. --, 137 S. Ct. 973, 197 L. Ed. 2d 398 (2017) ................... 11

1

*Daniels-Hall v. Nat'l Educ. Ass'n*,

   629 F.3d 992 (9th Cir. 2010) ........................................................................ 9

*Doe v. Arizona Dept. of Educ.*,

   111 F.3d 678 (9th Cir. 1997) ........................................................ 15, 16, 17

*El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*,

   959 F.2d 742 (9th Cir. 1991) ..................................................................... 10

*Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC.*,

   666 F.3d 1216 (9th Cir. 2012) ................................................................... 11

*Fry v. Napoleon Cmty. Sch.*,

   137 S. Ct. 743 (2017); *S.B.*, 327 F.Supp. 3d at 1244 (citing 20 U.S.C. § 1415.) ..... 13, 21

*Havens Realty Corp. v. Coleman*,

   455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed. 2d 214 (1982) .............................. 10

*Heldmen v. Sobol*,

   962 F.2d 148 (2d Cir. 1992) ...................................................................... 19

*Hoeft v. Tucson Unified School Dist.*,

   967 F.2d 1298 (1992) ........................................13, 14, 15, 17, 18, 19, 20

*Hunt v. Washington Apple Advertising Comm'n*,

   432 U.S. 333, 97 S. Ct. 2434, 53 L.Ed. 2d 383 (1977) ........................... 1, 12

*International Union, United Automotive, Aerospace & Agricultural Implement Workers*

   *of America v. Brock*,

   477 U.S. 274, 106 S.Ct. 2523 (1986) ........................................................ 12

*J.G. v. Board of Educ.*,

   830 F.2d 444 (2d Cir. 1987) ...................................................................... 19

*Kokkonen v. Guardian Life Ins. Co.*,

   511 U.S. 375, 114 S. Ct. 1673 (1994) ......................................................... 8

*LaDuke v. Nelson*,

   762 F.2d 1318 (9th Cir. 1985) ..................................................................... 8

*McCarthy v. Madigan*,

   503 U.S. 140, 112 S.Ct. 1081 (1992) ....................................................... 14

2

*Navarro v. Block*,

   250 F.3d 729  (9th Cir. 2001)........................................................................8

*Nelsen v. King Cty.*,

   895 F.2d 1248 (9th Cir. 1990)....................................................................8

*Paul G. v. Monterey Peninsula Unified Sch. Dist.*,

   2018 WL 2763302 *5 (N.D. Cal. 2018)....................................................21

*S.B. v. California Dept. of Educ.*,

   327 F.Supp.3d 1218 (E.D. Cal. 2018)......................................13, 14, 15, 17

*Schwarz v. United States*,

   234 F.3d 428 (9th Cir. 2000).......................................................................9

*Smith v. Robinson*,

   468 U.S. 992, 04 S.Ct. 3457 (1984) .........................................................13

*Spinedex Physical Therapy USA Inc. V. United Healthcare of Arizona, Inc.*,

   770 F.3d 1282 (9th Cir. 2014)...................................................................13

*Spokeo, Inc. v. Robins*,

   -- U.S. --, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)..............................10

*St. Clair v. City of Chico*,

   880 F.2d 199 (9th Cir. 1989) ......................................................................8

*Valle del Sol, Inc. v. Whiting*,

   732 F.3d 1006 (9th Cir. 2013)...................................................................10

*White v. Lee*,

   227 F.3d 1214 (9th Cir. 2000).....................................................................8

Statutes

20 U.S.C. § 1415 ..................................................................................13, 14

20 U.S.C. § 1415(i)(2)(A) ...........................................................................14

20 U.S.C. §§ 1401 ........................................................................................14

34 C.F.R. § 300.307 .....................................................................................18

34 C.F.R. § 300.516 .....................................................................................14

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT

Cal. Educ. Code § 56504.5 ................................................................14

Cal. Educ. Code § 56505 ...................................................................14

Cal. Gov't Code § 27727 ..................................................................14

Fed. R. Civ. P. 12 .......................................................................1, 8

4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants the Oxnard School District ("The District"), Cesar Morales, Ernest Morrison, Debra Cordes, Denis O'Leary, Veronica Robles-Solis, and Monica Madrigal Lopez (collectively, "Defendants") submit this memorandum of points and authorities in support of their Motion to Dismiss Plaintiffs' Fourth Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## I.     INTRODUCTION

Plaintiffs' Fourth Amended Complaint fails to cure Plaintiffs' pleading deficiencies.  Plaintiffs M.B., I.G., and Primero Los Niños ("PLN") lack Article III standing to assert their claims.  This deficiency is apparent on the face of the Fourth Amended Complaint.

Plaintiffs M.B. and I.G. repeat claims previously resolved by this Court's rulings on their respective administrative appeals.  Defendants request that the Court dismiss the allegations that M.B. and I.G. repeat in the Fourth Amended Complaint, and which this court previously considered and adjudicated.

PLN should also be dismissed because it lacks standing to assert the class claims alleged in the Fourth Amended Complaint.  Once again, PLN repeats allegations that this court previously deemed insufficient to confer it with Article III standing.  Specifically, PLN fails to allege that the District caused it financial harm or caused it to divert resources from its core mission of advocating for students' special education services.  PLN also failed to allege that the District caused injury to any of its members or that it otherwise satisfied each element of *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 97 S. Ct. 2434, 53 L.Ed. 2d 383 (1977).  Since PLN cannot allege an injury in fact, it lacks Article III standing and should be dismissed from this action.

