LEARNING RIGHTS LAW CENTER
JANEEN STEEL (SBN 211401)
PATRICIA VAN DYKE (SBN 160033)
janeen@learningrights.org
patsy@learningrights.org
1625 W. Olympic Blvd, Suite 500
Los Angeles, CA 90015-4684
Phone: (213) 489-4030
Fax:   (213) 489-4033

DISABILITY RIGHTS ADVOCATES
STUART SEABORN (SBN 198590)
MELISSA RIESS (SBN 295959)
JESSICA AGATSTEIN (SBN 319817)
seaborn@dralegal.org
jagatstein@dralegal.org
2001 Center St., 4th Fl.
Berkeley, CA 94704
Phone: (510) 665-8644
Fax: (510) 665-8511

LAW OFFICE OF SHAWNA L. PARKS
SHAWNA L. PARKS (SBN 208301)
sparks@parks-law-office.com
4470 W. Sunset Blvd., Ste. 107-347
Los Angeles, CA 90027
Phone/Fax: (323) 389-9239

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.R., a minor, by and through her guardian ad litem, Janelle McCammack *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OXNARD SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No.: 2:17-cv-04304-JAK-FFM<br><br>**Plaintiffs' Appendix of Cases from the Office of Administrative Hearings Cited in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint**<br><br>**Date: June 17, 2019**<br>**Time: 8:30 a.m.**<br>**Court: 10B**<br>    **First Street Courthouse** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, attached hereto in the following order are the cases from the Office of Administrative Hearings referenced in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint. These cases can be found through the Office of Administrative Hearings' database of decisions, located at:

https://www.dgs.ca.gov/OAH/Case-Types/Special-Education/Services/Page-Content/Special-Education-Services-List-Folder/Decisions-and-Orders.

    A. *In re Placentia Yorba Linda Unif. Sch. Dist.*, OAH Case No. 2014061022 (July 8, 2014 Order) (Hohensee, J.)

    B. *In re Oakland Unif. Sch. Dist.*, OAH Case No. 2014060963 (July 22, 2014 Order) (Gorsline, J.)

    C. *In re Oakland Unif. Sch. Dist.*, OAH Case No. 2014100324 (October 28, 2014 Order) (Krikorian, J.)

DATED: May 14, 2019

LEARNING RIGHTS LAW CENTER
LAW OFFICE OF SHAWNA L. PARKS
DISABILITY RIGHTS ADVOCATES

By: /s/ Shawna L. Parks
      Shawna L. Parks
      Stuart Seaborn
      Jessica Agatstein
      Attorneys for Plaintiffs

# Appendix A

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>PARENT ON BEHALF OF STUDENT,<br><br>v.<br><br>PLACENTIA-YORBA LINDA UNIFIED SCHOOL DISTRICT. | OAH CASE NO. 2014061022<br><br>ORDER GRANTING DISTRICT'S PARTIAL MOTION TO DISMISS (SYSTEMIC CLAIMS) |

On June 18, 2014, Parent on behalf of Student filed a due process hearing request (complaint) naming Placentia-Yorba Linda Unified School District (District).

On June 30, 2014, District filed a partial motion to dismiss, seeking dismissal of Section VI, subsection (1), of Student's complaint, which alleges that District engaged in "systemic" practices that violated the rights of Student and "others similarly situated." No opposition has been received.

## APPLICABLE LAW

The purpose of the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. § 1400 et. seq.) is to "ensure that all children with disabilities have available to them a free appropriate public education" (FAPE), and to protect the rights of those children and their parents. (20 U.S.C. § 1400(d)(1)(A), (B), and (C); see also Ed. Code, § 56000.) A party has the right to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." (20 U.S.C. § 1415(b)(6); Ed. Code, § 56501, subd. (a) [party has a right to present a complaint regarding matters involving proposal or refusal to initiate or change the identification, assessment, or educational placement of a child; the provision of a FAPE to a child; the refusal of a parent or guardian to consent to an assessment of a child; or a disagreement between a parent or guardian and the public education agency as to the availability of a program appropriate for a child, including the question of financial responsibility].) The jurisdiction of the Office of Administrative Hearings (OAH) is limited to these matters. (*Wyner v. Manhattan Beach Unified Sch. Dist.* (9th Cir. 2000) 223 F.3d 1026, 1028-1029.)