In addition, Plaintiffs A.E., M.L., D.C., F.S., W.H., and I.B fail to state individual and class claims upon which relief can be granted.  The comprehensive administrative complaint procedure outlined in the Individuals with Disabilities Education Act

1

("IDEA") requires Plaintiffs to first assert their claims with the Office of Administrative Hearings ("OAH").  Plaintiffs' Fourth Amended Complaint concedes that A.E., M.L., D.C., F.S., W.H., and I.B. failed to exhaust administrative remedies.  Although Plaintiffs' allege that their claims fall within one of three exceptions to the IDEA's exhaustion requirement, Plaintiffs' Fourth Amended Complaint fails properly establish that exhaustion would be futile, that the District's child find policies are contrary to law and that the OAH could not provide Plaintiffs with adequate relief for the District's alleged denial of a Free Appropriate Public Education ("FAPE").  Defendants request that the court dismiss A.E., M.L., D.C., F.S., W.H., and I.B.'s claims because they failed to exhaust their administrative remedies.

## II.   STATEMENT OF FACTS

### A. Plaintiffs repeat allegations that the District denies its students FAPE by "systemically" failing to timely locate, identify and evaluate them.

The gravamen of Plaintiffs' Fourth Amended Complaint is an allegation that the District denies its students FAPE by failing to timely locate, identify, and asses its students.  Doc. 232, Fourth Amended Complaint ("Fourth AC"), ¶¶ 4-5, 182-198.  As in their prior pleadings, Plaintiffs once again allege that the District's failure to meet its child find obligation is "widespread and systemic."  Fourth AC, ¶¶ 4-5, 23; Request for judicial notice ("RJN"), Ex. A, Third Amended Complaint ("TAC"),  ¶¶ 3-4.  According to Plaintiffs, the District has a "standard policy" to not assess students that it suspects require special education services.  Fourth AC, ¶ 5; RJN, Ex. A, TAC, ¶ 4.  Plaintiffs repeat their claim that:

> "The District staff either do nothing or rely on an alternate but illegal system the District has developed for using informal Student Success Teams ("SSTs") to discuss a student's lack of progress.  These SST meetings, which exist under no education law, are provided *instead of* mandatory referrals for assessments, and result in little or no special education services or empty referrals that put the onus on parents to secure and pay for services for their children."

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

Fourth AC, ¶ 5; RJN, Ex. A, TAC, ¶ 4.  Plaintiffs also re-allege the same class definition as in their prior pleadings.  They define the class as:

> "All students in Oxnard School District who have or may have disabilities and who have been or will be subject to the District's policies and procedures regarding identification and evaluation of students for purposes of providing services or accommodations under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act and/or the Americans with Disabilities Act."

Fourth AC, ¶ 179; RJN, Ex. A, TAC, ¶ 198.  Once again, Plaintiffs fail to allege subclasses or further define the class.

## B. Plaintiffs' ADA claim, Section 504 claim, and requested relief for compensatory educational services are based on the District's alleged denial of FAPE under the IDEA.

As with their prior pleadings, Plaintiffs once again request relief under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), in addition to seeking relief under the IDEA.  Although Plaintiffs seek relief under these distinct statutes, the alleged injury that they claim violates each statue is the same: the District denied Plaintiffs FAPE by failing to meet its child find obligations.  See Fourth AC, ¶¶ 199 and 211 (incorporating by reference all prior allegations related to a denial of FAPE under Plaintiffs ADA and Section 504 claims).  Plaintiffs' Fourth Amended Complaint does not allege any non-FAPE claims under the ADA or Section 504 causes of action.  As a remedy for their alleged denial of FAPE, Plaintiffs A.E., M.L., D.C., M.B., I.G., F.S., W.H., and I.B. seek compensatory educational services, among other remedies.  Fourth AC, Prayer for Relief, ¶ 3.

## C. The Court heard argument and ruled on Plaintiff M.B. and I.G.'s appeals.

On February 4, 2019, the Court heard argument on the appeals of Plaintiffs M.B. and I.G.  The Court ordered the parties to a settlement conference regarding the issues

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

raised in M.B.'s appeal.  If the parties fail to resolve the matter at a settlement conference, the Court agreed to remand M.B.'s case to the OAH for further hearing on any remaining issues.  Fourth AC, ¶ 104, n. 2; RJN, Ex. I, February 4, 2018 Civil Minute Order.[1]

On February 15, 2019, the Court issued a ruling denying I.G.'s appeal and fully resolving the claims.  Fourth AC, ¶ 132, n. 3; RJN, Ex. H, February 15, 2019 Order re Plaintiffs' Appeal of Order of Administrative Law Judge (I.G.) (hereinafter "I.G. Appeal Order"),

Despite this Court's resolution of these matters, Plaintiffs unnecessarily repeat M.B.'s and I.G.'s allegations, and once again request compensatory educational services notwithstanding the Court's most recent rulings remanding or otherwise disposing of their appeals.  Fourth AC, ¶¶ 12-13, 19, 24-25, 66-104, 106-132 and Prayer For Relief, ¶ 3.

### D. Plaintiffs repeat nearly identical allegations that the Court found insufficient to confer standing on organization Primero Los Niños.

Plaintiffs' Fourth Amended Complaint, once again, includes association PLN as a party.  PLN's membership includes "parents of children with disabilities and/or difficulties learning English" who attend the District.  Fourth AC, ¶ 32; RJN, Ex. A, TAC, ¶ 17.  PLN's core mission includes providing its members with educational support related to special education services at the District.  Fourth AC, ¶ 33; RJN, Ex. A, TAC, ¶ 27.  PLN has monthly meetings that attract an average of 10 to 12 members, and also holds informational meetings with specific families "about their children's educational rights."  Fourth Amended Complaint, ¶ 167, RJN, Ex. A, TAC, ¶ 183.  At any given time, PLN serves between 15-20 members.  Id.

---

[1] The settlement conference is currently scheduled for Thursday May 2, 2019 with Magistrate Judge Walsh.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

1    Plaintiffs once again allege that the District's child find policies "frustrate" PLN's
2    mission.  Fourth AC, ¶ 169; RJN, Ex. A, TAC, ¶ 183.  Plaintiffs, however, concede that
3    advocating for special education services is one of several components of PLN's core
4    mission.  Fourth AC, ¶ 169.