## DISCUSSION

Student's complaint alleges that although he graduated with a regular high school diploma while eligible for special education, Student continues to exhibit poor social skills

and behavior for which he seeks compensatory education.  In addition to alleging that he was denied a FAPE by District, Student alleges in Section VI(1) of his complaint that District engaged in "systemic" practices towards disabled students that violated the IDEA by denying a FAPE to "similarly situated" students, including: a policy that does not provide for individualized transition services, failure to adequately train staff, discipline policies that circumvent the legal protections afforded disabled students, failure to create and maintain programs for high-achieving students with significant behavioral problems, and routine placement of disabled students in excessively restrictive settings.  Sections VI(2) and VI(3) of Student's complaint, which alleged violations of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 701 et seq. (Section 504)) and the Americans with Disabilities Act (42 U.S.C. § 12101, et seq. (ADA)), have been dismissed as beyond OAH's jurisdiction in a concurrent order.

     At Section VI(1) of his complaint, Student seeks that OAH adjudicate the effect of District conduct on a wide class of disabled students, and order that District "change its policies and practices."  Such claims exceed OAH's statutory authority under federal law to adjudicate claims of individual children "with respect to any matter relating to the identification, evaluation, or educational placement of *the child*, or the provision of a free appropriate public education to *such child*." (20 U.S.C. § 1415(b)(6) (emphasis added)), and under California law regarding the "provision of a free appropriate education to *the child*" (Ed. Code, § 56501, subd. (a)(1)-(4) (emphasis added)).  Student's systemic claims on behalf of other students are not only outside of OAH's jurisdiction, but run contrary to the express purpose of a due process proceeding to focus on the individual child and his or her unique educational needs.  In effect, Student's complaint attempts to create a class action with Student as the lead plaintiff, without any authority for inserting a class claim into a due process proceeding under the IDEA.

     Additionally, the purpose of a due process proceeding under the IDEA is to challenge an educational agency's "refusal to initiate or change the identification, assessment, or educational placement of the child or the provision of a free appropriate public education to the child." (Ed. Code, sec. 56501, subd. (a)(2).)  At Section VI(1) of his complaint, Student does not seek compensatory education for denial of a FAPE, but relief for alleged wrongs suffered in addition to and separate from his FAPE claim, and oversight of District's creation and implementation of diverse educational policies.  It is within OAH's jurisdiction to determine whether a school district's practice resulted in the loss of FAPE for an individual child, but not to broadly re-write school district policy or police its implementation.

     For the reasons stated, District's partial motion to dismiss Section VI(1) of Student's complaint is granted.

ORDER

1. District's partial motion to dismiss Section VI(1) of Student's complaint, alleging systemic practices on behalf of himself and others similarly situated, is granted.

2. The matter will proceed as scheduled as to the remaining portions of Student's complaint, except as provided in the concurrent order dismissing Student's Section 504 and ADA claims at Sections VI(2) and VI(3).

DATE: July 8, 2014

                                                /s/
                                    ALEXA J. HOHENSEE
                                    Administrative Law Judge
                                    Office of Administrative Hearings

# Appendix B

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>PARENT ON BEHALF OF STUDENT,<br><br>v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT. | OAH CASE NO. 2014060963<br><br>ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION TO QUASH |

On June 18, 2014, Student filed a Request for Due Process Hearing (complaint) with the Office of Administrative Hearings (OAH), naming Oakland Unified School District (District) as respondent. Student's complaint alleges seven individual issues on behalf of Student regarding violations of the Individuals with Disabilities Education Act (IDEA). In section VI of the complaint, Student alleges "systemic claims" on behalf of "Students and other students with disabilities enrolled in District or in a school chartered by District" under the IDEA, the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act of 1973 (Section 504). Student proposed relief includes the development and implementation of a plan to remedy District's systemic deficits alleged in the complaint.

On July 16, 2014, Student filed a Request for Special Interrogatories directed to District.