5        In an unsuccessful effort to establish standing, Plaintiffs for the first time claim
6    that PLN's recent focus on the special education aspect of its core mission makes it more
7    challenging for the organization to address "other issues" that are also central to its
8    mission.  Id.  Plaintiffs, once again, claim that PLN's mission is "frustrated" in three
9    ways: (1) it devotes its time and resources to answering questions and addressing parent
10   complaints, (2) it has formally requested public records from the District to monitor the
11   District's "policies and practices regarding its special educational program" including its
12   "child find" policies and (3) it has "hosted events" to introduce "advocates" to parents
13   with special needs children who have not been able to secure special education at the
14   District.  Fourth AC ¶¶ 171-173, RJN, Ex. A, TAC, ¶¶ 187-189.

15       Plaintiffs estimate that approximately "20 members" of PLN have been affected
16   by the District's "child find" policies."  Fourth AC ¶ 175, RJN, Ex. A, TAC, ¶ 191.
17   Plaintiffs, however, fail to identify any member of PLN that has purportedly been
18   harmed by these policies.

19        **E. Plaintiffs admit that they failed to exhaust administrative remedies.**

20       Plaintiffs' concede that A.E., M.L., D.C., W.H., and I.B. failed to exhaust
21   administrative remedies by failing to first seek relief with the OAH.  Fourth AC, ¶ 176
22   (stating that it would have been futile to attempt to seek relief from the OAH since the
23   OAH dismissed Primero Los Niños and F.S.'s claims for systemic relief); see also Fourth
24   AC, ¶ 23 (stating that "the administrative system cannot afford Plaintiffs complete relief
25   given the nature of the systemic problems in the District.")  In other filings with the
26   Court, Plaintiffs have argued that "it would be impossible for named plaintiffs to prevail
27   at OAH on their own systemic or class claims regarding these policies and procedures –
28

5

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT

and any further attempts by them to administratively exhaust such claims would be futile."  RJN, Ex. C, Pls. Opp'n to Defs.' Ex Parte Application, 4:8-11.

In addition, Plaintiffs' counsel represented to this Court that exhausting administrative remedies would jeopardize their Article III standing.  Specifically, Plaintiffs' counsel stated:

> "The requirement that we exhaust administrative remedies means that (Plaintiffs) are identified to the District.  And this is a point that we made in our papers, that for each of the named Plaintiffs, once a due process complaint was filed, the District then commenced its evaluation process. And, therefore, we can't just add somebody to the complaint and not seek services for them on an individual basis, you know, due to our obligations to them as clients."

RJN, Ex. G, February 4, 2019 Reporter's Transcript, 9:24-10:8.  Plaintiffs also stated that exhaustion was something that they "could do" but claimed that it was not "necessary… given the injuries that the Plaintiffs in the operative complaint have suffered."  RJN, Ex. G, February 4, 2019 Reporter's Transcript, 11:1-6.

Plaintiff F.S. also failed to exhaust her administrative remedies as to her requested relief for compensatory educational services alleged in this action.  Plaintiffs allege that the OAH heard F.S.'s individual claims on October 31, 2019.  Fourth AC, ¶ 176. However, Plaintiffs omit the fact that the OAH only considered the sole question of whether the District failed to meet its child find obligation to F.S.  RJN, Ex. E, OAH Pre-Hearing Conference Order in *In re Parents on Behalf of Student (F.S.) v. Oxnard Sch. Dist.,* OAH Case No. 2018090070 ("Pre-Hearing Conference Order"), October 12, 2018, ¶ 2; RJN, Ex. F; OAH, Decision in *In re Parents on Behalf of Student (F.S.) v. Oxnard Sch. Dist.,* OAH Case No. 2018090070 ("F.S. Decision"), November 13, 2018. F.S.'s administrative complaint did not plead or place at issue her right to compensatory educational services.  F.S. only requested declaratory and injunctive relief from the

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

OAH as a remedy for her harm.[2]  RJN, Ex. J, F.S. Due Process Complaint for Systemic Declaratory and Injunctive Relief in *In re Parents on Behalf of Student (F.S.) v. Oxnard Sch. Dist.,* OAH Case No. 2018090070 ("Due Process Complaint").  Accordingly, F.S. failed to exhaust her remedies with respect to the compensatory educational services she now seeks in this action.

### F.  Plaintiffs' representations to this Court belie their allegations that a systemic child find problem exists or that it would be futile to exhaust administrative remedies.

Although Plaintiffs allege that the District fails to systemically locate, identify and assess its students, Plaintiffs concede that the District does, in fact, assess its students. For instance, Plaintiffs concede that the District found and assessed plaintiffs W.H. and I.B. prior to their filing a complaint in this action, but contend that their assessments were incomplete because the District ultimately failed to find W.H. and I.B. eligible for special education services.  Fourth AC, ¶¶ 131, 155, and 164; see also RJN, Ex. A, TAC, ¶¶ 162-163 (Stating that former Plaintiff I.H.'s assessment was incomplete but conceding that the District was providing special education services to I.H. prior to the filing of the Third Amended Complaint.)

Plaintiffs also repeatedly admit that the District is prompt to offer assessments once it discovers that it failed to "find" its students.  In discussing the difficulty of finding a Plaintiff with Article III standing, Plaintiffs' counsel stated:

> "The reason is, that in order to determine if they need to be identified, we need to get public records from the District.  And so we submit a public

---

[2] The ALJ's pre-hearing conference order notes a verbal request by F.S.'s counsel at the pre-hearing conference "that she be found eligible for special education, that she receive independent assessments if Oxnard's assessments are found to be inadequate, and that she receive compensatory education."  RJN, Ex. E, OAH Pre-Hearing Conference Order, ¶ 2.  However, because she failed to place these requested remedies at issue in her due process complaint, the ALJ's pre-hearing conference order states: "Student was advised at the PHC that in her final briefing she will need to demonstrate legal entitlement to those remedies."  Id.  Ultimately, the ALJ issued a ruling on the sole question regarding the District's child find obligations and failed to consider any issue regarding F.S.'s right to compensatory educational services.  RJN, Ex. F, F.S. Decision.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

records request.  This identifies the student to the District and the District initiates a process, which we argue would not occur unless we were involved."