On July 16, 2014, District filed a Motion to Dismiss and Motion to Quash. District's Motion to Dismiss seeks an order dismissing all of Student's "systemic" claims, including claims under Section 504 because they outside OAH's jurisdiction. District's Motion to Quash requests an order quashing Student's Request for Special Interrogatories because pretrial discovery is not authorized in due process proceedings and seeks discovery on Student's improper "systemic" claims.

On July 18, 2014, Student filed opposition to District's motions. Student acknowledges OAH precedent for dismissing systemic claims for lack of jurisdiction, but argues that no court decision has determined that systemic claims of a student and/or claims on behalf of similarly situated students fall outside of OAH jurisdiction in a due process proceeding. Student argues that no law specifically precludes the use of prehearing interrogatories and Student cannot confront, cross-examine and identify all necessary witnesses and present all of his evidence at hearing without some limited pretrial discovery on his systemic claims.

For the reasons set forth below, District's motions are granted.

APPLICABLE LAW AND DISCUSSION

*Motion to Dismiss Systemic Claims*

The purpose of the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. § 1400 et. seq.) is to "ensure that all children with disabilities have available to them a free appropriate public education" (FAPE), and to protect the rights of those children and their parents. (20 U.S.C. § 1400(d)(1)(A), (B), and (C); see also Ed. Code, § 56000.) Special education due process hearing procedures extend to a student's parent or guardian, to the student under certain conditions, and to the public agency involved in any decisions regarding a pupil. (Ed. Code, § 56501, subd. (a).) A party has the right to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." (20 U.S.C. § 1415(b)(6); Ed. Code, § 56501, subd. (a) [party has a right to present a complaint regarding matters involving proposal or refusal to initiate or change the identification, assessment, or educational placement of a child; the provision of a FAPE to a child; the refusal of a parent or guardian to consent to an assessment of a child; or a disagreement between a parent or guardian and the public education agency as to the availability of a program appropriate for a child, including the question of financial responsibility].) The jurisdiction of OAH is limited to these matters. (*Wyner v. Manhattan Beach Unified Sch. Dist.* (9th Cir. 2000) 223 F.3d 1026, 1028-1029.)

OAH may dismiss a matter in its entirety, or one or more claims, where it is evident from the face of the complaint that the alleged issues fall outside of OAH jurisdiction or the pleaded facts cannot sustain a claim. Such circumstances may include, among other things, complaints that assert civil rights claims or claims against an entity that cannot be legally responsible for providing special education or related services under the facts alleged.

Section VI of Student's complaint alleges "systemic claims" made on behalf of unidentified students under the IDEA, the ADA and Section 504. As noted above, OAH's jurisdiction is limited to due process proceedings between a student, parent or guardian and the public agency involved in the education of the student, that seek to provide relief for the particular student with respect to the matters enumerated in Education Code section 56501, subdivision (a)(1)–(4). OAH's jurisdiction does not extend to claims that seek address structural and systemic District-wide deficits sought by Student here. In addition, issues related to a violation of the ADA and Section 504 are not within OAH's jurisdiction. District's motion to dismiss the systemic claims in Section VI of the complaint is therefore granted and those claims are dismissed.

*Student's Request for Interrogatories*

A party to a due process hearing under the Individuals with Disabilities Education Act (IDEA) has the right to present evidence and compel the attendance of witnesses in "a hearing conducted pursuant to subsection (f) or (k)" of section 1415 of title 20 of the United States Code. (20 U.S.C. § 1415(h); see also Ed. Code, § 56505, subd. (e).)

To guarantee parents the ability to make informed decisions about their child's education, the IDEA grants parents of a child with a disability the right to examine all relevant records relating to their child's "identification, evaluation and educational placement." (20 U.S.C. §1415(b)(1).) Parents may request copies of their child's educational records at any time, and are entitled to receive those copies within five business days of their request. (Ed. Code § 56504).) Education records under the IDEA are defined by the federal Family Educational Rights and Privacy Act (FERPA) to include "records, files, documents, and other materials" containing information directly related to a student, other than directory information, which "are maintained by an educational agency or institution or by a person acting for such agency or institution." (20 U.S.C. § 1232g(a)(4)(A); Ed.Code, § 49061, subd. (b).) Pupil or education records do not include "records of instructional, supervisory, and administrative personnel…which are in the sole possession of the maker thereof and which are not accessible or revealed to any other person except a substitute." (20 U.S.C. § 1232g(a)(4)(B)(i); Ed. Code, § 49061, subd. (b).)