RJN, Ex. G, February 4, 2019 Reporter's Transcript, 20:13-18.  Plaintiffs' counsel even refused to disclose the identities of A.E., M.L., and D.C. to the District prior to filing the Fourth Amended Complaint because they admittedly did not want the District to immediately offer assessment plans.  RJN, Ex. C, Pls. Opp'n to Defs.' Ex Parte Application, 8:16-24; RJN Ex. D, Declaration of Stuart Seaborn in support of Pls. Opp'n to Defs.' Ex Parte Application, ¶ 5.  Indeed, the District provided A.E., M.L., and D.C. assessment plans "within days" of discovering their identity from the Fourth Amended Complaint.  RJN, Ex. C, Pls. Opp'n to Defs.' Ex Parte Application, 8:25-9:1, n. 4 and 9:10-13, n. 5.

### III.   LEGAL STANDARDS FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges jurisdictional defects apparent from the face of a complaint.  Article III, Section 2 of the Constitution limits the federal judicial power to "cases" or "controversies.  Accordingly, Article III standing, "is a jurisdictional element that must be satisfied prior to class certification." *Nelsen v. King Cty.*, 895 F.2d 1248, 1249 (9th Cir. 1990) (quoting *LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985)).  The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Chandler v. State Farm Mutual Automobile Insurance Company*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673 (1994).) Because standing pertains to a district court's subject matter jurisdiction, it is properly raised in a Rule 12(b)(1) motion to dismiss. *Id.* (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) and *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A party may

bring a motion to dismiss based on the lack of a cognizable legal theory or when a complaint fails to contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). While a court generally accepts as true all material factual allegations in the complaint, a court need not accept as true any alleged facts that contradict matters that may be judicially noticed by the court. *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nor is a court required to accept allegations that are merely unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

For purposes of a Rule 12(b)(6) motion, courts can take judicial notice of material incorporated into the complaint or matters of public record. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

### IV. Plaintiffs M.B., I.G., and Primero Los Niños lack standing to assert the claims alleged in the Fourth Amended Complaint.

#### A. M.B. and I.G. lack standing to re-allege claims that this Court resolved when ruling on their respective appeals.

On February 4, 2019, the Court remanded M.B.'s administrative appeal to the OAH for further resolution. On February 15, 2019, the Court denied I.G.'s appeal and fully resolved the claims asserted. Despite these rulings, Plaintiffs re-allege the same claims addressed by this Court. Plaintiffs no longer have an injury in fact as to these claims. Defendants request that the Court dismiss M.B.'s and I.G.'s repeated claims that the court previously resolved in is February 4, 2019 and February 15, 2019 rulings.

#### B. Primero Los Niños lacks standing to assert the alleged class claims for injunctive relief under the IDEA.

Plaintiffs, once again, fail to allege sufficient facts to show that PLN has either direct or associational standing to seek injunctive relief against the District on behalf its members or on behalf of any class.

9

### i.   Primero Los Niños lacks direct associational standing to assert the class claims.

Plaintiffs argue that PLN has direct standing to assert the class claims because the District's child find policy has caused PLN injury.  Specifically, Plaintiffs allege that the District's failure to meet its child find obligations has required PLN to devote its limited time and resources to the special education aspect of its core mission rather than "other issues" that are also central to its mission.  Fourth AC, ¶169.  These allegations are insufficient to confer PLN with direct organizational standing.

To demonstrate Article III standing, PLN like any other plaintiff must show a "concrete and particularized" injury that is "fairly traceable" to the District's conduct and "that is likely to be redressed by a favorable judicial decision."  *East Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1240 (9th Cir. 2018) (citing *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540, 1547-48, 194 L. Ed. 2d 635 (2016).)  Organizations can demonstrate organizational standing by showing that the challenged "practices have perceptibly impaired (their) ability to provide the services (they were) formed to provide."  *Id.* at 1241 (citing *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review,* 959 F.2d 742, 748 (9th Cir. 1991) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379, 102 S.Ct. 1114, 71 L.Ed. 2d 214 (1982).)

Direct organizational standing exists when an organization alleges that a policy or practice results in a drain on the organization's resources that constitutes more than simply a setback to the organization's abstract social interests.  *Id.* (citing *Havens Realty*, 455 U.S. at 379).  Courts recognize direct organizational standing when an organization pleads facts alleging that the challenged policy or practice required the organization to divert its resources from its core mission.  *Id.* (citing to *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review,* 959 F.2d 742, 748 (9th Cir. 1991); see also *Valle del Sol, Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013) (finding organizational standing where the plaintiffs "had to divert resources to educational programs to address its members' and volunteers' concerns about the (challenged) law's effect"); *Fair Hous.*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

1   *Council of San Fernando Valley v. Roommate.com, LLC.*, 666 F.3d 1216, 1219 (9th Cir.

2   2012) (finding organizational standing where the plaintiff responded to allegations of

3   discrimination by "starting new educational and outreach campaigns targeted at

4   discriminatory roommate advertising").  Court's also find direct organizational standing

5   where the organization can demonstrate that the challenged policy or practice will cause

6   it to lose a substantial amount of funding. *Id.* at 1243 (citing *Czyzewski v. Jevic Holding*

7   *Corp.*, -- U.S. --, 137 S. Ct. 973, 983, 197 L. Ed. 2d 398 (2017).)

8       Plaintiffs concede that PLN continues to provide its members with services that it

9   was formed to provide: educational support related to special education services at the

10   District.  Fourth AC, ¶ 33; RJN, Ex. A, TAC, ¶ 27.  Fourth AC, ¶ 169; RJN, Ex. A, TAC,

11   ¶ 185.  PLN continues to (1) respond to parent questions and complaints, (2) seek

12   referrals and options for advocacy regarding the District's child find policy, (3) issue

13   public records requests to obtain information regarding the District's child find policy,

14   and (4) host events to connect advocates with parents.  Fourth AC ¶¶ 171-173, RJN, Ex.