In addition to the parents' right to copies of educational records within five business days of a request, a party to a due process proceeding is entitled to be served, five business days before the hearing, with copies of all the documents the other party or parties intend to use at the hearing, and a list of all witnesses intended to be called with a statement of the general areas of their expected testimony. (Ed. Code, § 56505, subd. (e)(7).)

Student's Request for Interrogatories consists of 22 special interrogatories seeking discovery on his systemic claims. District correctly argues that special education law does not contain any provisions authorizing pretrial discovery. Specifically, there is no provision in special education law or regulations which permit a party to serve prehearing interrogatories. The applicable statutes and regulations securing the rights to present evidence and compel the attendance of witnesses all relate to the hearing itself. Education Code section 56505, subdivision (e)(7), provides for disclosure of witnesses and exhibits at least five business days prior to the hearing, but this provision does not require a party to disclose anything other than the witnesses and exhibits the producing party intends to use during the due process hearing. Further, the interrogatories are not an attempt to obtain Student's educational records. Here, Student improperly seeks information pertaining to alleged systemic District-wide deficits pertaining to all special education students within the District. Accordingly, District's motion to quash is granted.

ORDER

1. District's Motion to Dismiss Student's systemic claims in Section VI (A) and (B) of the complaint is granted. The matter will proceed as scheduled as to Student's individual claims made under the IDEA.

2. District's Motion to Quash Student's Request for Special Interrogatories is granted.

DATE: July 22, 2014

/s/
LAURIE GORSLINE
Administrative Law Judge
Office of Administrative Hearings

# Appendix C

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>PARENT ON BEHALF OF STUDENT,<br><br>v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT. | OAH CASE NO. 2014100324<br><br>ORDER GRANTING MOTION TO DISMISS ISSUES OUTSIDE OF OAH JURISDICTION |

On October 20, 2014, District filed a motion to partially dismiss claims from Student's complaint, specifically those that arise out of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 701 et seq.) (Section 504), the civil rights act under 42 U.S.C. 1983 (Section 1983), or other related state and federal civil rights laws, and claims alleging violations against parties other than Student. Student's complaint identifies those claims on page 10 through 13 as "Systemic Claims" and alleges them on behalf of all students with special needs. Student did not oppose the motion.

OAH does not have jurisdiction to entertain claims based on Section 504, Section 1983, or other related state and federal civil rights laws, or class action claims related to those violations. The purpose of the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. § 1400 et. seq.) is to "ensure that all children with disabilities have available to them a free appropriate public education" (FAPE), and to protect the rights of those children and their parents. (20 U.S.C. § 1400(d)(1)(A), (B), and (C); see also Ed. Code, § 56000.) A party has the right to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." (20 U.S.C. § 1415(b)(6); Ed. Code, § 56501, subd. (a) [party has a right to present a complaint regarding matters involving a proposal or refusal to initiate or change the identification, assessment, or educational placement of a child; the provision of a FAPE to a child; the refusal of a parent or guardian to consent to an assessment of a child; or a disagreement between a parent or guardian and the public education agency as to the availability of a program appropriate for a child, including the question of financial responsibility].) The jurisdiction of OAH is limited to these matters. (*Wyner v. Manhattan Beach Unified Sch. Dist.* (9th Cir. 2000) 223 F.3d 1026, 1028-1029.)

Here, Student's "Systemic Claims" on pages 10-13, and the associated remedies, are not within OAH jurisdiction because 1) they do not allege claims on Student's behalf under the IDEA and 2) they are on behalf of a class of students rather than Student. Accordingly, the motion is granted.

  All claims in the complaint alleging violations of Section 504, Section 1983, or other related state and federal civil rights laws, or class action claims related to those violations, are dismissed. The matter shall proceed to hearing only on claims in the complaint on Student's behalf arising under title 20 USC section 1400 et. seq., unless otherwise ordered. All dates currently set in this matter are confirmed.

  IT IS SO ORDERED.

DATE: October 28, 2014

/s/<br>
ADRIENNE L. KRIKORIAN<br>
Administrative Law Judge<br>
Office of Administrative Hearings