15   A, TAC, ¶¶ 187-189.  That PLN has chosen to focus more on the special education

16   component of its core mission rather than "other" components of its mission is

17   insufficient to establish a diversion of its resources.  Per Plaintiffs' allegations, PLN's

18   core purpose includes advancing the District's compliance with the IDEA's child find

19   requirement.  PLN's mission is therefore not hampered, and the organization suffers no

20   injury, by advocating that the District timely identify, locate, and assess students or by

21   introducing its members to legal advocates for additional assistance.  See *Fair Hous.*

22   *Council*, 666 F.3d at 1226 (Ikuta, J. dissenting).  PLN has also failed to establish that it

23   has lost a substantial amount of funding by focusing on the special education component

24   of its mission.  Plaintiffs' concession that PLN continues to focus on its core mission of

25   advocating for special education services at the District, a concession apparent on the

26   face of the complaint, establishes that PLN is focused on its core mission rather than

27   suffering an injury-in-fact.

28       PLN lacks direct organizational standing to assert claims on behalf of the class.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT

1        ii.    **Primero Los Niños lacks associational standing to assert the**

2            **class claims.**

3          Associational standing is a narrow and limited exception to the general rule that

4    litigants must assert their own rights in order to have standing. *Black Faculty Ass'n of*

5    *Mesa Coll. V. San Diego Cmty. Coll. Dist.*, 664 F.2s 1153, 1156 (9th Cir. 1981). In order

6    for PLN to have standing, (1) its members must have standing to sue in their own right,

7    (2) the interests the association seeks to protect are germane to its purpose, and (3)

8    neither the claim asserted nor the relief requested require the participation of individual

9    members in the lawsuit. *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333,

10   97 S. Ct. 2434, 53 L.Ed. 2d 383 (1977). PLN must establish that it has satisfied *each* of

11   the elements of standing and mere "labels and conclusions" are insufficient. *Bell Atl.*

12   *Corp. v. Twombly*, 550 US 544, 555 127 S. Ct. 1955, 1964-1965 (2007).

13         The Fourth Amended Complaint fails to identify any member of PLN that would

14   have standing to sue in their own right. Even if they had, however, Plaintiffs claims for

15   declaratory and injunctive relief require fact-specific inquiries that cannot support

16   associational standing. *International Union, United Automotive, Aerospace &*

17   *Agricultural Implement Workers of America v. Brock*, 477 U.S. 274, 287, 106 S.Ct. 2523

18   (1986). The Ninth Circuit has only permitted associational standing where an association

19   seeks declaratory relief in cases that involve pure questions of law. See, e.g., *Columbia*

20   *Basin Apt. Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (addressing the

21   constitutionality of a city ordinance); *Associated Gen. Contractors of Am. v. Metro.*

22   *Water Dist. of S. Cal.,* 159 F.3d 1178, 1181 (9th Cir. 1998) (same); *Associated Gen.*

23   *Contractors of Cal., Inc. v. Coal. for Econ. Equity,* 950 F.2d 1401, 1408 (9th Cir. 1991)

24   (seeking to enjoin enforcement of city ordinance). In cases where an association's

25   declaratory relief claim involves more than just pure legal issues, requiring factual

26   inquiry, the Ninth Circuit has held that the association lacked standing. See, e.g.,

27   *Spinedex Physical Therapy USA Inc. V. United Healthcare of Arizona, Inc*., 770 F.3d

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

1  1282, 1292 (9th Cir. 2014) (finding that the association lacks standing because the
2  participation of the beneficiaries of a healthcare plan was required).

3        Plaintiffs' challenge to the District's "child find" policies do not involve pure
4  questions of law.  The Fourth Amended Complaint alleges variations in Plaintiffs'
5  experiences with securing or obtaining special education services at the District.
6  Plaintiffs' individual participation would be necessary.

7        Accordingly, the District respectfully requests that this Court dismiss PLN as a
8  named plaintiff for lack of standing, and dismiss PLN's claims for prospective injunctive
9  relief with prejudice.

10  **V.     AE, ML, DC, WH, IB, and FS should be dismissed because they fail to**
11  **       state claims upon which relief can be granted.**

12        **A. The IDEA requires Plaintiffs to first exhaust the statute's**
13        **comprehensive administrative complaint procedure before seeking**
14        **judicial review of the District's alleged denial of FAPE.**

15        Plaintiffs must first exhaust administrative remedies before seeking judicial review
16  of their alleged denial of FAPE.  *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 749 (2017);
17  *S.B.*, 327 F.Supp. 3d at 1244 (citing 20 U.S.C. § 1415.); see also, *Smith v. Robinson*, 468
18  U.S. 992, 1011-1012, 104 S.Ct. 3457 (1984).  Per IDEA mandate, California educational
19  agencies have procedures for parents and students to present complaints regarding "the
20  identification, evaluation, or educational placement of the child (child find), or the
21  provision of a FAPE to such child."  *Hoeft v. Tucson Unified School Dist.*, 967 F.2d
22  1298, 1300 (1992) (citing 20 U.S.C. § 1415(b)(1)(E).); *S.B. v. California Dept. of Educ.*,
23  327 F.Supp.3d 1218, 1243 (E.D. Cal. 2018) (citing 20 U.S.C. § 1415(b)(6).).  The parent
24  or educational agency begins the process by filing a due process complaint.  *S.B.*, 327
25  F.Supp. 3d at 1244 (citing 20 U.S.C. § 1415(b)(6), (b)(7).)  The matter proceeds to a due
26  process hearing before an impartial hearing officer. *Fry v. Napoleon Cmty. Sch.*, 137 S.
27  Ct. 743, 749 (2017); *Hoeft*, 967 F.2d at 1300;  *S.B.*, 327 F.Supp. 3d at 1244 (citing 20
28  U.S.C. § 1415(f)(1)(A).) The hearing officer may order the educational agency to provide

13

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT

a FAPE or to reimburse the parent for the cost of acquiring necessary services, among other relief.  *S.B.*, 327 F.Supp. 3d at 1244 (citing 20 U.S.C. §§ 1401(22), 1412(a)(10)(C)(ii).)

Indeed, California adopted the IDEA's administrative complaint process.  Cal. Code Regs., tit. 5 § 3080, et seq. (2019).  The California Department of Education contracts with the OAH for services of Administrative Law Judges ("ALJs"). Cal. Educ. Code § 56504.5(a); Cal. Gov't Code § 27727.  An ALJ at the OAH determines if a student has been denied FAPE. 20 U.S.C. 1415(f)(3)(E). The OAH decision is a final administrative decision. 20 U.S.C. § 1415(i)(1)(A); Cal. Educ. Code § 56505(h). Either the parent or the public agency, if "aggrieved" by the final administrative decision, may seek de novo judicial review by filing within 90 days in a court of competent jurisdiction. 20 U.S.C. § 1415(i)(2)(A), (B); 34 C.F.R. § 300.516; Cal. Educ. Code § 56505(k). The district court receives the OAH record, hears additional evidence at the request of a party and grants appropriate relief. 20 U.S.C. 1415(i)(2)(C).

The IDEA's exhaustion requirement to ensures state agency enforcement of local agency compliance with the statute. *Hoeft*, , 967 F.2d at 1303 (stating that exhaustion is consistent the statute's emphasis on state and local responsibility.)  "The exhaustion doctrine embodies the notion that 'agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer.'"  *Id.* (citing *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081 (1992).).  Exhaustion "allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers the development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Id.*

Plaintiffs' failure to exhaust administrative remedies is apparent on the face of the Fourth Amended Complaint.  Fourth AC, ¶ 176 (stating that it would have been futile to attempt to seek relief from the OAH since the OAH dismissed Primero Los Niños and

14

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

1   F.S.'s claims for systemic relief); see also Fourth AC, ¶ 23 (stating that "the

2   administrative system cannot afford Plaintiffs complete relief given the nature of the

3   systemic problems in the District.").  Indeed, in prior filings with the Court, Plaintiffs

4   argue that "it would be impossible for named plaintiffs to prevail at OAH on their own

5   systemic or class claims regarding these policies and procedures – and any further

6   attempts by them to administratively exhaust such claims would be futile."  RJN, Ex. C,

7   Pls. Opp'n to Defs.' Ex Parte Application, 4:8-11.

8       Accordingly, Plaintiffs allege that they should be excused from exhausting

9   administrative remedies because their claims fall within any one of the three exceptions

10  to the exhaustion requirement: (1) exhaustion would be futile, (2) the District's child find

11  policy is contrary to law and (3) administrative remedies cannot afford Plaintiffs the

12  adequate systemic relief that they seek.  *Hoeft*, , 967 F.2d at 1303 (citing H.R. Rep. no.

13  296 99th Cong., 1 Sess., 7 (1985).)

14      Plaintiffs Fourth Amended Complaint fails to allege sufficient facts to excuse

15  Plaintiffs from exhausting administrative remedies.

16      **i.  The administrative process affords Plaintiffs an appropriate**

17      **forum to seek relief for their alleged denial of FAPE.**

18      Plaintiffs allege that their IDEA claims are "systemic," and that requiring them to

19  exhaust administrative remedies would be futile. Fourth AC, ¶¶23 and 176; See, *S.B.,* 327

20  F. Supp. At 1253 (citing, *Doe v. Arizona Dept. of Educ.*, 111 F.3d 678, 682 (9th Cir.

21  1997)).  An IDEA claim is "systemic" if "it implicates the integrity or reliability of the

22  IDEA dispute resolution procedures themselves, or requires restructuring of the education

23  system itself in order to comply with the dictates of the Act." *S.B.*, 327 F. Supp. 3d at

24  1249; see also *Hoeft*, 967 F.2d at 1305.  A claim is not "systemic" if it involves only a

25  substantive claim having to do with limited components of a program, and if the

26  administrative process is capable of correcting the problem." *Id.*

27      Plaintiffs' claims are not truly "systemic" because they do not contest the integrity

28  of the OAH administrative procedure or otherwise seek an overhaul of the District's

1  education system.  Instead, Plaintiffs merely contest the substantive portion of the
2  District's child find process.  In doing so, they argue that exhausting administrative
3  remedies would be futile because the OAH cannot consider class claims or award
4  injunctive relief. Fourth AC, ¶ 176.

5       Plaintiffs' position has been considered and foreclosed by the Ninth Circuit.  The
6  Ninth Circuit in *Doe* affirmed a district court's dismissal of a class action for declaratory
7  and injunctive relief against the Arizona Department of Education ("ADOE") because
8  Plaintiffs failed to exhaust administrative remedies.  *Doe*, 111 F.3d 679.  Plaintiffs sued
9  ADOE for failing to meet its IDEA child find obligations to juvenile inmates housed in
10  Pima County Jail.  *Id.* at 680.  Specifically, Plaintiffs alleged that ADOE ignored the
11  special education needs of these juveniles.  *Id.* ADOE conceded that it was unaware that
12  juveniles, who were charged as adults, were housed at Pima County Jail.  Once it became
13  aware of the issue, ADOE moved quickly to identify, evaluate, and assess the juvenile.
14  *Id.* at 680.  Based on these facts, the Ninth Circuit determined that Plaintiffs' claims do
15  not rise to a truly "systemic" level because the administrative process is capable of
16  correcting the problem, which "involves only a substantive claim having to do with
17  limited components of a program." *Id.* at 682.  The Court also noted that "once alerted to
18  its oversight by the lawsuit… (ADOE) took steps to begin to remedy it." *Id.*  ADOE and
19  Plaintiffs were not at odds over issues of law or policy; ADOE did not contest its child
20  find duty.  *Id.* at 683.  There was also no obvious practical or legal defects in the IDEA
21  hearing process in Arizona, such that Plaintiffs lacked an administrative forum to seek
22  redress.  *Id.* Ultimately, the Court determined that Plaintiffs' claims were not "systemic"
23  because (1) the change to ADOE's policy did not require structural relief that only a court
24  can order and (2) the ADOE's procedural violation under the IDEA did not deprive
25  Plaintiffs of an administrative forum.

26       Plaintiffs do not allege an inability to seek relief from the OAH.  On the contrary,
27  the OAH properly adjudicated M.B. and I.G.'s administrative disputes and awarded them
28  remedies.  Fourth AC, ¶¶ 95-98 and 127-131.  The OAH also awarded former Plaintiff

16

1  J.R. complete relief in her administrative action against the District.  RJN, Ex. A, TAC, ¶

2  61.  "The mere fact that the (Fourth Amended Complaint) is structured as a class action

3  seeking injunctive relief, without more, does not excuse (Plaintiffs') exhaustion."  *Hoeft*,

4  967 F.2d at 1308.

5        Plaintiffs' also do not allege facts indicating that the District must restructure its

6  entire special education program to comply with its child find mandate.  Plaintiffs

7  concede that the District does assess its students.  There is no dispute that the District

8  assessed Plaintiffs W.H. and I.B.  Plaintiffs admit that the District promptly offers

9  assessment plans to its students upon discovering that its students should have been

10  "found."  RJN Ex. D, Declaration of Stuart Seaborn in support of Pls. Opp'n to Defs.' Ex

11  Parte Application, ¶ 5 (admitting a refusal to reveal the identity of A.E., M.L., and D.C.

12  to avoid jeopardizing their Article III standing due to the District's prompt offers of

13  assessment).  Plaintiffs also admit that they need not file an administrative complaint or

14  formal litigation to obtain compliance from the District.  According to Plaintiffs' counsel,

15  the District promptly initiates a child find process regarding students revealed to the

16  District from Plaintiffs' public records act requests.  As in *Doe*, the District does not

17  dispute that it must comply with the IDEA's child find mandate.  Per *Doe*, Plaintiffs'

18  claims are not "systemic." See, *Hoeft*, 967 F. 2d at 1305 (no "systemic" claim where

19  Plaintiffs fail to show that the IDEA's basic goals are threatened on a system-wide basis.)

20  Plaintiffs' allegations in the Fourth Amended Complaint and admissions by their counsel

21  made before the Court clearly concede that Plaintiffs can obtain adequate relief from the

22  District through the administrative process.[3]

23          **ii.  Plaintiffs fail to raise a purely legal challenge to the District's**

24               **child find policies to establish that the policies are "contrary to**

25               **law."**

26

27  [3] F.S. did not raise the issue of her right to compensatory educational services in her due process hearing before the OAH.  The new relief she now seeks in this action implicates provisions of the IDEA that

28  should first be adjudicated with the OAH.  See, *S.B.*, 327 F. Supp. 3d at 1254-1255.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

1   Plaintiffs seek to avoid exhaustion administrative remedies by alleging that the
2   District's use of the SST process is "contrary to law." However, Plaintiffs are not excused
3   from exhausting administrative remedies simply by labeling a District policy "illegal."
4   *Hoeft.* 967 F. 2d at 1305.  Instead, this exception applies only when pure questions of law
5   are involved to determine the validity of a challenged policy.[4] For instance, Plaintiffs
6   would be excused from exhausting their administrative remedies if their harm is caused
7   by a District policy that facially violates the IDEA.  *Id.* Plaintiffs allege no such policy in
8   their Fourth Amended Complaint.  Instead, Plaintiffs allege that the District's *application*
9   of the SST process violates the law by causing a delay in student special education
10  assessments. Fourth AC, ¶ 5; RJN, Ex. A, TAC, ¶ 4.  This allegation necessarily raises
11  disputed issues of fact rather than pure questions of law.

12  The SST process is not illegal.  The IDEA mandates that states allow the use of a
13  process based on the child's response to scientific or research based intervention. 34
14  C.F.R. § 300.307(a)(2).  States may also allow the use of alternative research based
15  procedures to determine whether a student has a specific learning disability.  34 C.F.R. §
16  300.307(a)(3).

17  SSTs are similar to the eligibility criteria and methodology at issue in *Hoeft. Hoeft.*
18  967 F. 2d at 1306. SSTs provide an important initial review of the student in the pre-
19  referral special education process.  Indeed, the United States Department of Education
20  *confirmed* that pre-referral processes *are permissible* under the IDEA.  During the public
21  comments period anticipating new federal regulations in 2006, the Department of
22  Education received a comment that "recommended clarification regarding whether States
23  can develop and implement policies that permit screening of children to determine if
24  evaluations are necessary."  *A.P. ex. rel. Powers v. Woodstock Bd. of Educ.*, 572 F.Supp.
25  2d 221, 227, n. 2 (D. Conn 2008) (citing to 71 Fed. Reg. 46540, 46639.)  The Department
26  of Education responded that "[t]here is nothing in the Act that requires a State to, *or*

27

28  [4] In such cases, "agency expertise and an administrative record are theoretically unnecessary in resolving the issues at hand." *Hoeft*, 967 F. 2d at 1305.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED COMPLAINT

*prohibits a state from*, developing and implementing policies that permit screening children to determine if evaluations are necessary." *Id.* (emphasis added).  This response from the Department of Education confirms that SSTs are, and always were, permissible under the IDEA.  *Id.* In addition, *Hoeft* held that "adjudicating the validity" of policies like the District's SST process "requires a fact-specific inquiry into their operation" in each individual case.  *Hoeft.* 967 F. 2d at 1306.

Since Plaintiffs' challenge to District policy fails to raise pure questions of law, Plaintiffs are not excused from exhausting administrative remedies simply by labeling the District's SST procedure is "illegal."[5]

### iii.  Plaintiffs should exhaust administrative remedies notwithstanding their requests for declaratory and injunctive relief.

Plaintiffs contend that they need not exhaust their administrative remedies because the OAH cannot adequately grant them class-wide declaratory or injunctive relief. However, this case is distinguishable from cases where courts have found administrative remedies inadequate to address truly structural, systemic reforms.  See *Beth v. Carroll,* 87 F.3d 80, 88 (3rd Cir. 1996) (alleging a challenge to the state's entire system for resolving due process complaints under the IDEA); *J.G. v. Board of Educ.*, 830 F.2d 444, 446-447 (2d Cir. 1987) (alleging that the City's school system deprived all students of proper notice and a hearing under the IDEA); *New Mexico Ass'n for Retarded Citizens*, 678 F.2d 847, 850 (10th Cir. 1982)  (alleging that the state's entire special education system was infirm for which no remedies were available at the administrative level); *Heldmen v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992)(a challenge that implicated the entire due process system.)

_____

[5] *Hoeft* also noted the importance of giving the State an adequate opportunity to investigate and correct the challenged policies.  *Hoeft*, 967 F.2d at 1308.  The *Hoeft* Plaintiffs filed a complaint with the state Department of Education but did not wait for that investigation to conclude before asserting their claims with the district court.  The Ninth Circuit held that Plaintiffs failed to avail themselves of their administrative remedies by asserting their claims in district court before the state's investigation had concluded.  *Id.*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

Instead, this case is similar to *Hoeft*.  Plaintiffs in *Hoeft* sought declaratory and injunctive relief similar to the relief Plaintiffs seek in this case.  Specifically, Plaintiffs in *Hoeft*, sought "(1) to develop 'appropriate criteria… for evaluating each child's need for (ESY) programming, (2) to fund extended year programs adequately, and (3) to afford parents all the procedural rights to which they are entitled to under the IDEA." *Hoeft,* 967 F.2d at 1302.  Like Plaintiffs in this case, the *Hoeft* Plaintiffs argued that they should be excused from exhausting administrative remedies because the administrative tribunal cannot adequately grant them class-wide declaratory and injunctive relief.  The Ninth Circuit disagreed.  "The mere unavailability of injunctive relief at the administrative tribunal does not render the IDEA's administrative process inadequate." *Id.* at 1309.  The administrative forum may adequately address Plaintiffs' claims if it is adequately equipped to address and resolve the issues presented. *Id.*  An administrative forum is adequately equipped to resolve the issues presented, if the issues before it involve questions of substantive educational policy. *Id.* Even if injunctive relief is unavailable, an administrative process provides an adequate forum for addressing IDEA claims if it results in statutory compliance. *Id.*

Plaintiffs' allegations raise questions of substantive educational policy that the OAH has the expertise to address.  For instance, allegations related to newly named Plaintiffs A.E. and M.L. raise distinct issues related to the timing of assessments for students who are English Language Learners ("ELL") and who spend their formative educational years in a foreign country.  See Fourth AC, ¶¶ 48 and 53.  Allegations related to Plaintiffs W.H. and I.B. raise distinct issues related to assessments that fail to find the student eligible for special education services.  Fourth AC, ¶¶ 155 and 164.  These issues of substantive educational policy are precisely the types of issues that the IDEA's administrative process was designed to address. *Hoeft*, 967 F.2d at 1309.

Notwithstanding their request for class-wide injunctive relief, Plaintiffs fail to allege facts to show that any relief sought with the OAH would be inadequate.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

**B. Plaintiffs were also required to exhaust their administrative remedies before requesting relief under the ADA and Section 504.**

Plaintiffs ADA and Section 504 claims are premised on a purported denial of a FAPE under the IDEA and are also subject to the IDEAs exhaustion requirement. *Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 2018 WL 2763302 *5 (N.D. Cal. 2018) (citing *Fry*, 137 S. Ct. at 749). Although Plaintiffs seek relief under these distinct statutes, Plaintiffs incorporate by reference their allegations that the District denied them FAPE by failing to timely locate, identify and assess them. See Fourth AC, ¶¶ 199 and 211. Since the gravamen of Plaintiffs' ADA and Section 504 claims is an alleged denial of FAPE under the IDEA, these claims must also be exhausted. *Id.*

## VI.   CONCLUSION

M.B.'s and I.G.'s claims and request for compensatory educational services should be dismissed with prejudice because this court properly resolved these claims when ruling on their respective administrative appeals. The only claims that should remain are M.B.'s and I.G.'s claims for attorneys fees incurred in their respective administrative cases.

Defendants request that PLN be dismissed with prejudice. Plaintiffs Fourth Amended Complaint clearly shows that Plaintiffs cannot cure this deficiency.

Finally, Defendants request that the Court dismiss all claims asserted by Plaintiffs A.E., M.L., D.C., F.S., W.H., and I.B. Their claims are based on a denial of FAPE. The IDEA requires Plaintiffs to exhaust administrative remedies. The Fourth Amended Complaint failed to allege sufficient facts indicating that Plaintiffs' claims may be excused from the IDEA's exhaustion requirement. Accordingly, A.E., M.L., D.C., F.S., W.H., and I.B. fail to state claims upon which relief can be granted.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

Dated: April 30, 2018                    GARCIA HERNANDEZ SAWHNEY, LLP

By_____
                                         Norma Nava Franklin
                                         Attorneys for Defendants
                                         Oxnard School District, Cesar Morales,
                                         Ernest Morrison, Debra Cordes,
                                         Denis O'Leary, Veronica Robles-Solis, and
                                         Monica Madrigal Lopez

22

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 30, 2019, I caused a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for all parties.


Dated:  April 30, 2019                    By:  _____ */s/Norma Nava Franklin*