1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

J.R., a minor, by and through her
guardian ad litem, Janelle McCammack;
M.B., a minor, by and through her
guardian ad litem, F.B.; I.G., a minor,
by and through his guardian ad litem,
M.E., on behalf of themselves and all
those similarly situated,

                            Plaintiffs,

            v.

OXNARD SCHOOL DISTRICT;
CESAR MORALES, Superintendent of
Oxnard School District, in his official
capacity; ERNEST MORRISON,
President of the Board of Trustees, in his
official capacity; DEBRA CORDES,
Clerk of the Board of Trustees, in her
official capacity; DENIS O'LEARY,
Trustee of the Board of Trustees, in his
official capacity; VERONICA
ROBLES-SOLIS, Trustee of the Board
of Trustees, in her official capacity;
MONICA MADRIGAL LOPEZ, Trustee
of the Board of Trustees, in her official
capacity; and DOES 1 TO 10, inclusive

                            Defendant

Case No.: 2:17-cv-04304-JAK-FFM

**ORDER RULING DEFENDANTS'
OBJECTIONS TO EVIDENCE AND
DECLARATIONS SUBMITTED IN
SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS'
SECOND RENEWED MOTION
FOR CLASS CERTIFICATION
(DKT. [252]-1)**

The Court, having considered the evidence and Defendants' Objections to Evidence and Declarations Submitted in Support of Defendant's Opposition to Plaintiffs' Second Renewed Motion for Class Certification, hereby rules as indicated below:

**A. Declaration/Testimony of Tania Lopez (T.L.) Regarding Her Son A.E.**

| Declaration/Testimony of Tania Lopez (T.L) | Objection | Ruling |
|---|---|---|
| I, T.L., declare as follows:<br>I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br>1. I am the mother of A.E., who is twelve years old. He is currently in the seventh grade.<br>2. I live with A.E. in Oxnard, California, within the boundaries of the Oxnard School District.<br>3. **[Objection 1: My son attended Rio School District, which is also in Oxnard, for about three years, until about December of 2017. I saw that he struggled in school at Rio, and I got calls from his teachers. 1: 9-11.]** | 1. The District objects to this testimony because it is a hearsay statement being introduced to prove the contents of the student records without introducing the original document into evidence. Fed. R. Evid. 801, 1002.  The District also objects to this testimony because the that fact that "he struggled in school at Rio and I got calls from his teachers" is not attributable to the District and is irrelevant.  Fed. R. Evid. 401, 402. | 1.  Overruled |
| 4. From about January of 2018 until about December of 2018, A.E. lived in Mexico with his grandparents.<br>5. A.E. returned to the United States in January of 2018 and I enrolled him at Haydoc Academy in Oxnard School District. I received calls from all of his teachers about his first | 2. The testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 801, | 2.  Overruled |

| Declaration/Testimony of Tania Lopez (T.L) | Objection | Ruling |
|---|---|---|
| progress report. **[Objection 2: His teachers told me that A.E. was doing very poorly, and that he was getting bad grades. 1:14-17.]** | 802. | |
| 6. **[Objection 3: One of A.E.'s teachers told me that I should request special education assessment for A.E., but she asked that I not mention that she had made the suggestion. 1:18-19.]** | 3. The testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 801, 802. | 3. Overruled |
| 7. Around February 14 or 15, 2019 I told the assistant principal at the school that I wanted my son to get an evaluation. **[Objection 4: The assistant principal said to wait until after the holiday weekend. 1:21-22]** | 4. The testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 801, 802. | 4. Overruled |
| 8. I did not hear anything more, so **[Objection 5: I wrote down that I wanted a special education evaluation for my son and gave it to the school on February 22, 2019. 1:24]** | 5. The testimony is a hearsay statement being offered to prove the truth of the matter asserted in a document that speaks for itself. Fed. R. Evid. 801, 802. | 5. Sustained, except to the extent it serves as a foundation for introducing the corresponding exhibit. |
| 9. After I gave the school that request, the School held what they called an SST meeting on March 11, 2019. **[Objection 6: At that meeting school staff told me that A.E. needed more time, and that he was not ready for an evaluation. 1:26-27.]** I did not understand that I had a right to proceed with my request for an evaluation and, because of what the school staff said, I | 6. The testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an | 6. Overruled |

| Declaration/Testimony of Tania Lopez (T.L) | Objection | Ruling |
|---|---|---|
| agreed to allow the school to wait. But I still want my son to be assessed, and **[Objection 7: I am still worried about my son's education. 2:2.]** | exception to hearsay. Fed. R. Evid. 801, 802. | |
| 10. I have noticed that A.E. has trouble paying attention at home. He is also currently seeing a therapist for depression and for some trauma. | 7. The District objects to this testimony because it is not a fact of consequence in determining the action and is irrelevant. Fed. R. Evid. 401. | 7. Sustained |
| 11. **[Objection 8: I am involved in this federal case because I care deeply about children's education. 2:5-6.]** | 8. The District objects to this testimony because that declarant "cares deeply about children's education" is not a fact of consequence in this action and is irrelevant. Fed. R. Evid. 401 | 8. Sustained |
| 12. I understand that the **[Objection 9: Plaintiffs in this case propose that A.E. be a representative of other children who are affected by the District's policies regarding identifying and evaluating children who may have disabilities that impact their education. 2: 7-9.]** | 9. The District objects to this testimony because it lacks foundation, as the declarant has failed to introduce evidence sufficient to support a finding that the declarant has personal knowledge about what "Plaintiffs in this case propose" or about "other children" and how they are allegedly "affected by the District's policies." Fed. R. Evid. 602, 701; *Daubert*, 509 U.S. at 591. | 9. Sustained |
| 13. I understand that our obligation as class representatives is to do what is in the best interests of the class, and I am willing and able to do that. | | |
| 14. **[Objection 10: Attached hereto as Exhibit A is a true and correct copy of the progress report I received. 2:12-13, 5.]** | | |
| 15. **[Objection 11: Attached hereto as Exhibit B is a true and correct copy of a photograph of the written** | | |

| Declaration/Testimony of Tania Lopez (T.L) | Objection | Ruling |
|---|---|---|
| ==request I made for an assessment. 2: 14-15, 7.]== 16. Attached hereto as Exhibit C is a true and correct copy of the SST notes from the meeting I had with the school. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. | 10. The District objects to this attachment because it has not been properly authenticated and declarant has failed to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. | 10. Overruled |
| | 11. The District objects to this attachment because it has not been properly authenticated declarant has failed to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. | 11. Overruled |

**B. Declaration/Testimony of Margarita Lopez (M.L) Regarding Her Daughter D.C.**

| Declaration/Testimony of Margarita Lopez (M.L) | Objection | Ruling |
|---|---|---|
| I, M.L., declare as follows: I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts. 1. I am the mother of D.C., who is thirteen years old. She is currently in the eighth grade. | 1. The testimony is a hearsay statement being offered to prove the truth of the matter asserted in a document that speaks for itself. Fed. R. Evid. 801, 802. | 1. Sustained |
| | 2. The District objects to | 2. Sustained |

| Declaration/Testimony of Margarita Lopez (M.L) | Objection | Ruling |
|---|---|---|
| 2. I live with D.C. and the rest of my family in Oxnard, California, within the boundaries of the Oxnard School District. <br> 3. My daughter used to attend Fremont Academy in the Oxnard School District for sixth and seventh grades. Early in eighth grade she moved to Driffil Elementary School. <br> 4. I have been worried that D.C. is having problems in school and is having problems learning. <br> 5. On November 29, 2018 I faxed to Fremont Academy a letter [**Objection 1: to ask that my daughter be assessed for special education**. 1:14-15.] To my knowledge, I did not receive any response from the school, and I have not been contacted by the school about this. <br> 6. [**Objection 2: I am involved in this federal case because I care deeply about children's education**. 1:18-19.] <br> 7. I understand that [**Objection 3: the Plaintiffs in this case propose that D.C. be a representative of other children who are affected by the District's policies regarding identifying and evaluating children who may have disabilities that impact** | this testimony because that declarant "cares deeply about children's education" is not a fact of consequence in this action and is irrelevant. Fed. R. Evid. 401 <br><br> 3. The District objects to this testimony because it lacks foundation, as the declarant has failed to introduce evidence sufficient to support a finding that the declarant has personal knowledge about what "Plaintiffs in this case propose" or about "other children" and how they are allegedly "affected by the District's policies." Fed. R. Evid. 602, 701; *Daubert*, 509 U.S. at 591. <br><br> 4. The District objects to this attachment because it has not been properly authenticated and declarant has failed to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. | <br><br><br><br><br><br><br> 3. Sustained <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> 4. Overruled |

| Declaration/Testimony of Margarita Lopez (M.L) | Objection | Ruling |
|---|---|---|
| their education. 1: 21-22.]<br>8. 1 understand that our obligation as class representatives is to do what is in the best interests of the class, and I am willing and able to do that.<br>9. [Objection 4: Attached hereto as Exhibit A is a true and correct copy of assessment request that I faxed into the school. 2:1-2, 6-7.]<br>I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. | Evid. 901. The District also objects to this attachment because this it lacks foundation. Fed. R. Evid. 602, | |

### C. Declaration/Testimony of Esther Espinoza (E.E) Regarding Her Sons M.L. and O.L.

| Declaration/Testimony of Esther Espinoza (E.E) | Objection | Ruling |
|---|---|---|
| [Objection 1. All testimony by E.E. regarding her son O.L. 1:1-3:13.]<br>I, E.E., declare as follows:<br>I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br>1. [Objection 2: I am the mother of O.L., who is ten years old. O.L. is in the fifth grade at Cesar Chavez School in Oxnard, CA. 1:5-6]<br>2. I am the mother of M.L., who is twelve years old. M.L. is in the seventh grade at Cesar Chavez School in Oxnard, CA. | 1. The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402.<br><br>2. The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402.<br><br>3. The Declaration of E.E. regarding her son | 1. Overruled<br><br><br><br>2. Overruled<br><br><br><br>3. Overruled |

| Declaration/Testimony of Esther Espinoza (E.E) | Objection | Ruling |
|---|---|---|
| He has been a student in Oxnard since the beginning of the third grade.<br>3. I live with my family, including O.L. and M.L., in Oxnard, California, within the boundaries of the Oxnard School District. | O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | |
| 4. M.L. moved to Oxnard from Mexico around 2015. **[Objection 3: O.L. moved to Oxnard from Mexico in 2017. 1:12-13]** | 4. The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | 4. Overruled |
| 5. **[Objection 4: I have observed that both O.L. and M.L. struggle to read and write. 1:14]** | 5. The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | 5. Overruled |
| 6. **[Objection 5: On September 27, 2018, I attended Student Success Team ("SST") meetings at Cesar Chavez school to discuss O.L. and M.L. 1:15-16]** | | |
| 7. **[Objection 6: I have been very concerned that O.L. and M.L. cannot read. In addition to my own observations, when I ask them about reading, they each tell me "I can't read." 1:17-18.]** | 6. The statement is being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 801, 802. The District also objects because The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. | 6. Sustained |
| 8. **[Objection 7: On February 15, 2019, I took O.L. to a well child visit at Clinicas de Real ("Clinicas")  where he was seen by a Physician Assistant, Mr.  Justin Fawell. I told Mr. Fawell  that I was worried  that O.L. cannot read. I was there during** | | |

| Declaration/Testimony of Esther Espinoza (E.E) | Objection | Ruling |
|---|---|---|
| O.L.'s visit and saw that O.L. was unable to identify or read the letters "CAT" in front of Mr. Fawell. 1:19-22]<br><br>9. [Objection 8: At the end of this visit, Mr. Fawell gave me a note on something that looked like a prescription form, my understanding was that it was asking that O.L. be assessed for disabilities. He told me to take it to the school--which I did the same day he gave it to me. 1:23-26.]<br><br>10. [Objection 9: The person in the front office at Cesar Chavez who took the paper told me she would get back to me regarding the written request for an assessment for O.L. that I gave her from Mr. Fawell. 2:1-3.] | Fed. R. Evid. 401, 402.<br><br>7. The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. The testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 801, 802. | 7. Sustained |
| 11. [Objection 10: O.L. and I went to Clinicas for a follow-up appointment on March 18, 2019. 2:4.] [Objection 11: I told Mr. Fawell that I had not heard from the principal. 1:5.]<br><br>12. [Objection 12: I did not hear back from the school until about March 27, 2019, 2:6.] when the school finally provided me with an assessment plan.<br><br>13. [Objection 13: O.L. has been in school in Oxnard for more than a year. I do not understand why the school | 8. The testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 801, 802. The District also objects to this testimony because the it is being introduced to prove the contents of the "note" without introducing the original document into evidence. Fed. R. | 8. Sustained |

| Declaration/Testimony of Esther Espinoza (E.E) | Objection | Ruling |
|---|---|---|
| waited so long, and until I had Mr. Fawell intervene before they assessed my son. 2:8-10.] | Evid. 801, 1002.  Furthermore, the District also objects because the Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | |
| 14. My son M.L. has still not been evaluated for special education. I continue to have concerns about his education as well. | | |
| 15. [Objection 14: I am involved in this federal case because I care deeply about children's education. 2:13-14.] | | |
| 16. [Objection 15: I understand that the Plaintiffs in this case propose that M.L. be a representative of other children who are affected by the District's policies regarding identifying and evaluating children who may have disabilities that impact their education. 2: 16-18.] | 9.  The testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 801, 802. The District also objects because The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | 9.  Overruled |
| 17. 1 understand that our obligation as class representatives is to do what is in the best interests of the class, and I am willing and able to do that. | | |
| 18. [Objection 16: Attached as Exhibit A is a true and correct copy of the invitation to the SST meeting for O.L. that the school sent. 2:22-24, 7.] Attached as Exhibit B is a true and correct copy of the invitation to the SST meeting for M.L. that the school sent. | 10. The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, | 10. Overruled |
| 19. [Objection 17: On February 26, 2019, O.L. took the Star diagnostic test for Math. A | | |

| Declaration/Testimony of Esther Espinoza (E.E) | Objection | Ruling |
|---|---|---|
| true and correct copy of his Student Diagnostic Report based on the Star testing in Math is attached hereto as Exhibit C. The school sent this to me. 2:25-27, 10.] | 402. | |
| 20.[Objection 18: On February 27, 2019, O.L. took the Star diagnostic test for Reading. A true and correct copy of his Student Diagnostic Report based on the Star testing in Reading is attached hereto as Exhibit D. The school sent this to me. 3: 1-3, 12] | 11. The District objects because The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402.  In addition, the testimony about an unsworn out of court statement being offered to prove the truth of the matter asserted is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 801, 802. | 11. Overruled |
| 21.[Objection 19: A true and correct copy of O.L.'s progress report from the fourth grade at Cesar Chavez is attached hereto as Exhibit C. The school sent this to me. 1:4-5,14.] | | |
| 22.[Objection 20: A true and correct copy of O.L.'s progress report from the first semester of fifth grade at Cesar Chavez is attached hereto as Exhibit D. The school sent this to me. 1:6-7,16.] | 12. The District objects because The Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | 12. Overruled |
| 23.A true and correct copy of M.L.'s progress report from sixth grade at Cesar Chavez is attached hereto as Exhibit E. The school sent this to me.
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. | 13. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation. Fed. R. Evid. 602. | 13. Sustained |

| Declaration/Testimony of Esther Espinoza (E.E) | Objection | Ruling |
|---|---|---|
| | Furthermore, the District objects because the Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | |
| | 14. The District objects to this testimony because that declarant "cares deeply about children's education" is not a fact of consequence in this action and is irrelevant. Fed. R. Evid. 401 | 14. Sustained |
| | 15. The District objects to this testimony because it lacks foundation, as the declarant has failed to introduce evidence sufficient to support a finding that the declarant has personal knowledge about what "Plaintiffs in this case propose" or about "other children" and how they are allegedly "affected by the District's policies." Fed. R. Evid. 602, 701; *Daubert*, 509 | 15. Sustained |

| Declaration/Testimony of Esther Espinoza (E.E) | Objection | Ruling |
|---|---|---|
| | U.S. at 591. | |
| | 16. The District objects, because the Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402 | 16. Overruled |
| | 17. The District objects, because the Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402 | 17. Overruled |
| | 18. The District objects, because the Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402 | 18. Overruled |
| | 19. The District objects, because the Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402 | 19. Overruled |
| | 20. The District objects, because the | 20. Overruled |

| Declaration/Testimony of Esther Espinoza (E.E) | Objection | Ruling |
|---|---|---|
| | Declaration of E.E. regarding her son O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402 | |

**D. Declaration/Testimony of Dr. Carlos Flores Regarding O.L., M.L., D.C., and A.E.**

| Declaration/Testimony of Carlos A. Flores, Psy. D. | Objection | Ruling |
|---|---|---|
| [Objection 1. Entire Declaration of Carlos A. Flores. 1:1-3:3.] [Objection 2. All testimony by of Carlos A. Flores regarding O.L. 1:1-3:3.] I, Carlos Flores, declare as follows: I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts. 1. I am a clinical neuropsychologist in private practice in Pasadena, CA. My California state psychology license number is PSY18025. I received my Doctor of Psychology from the Illinois School of Professional Psychology in 1994. I was a post-doctoral intern at the Neurological Institute of Columbia University in New York during 1993-1994. I was a post-doctoral fellow in the | 1. The District objects to the entire declaration as improper expert testimony on the bases that the testimony is not based on sufficient facts or data and/or upon reliable principles and methods and/or the declarant has not reliably applied the principles and methods to the present facts and/or the declarant is otherwise unqualified to proffer such testimony.  Fed. R. Evid. 602, 702, 703; see *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1993). | 1. Overruled |
| | 2. The Declaration of Carlos A. Flores regarding O.L. is | 2. Overruled |

| Declaration/Testimony of Carlos A. Flores, Psy. D. | Objection | Ruling |
|---|---|---|
| Division of Neuropsychology at the University of Miami School of Medicine in Miami, FL in 1994-1995. Since 2002, I have been conducting Independent Educational Evaluations for local school districts and universities in Southern California, including Los Angeles Unified School District. My CV is attached hereto as Exhibit A. | irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | |
| 2. On March 23, 2019, at the request of Learning Rights Law Center, **[Objection 3: I conducted preliminary, academic screening tests on O.L.,** M.L. and D.C. True and correct copies of the summary test results for each child are attached hereto **as Exhibits B,** 1:14-17, 13, 14] C and D, respectively. | 3. The Declaration of Carlos A. Flores regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | 3. Overruled |
| 3. I conducted the testing in my office in Pasadena. The point of this testing was not to complete a psychoeducational assessment / special education evaluation for the children, but rather to look at their academics to see whether they have flags that would indicate the need for further testing.<br>4. I administered the Woodcock-Johnson IV Tests of Achievement Form A and Extended (Norms based on age 12-5) to M.L. This test measures academic | 4. The District objects to the entire declaration as improper expert testimony on the bases that the testimony is not based on sufficient facts or data and/or upon reliable principles and methods and/or the declarant has not reliably applied the principles and methods to the present facts and/or the declarant is otherwise unqualified to proffer such testimony. Fed. R. Evid. 602, 702, 703; see *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1993). | 4. Overruled |
| | 5. The District objects to | 5. Overruled |

| Declaration/Testimony of Carlos A. Flores, Psy. D. | Objection | Ruling |
|---|---|---|
| achievement in reading, spelling, and mathematics. I administered the test in English. I attempted to administer the test in Spanish, but M.L. was not able to respond in Spanish. Based on the test results, I concluded that **[Objection 4: <mark>M.L. has significant disabilities that will affect his learning, and that academically he is functioning at an exceptionally low level. 1:26-28.]</mark>[Objection 5: <mark>I suspect he has learning disabilities including a serious auditory processing disorder and dyslexia, but further testing is needed to confirm. 1:28, 2:1.]</mark>** I recommend a complete psychoeducational assessment, i.e. an initial special education evaluation, to determine the nature of his disability and his special education needs. | the entire declaration as improper expert testimony on the bases that the testimony is not based on sufficient facts or data and/or upon reliable principles and methods and/or the declarant has not reliably applied the principles and methods to the present facts and/or the declarant is otherwise unqualified to proffer such testimony.  Fed. R. Evid. 602, 702, 703; see *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1993). | |
| 5. **[Objection 6: <mark>M. L.'s academic delays (Auditory Processing Disorder, Dyslexia) were also noted in his brother's (O.L) academic profile. 2: 4-5.]</mark>** This finding is consistent with research indicating that Dyslexia (a language based learning disability) is genetic in nature. **[Objection 7: <mark>In sum, test findings (see attached screening report) indicated</mark>** | 6.  The Declaration of Carlos A. Flores regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative and this testimony is irrelevant.  Fed. R. Evid. 401, 402. | 6.  Sustained on other grounds (hearsay) |
| | 7.  The District objects to the entire declaration as improper expert testimony on the bases that the testimony is not based on sufficient facts or data and/or | 7.  Overruled |

| Declaration/Testimony of Carlos A. Flores, Psy. D. | Objection | Ruling |
|---|---|---|
| that M.L. and his brother O.L. experience significant auditory processing deficits, which impede access to their academic curriculum. 1:6-9.] M.L.'s poor reading skills (and therefore his extremely low academic test scores evidenced on the current evaluation) are so obvious; [Objection 8: they should have been flagged by his school staff so that the proper assessment process would have been initiated. 1:9-12.] Additionally, M.L.'s clinical presentation was remarkable for behaviors (i.e., marked distractibility) observed in children diagnosed with an attentional disorder. However, additional psychometric testing is required to corroborate this diagnosis. | upon reliable principles and methods and/or the declarant has not reliably applied the principles and methods to the present facts and/or the declarant is otherwise unqualified to proffer such testimony.  Fed. R. Evid. 602, 702, 703; see *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Declaration of Carlos A. Flores regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative and this testimony is irrelevant.  Fed. R. Evid. 401, 402. | |
| 6.  [Objection 9: I administered the Batería III Normative Pruebas de Aprovechamiento Woodcock Muñoz III to O.L. This is a Spanish-language version of the Woodcock-Johnson Achievement Test. After speaking with O.L. for a time, I determined that testing in Spanish would yield the most accurate results, because O.L.'s English skills are very limited. Based on O.L.'s test results, I concluded that he has significant disabilities; and | 8.  The District objects to the entire declaration as improper expert testimony on the bases that the testimony is not based on sufficient facts or data and/or upon reliable principles and methods and/or the declarant has not reliably applied the principles and | 8.  Sustained |

| Declaration/Testimony of Carlos A. Flores, Psy. D. | Objection | Ruling |
|---|---|---|
| apart from relative strengths in math, O.L. is functionally illiterate. The undersigned opines that, given O.L.'s severe reading impairments (and therefore his extremely low test scores yielded during the undersigned's evaluation), educators working with him should have identified his current academic difficulties; and therefore provide the appropriate interventions to address/prevent further academic deterioration. However, I have not been informed of any educational intervention(s) geared toward evaluating O.L's academic functioning or any other difficulties (e.g. a language disorder). In sum, O.L. and his brother M.L. demonstrated academic deficits observed in children with a severe auditory processing disorder and possibly a language based learning disability. 2:16-28, 3:1-2.] M.L.'s clinical presentation was also remarkable for attentional problems, a finding that is suggestive of an attention deficit disorder. <br> 7. Please note that, these are provisional diagnoses – based on screening evaluations. As | methods to the present facts and/or the declarant is otherwise unqualified to proffer such testimony.  Fed. R. Evid. 602, 702, 703; see *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). <br><br> 9.  The District objects to the entire declaration as improper expert testimony on the bases that the testimony is not based on sufficient facts or data and/or upon reliable principles and methods and/or the declarant has not reliably applied the principles and methods to the present facts and/or the declarant is otherwise unqualified to proffer such testimony.  Fed. R. Evid. 602, 702, 703; see *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Declaration of Carlos A. Flores regarding O.L. is irrelevant because Plaintiffs do not propose that he is a | 9.  Sustained in part. Strike <"The undersigned opines that . . . (e.g. a language disorder)."> |

| Declaration/Testimony of Carlos A. Flores, Psy. D. | Objection | Ruling |
|---|---|---|
| such, a definitive diagnosis cannot be recommended at this time. Therefore, M.L. **[Objection 10: and O.L. will need a comprehensive psychoeducational evaluation to thoroughly assess their academic skills as well as other functions (i.e., intellectual abilities, attention and concentration, memory capacity, language skills). This strategy is likely to prove helpful in the determination/corroboration of appropriate diagnoses, which can then be instructive in the implementation of effective clinical and educational interventions to address and/or prevent any further deterioration in** M.L.'s **and O.L.'s academic and adaptive functioning. 3: 6-12.]** | class representative and this testimony is irrelevant.  Fed. R. Evid. 401, 402. | |
| | 10. The Declaration of Carlos A. Flores regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative and this testimony is irrelevant.  Fed. R. Evid. 401, 402. | 10. Sustained in part. Strike <"which can then be instructive . . . adaptive functioning."> |
| 8.  I administered the Woodcock-Johnson IV Tests of Achievement Form A and Extended (Norms based on age 13-8) to D.C. I administered the test in English. Based on the test results, I concluded that D.C has some flags that indicate that further investigation into possible disabilities is needed. In particular, her low score in the area of "Word Attack" is of concern, and it likely indicates | 11. The District objects to the entire declaration as improper expert testimony on the bases that the testimony is not based on sufficient facts or data and/or upon reliable principles and methods and/or the declarant has not reliably applied the principles and methods to the present facts and/or the declarant is otherwise unqualified to proffer such testimony.  Fed. R. Evid. 602, 702, 703; see *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). | 11. Overruled |

| | Declaration/Testimony of Carlos A. Flores, Psy. D. | Objection | Ruling |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | marked weaknesses in word attack skills (phonological decoding), a factor that unquestionably impacted D.C.'s reading accuracy and comprehension. On paragraph reading, D.C.'s phonological decoding of written language (letter-sound correspondence) was compromised (fourth grade equivalent). She demonstrated numerous reading errors including, function word errors (word substitutions/omission) and a tendency to rush and not take the time to fully read the words (may have employed sight reading strategies). These difficulties are suggestive of a cognitive/auditory processing deficit. **[Objection 11: This condition is a language-based learning disability that undoubtedly interferes with D.C.'s ability to sound out words accurately. 2:25, 3:1.]** I recommend a complete psychoeducational assessment, i.e. an initial special education evaluation, to determine the nature of D.C's disability and her special education needs. | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. | | |
| 25 | | | |
| 26 | | | |

27   **E. Declaration/Testimony of Justin Fawell Regarding O.L.**

28

| Declaration/Testimony of Justin Robert Fawell, PA- C | Objection | Ruling |
|---|---|---|
| **[Objection 1. Entire Declaration of Justin Robert Fawell 1:1-2:5.]**<br>1. I make this declaration of my own personal knowledge of the facts stated herein. If called as a witness in this proceeding, I could and would competently testify thereto.<br>2. I am a licensed Physician's Assistant, authorized to practice in the State of California. I graduated from George Washington University with a master's in health science degree in the physician assistant program. I also have a Master's in Public Health from George Washington University. I have worked at Clinicas for approximately ten years.<br>3. I am employed as Physician Assistant by Clinicas Del Camino Real ("Clinicas"), in Ventura County, California. In my capacity as a Physician's Assistant, I am readily familiar with the record keeping practices of Clinicas, and how patient files and related documents are handled and maintained in the regular course of business. **[Objection 2: Attached hereto as Exhibit A is a true and correct copy of relevant excerpts of the Clinicas' patient file for O.L. 1:14-15, 5-10.]**<br>4. **[Objection 3: On February 15, 2019, I conducted a well** | 1. The Declaration of Justin Robert Fawell regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | 1. Overruled |
| | 2. The Declaration of Justin Robert Fawell regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. The District also object to this attachment because it has not been properly authenticated and declarant has failed to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. | 2. Overruled |
| | 3. The Declaration of Justin Robert Fawell regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | 3. Overruled |
| | 4. The Declaration of | 4. Overruled |

| | Declaration/Testimony of Justin Robert Fawell, PA- C | Objection | Ruling |
|---|---|---|---|
| | child examination on O.L. I conducted a follow-up examination on March 18, 2019. I made notes for O.L.'s patient file during both visits, which I dictated and finalized immediately after each visit. Those notes are contained in the attached patient file (Ex. A (2/15/19 visit); Ex. A. (3/18/19 visit)). O.L. was accompanied by his mother, E.E., at both visits. 1:16-20.]<br><br>5. [Objection 4: At the visit on February 15, 2019, I decided to do screen O.L. for possible disabilities because his mother expressed concern that he struggles in school, and that he was in the fifth grade but could not read any basic words. I presented O.L. with the word 'cat' and he could not read it, and he also could not add 4+2. 1:21-24.]<br><br>6. [Objection 5: Based on my experience treating children as a Physician's Assistant, I was very concerned about O.L.'s inability to read or recognize basic letters. I thought that he showed signs of a profound learning disorder. I decided to write a prescription for the school requesting an evaluation to identify his specific learning disorder. 1:25-28.]<br><br>7. [Objection 6: O.L. and his | Justin Robert Fawell regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. The District also objects because the testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 802.<br><br>5. The Declaration of Justin Robert Fawell regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. The District also objects to this testimony as speculative and because the declarant has not introduced evidence sufficient to support a finding that the declarant has personal knowledge or expertise to offer an opinion concerning | 5. Sustained in part. Strike <"Based on my experience . . . profound learning disorder."> |

| Declaration/Testimony of Justin Robert Fawell, PA- C | Objection | Ruling |
|---|---|---|
| mother came to Clinicas for a follow-up visit on March 18, 2019. 2:7.] <br> 8. [Objection 7: After that visit, also on March 18, 2019 I contacted Learning Rights Law Center regarding providing assistance for O.L. and his family, based on my understanding from talking to O.L.'s mother that O.L.' s school had still not addressed his possible disabilities. I thought that O.L.'s mother should keep trying to get O.L. services. 2:2-5.] | signs of a learning disorder. Fed. R. Evid. 602, 701; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). | |
| | 6. The Declaration of Justin Robert Fawell regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. | 6. Overruled |
| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. | 7. The Declaration of Justin Robert Fawell regarding O.L. is irrelevant because Plaintiffs do not propose that he is a class representative. Fed. R. Evid. 401, 402. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation. Fed. R. Evid. 602. The District also objects because the testimony is a hearsay statement being offered to prove the truth of the matter asserted by someone | 7. Sustained in part. Strike <"based on my . . . get O.L. services."> |

| Declaration/Testimony of Justin Robert Fawell, PA- C | Objection | Ruling |
|---|---|---|
| | other than the declarant and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |

### F.  Declaration/Testimony of Claudia Mercado

| Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|
| I, Claudia Mercado, declare as follows:<br>1.  I make this declaration based on my personal knowledge and, if called to testify, could and would testify as follows.<br>**Background on Primero Los Niños**<br>2.  I am the founder of Primero Los Niños (in English translated to "Children First"), a membership organization made up of parents of children with disabilities and/or difficulties learning English who attend school in the Oxnard School District. **[Objection 1: I, along with several other parents, realized the need for such a group in the Summer of 2014, after learning that we had shared experiences seeking services for our children in the District. 1:9-11.]** We began to have monthly meetings during the 2014-2015 school year. The monthly meetings have attracted an average of 10- | 1.  The District objects to this testimony as speculative and because the declarant has not introduced evidence sufficient to support a finding that the declarant has personal knowledge. Fed. R. Evid. 602.  To the extent that declarant was not present during such discussions and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802.<br><br>2.  The District objects to this testimony as speculative and because the declarant has not introduced evidence sufficient to | 1.  Overruled<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>2.  Overruled |

| | Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|---|
| 3 4 5 6 7 8 9 10 11 12 13 | 12 members, although those members have changed over time. In between the monthly meetings, we have also held informal meetings with individual families who have specific questions about their children's educational rights. Thus, the overall number of families who we are typically involved with is 15-20 at any given time.<br><br>3. Primero Los Niños members usually meet on a monthly basis during the school year. Although, from November 2017 through April 2018, I did | support a finding that the declarant has personal knowledge. Fed. R. Evid. 602.  To the extent that declarant was not present during such discussions and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |
| 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | not call formal meetings because I was dealing with a medical condition. During that time period, we continued to meet informally, and again began holding formal meetings in May of 2018.<br><br>4. At Primero Los Niños meetings, **[Objection 2. we typically discuss common concerns affecting our children's education and options for addressing those concerns. 1:23-25.] [Objection 3. Primero Los Niños provides parents with educational information about their rights as well as the procedures for filing complaints on a variety of issues, including special education, language access** | 3.  The District objects to this testimony as speculative and because the declarant has not introduced evidence sufficient to support a finding that the declarant has personal knowledge. Fed. R. Evid. 602.  To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. | 3.  Overruled |

| Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|
| **and school conditions' issues. 1:25-27.]** | 802. | |
| 5. As the founder of Primero Los Niños, I have worked with other members of the group to advocate for and support parents facing a variety of issues in the Oxnard School District, many of which are unrelated to the District's special education system. | 4. The District objects to this testimony as speculative and because the declarant has not introduced evidence sufficient to support a finding that the declarant has personal knowledge. Fed. R. Evid. 602. To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 4. Overruled |
| 6. For example, Primero Los Niños has taken a variety of advocacy approaches to improve the overall quality of the English learner language immersion programs within the Oxnard School District, and to advocate for better inclusion of students of Mixtec origin in the District's language immersion programs. As members of Primero Los Niños, we have also fought for more education funding, and better use of existing funding, for English learning programs within the District. We have also advocated for improved quality of education in the general education population, for all kids, including through improved physical conditions in the District. | | |
| 7. In some cases, **[Objection 4. we have filled out complaint forms on behalf of parents. 2:14-15.]** In other cases, **[Objection 5. we have** | 5. The District objects to this testimony as speculative and because the declarant has not introduced evidence sufficient to support a finding that the declarant has personal knowledge. Fed. R. Evid. 602. To the extent that declarant has not personally taken such action and the information was | 5. Overruled |

| Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|
| provided them with information about their rights and resources to assist them. 2:15-16.] <br> 8. [Objection 6. We also provide information and assistance to parents regarding procedures for requesting their children's educational records from the District. 2:17-18.] | obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |
| 9. In areas where we have seen common issues occur, [Objection 7. we have prepared Public Records Act requests to identify the District's policies and procedures regarding those issues as well as relevant data to assess their impact. 2:19-21.] | 6. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602. To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 6. Overruled |
| 10. For example, [Objection 8: we have prepared Public Records Act requests regarding the District's policies and practices regarding staff administrative leaves, the District's Williams Act complaints, the District's policies and practices regarding requests for police assistance, and various of the District's English Language Learner policies and practices, as well as complaints and policies and practices regarding the District's special education policies. 2:22-27.] | 7. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602. To the extent that declarant | 7. Overruled |

| | Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 | 11. Additionally, **[Objection 9. in situations where legal advocacy may be needed, we have referred parents to advocacy groups such as the Learning Rights Law Center. 3:1-2.]**<br>12. We have also held events where we invite representatives of legal advocacy groups and other non-profits to provide parents with educational information about their rights. | has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |
| 10 11 12 13 14 15 16 17 18 19 20 21 | 13. Primero Los Niños continues to actively address the needs of its members, and we have met on a monthly basis throughout the 2018-2019 school year. In between those meetings, I and **[Objection 10: other members answer questions from parents and members regarding their children's needs with regard to special education, language access, and school conditions, and advocate for those students as best we can. 3:8-11.]** | 8. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 8. Overruled |
| 22 23 24 25 26 27 28 | **Harm to the Organization**<br>14. **[Objection 11. The Oxnard School District's practice of failing to timely identify and evaluate children who may need special education or other disability-based services and accommodations 3:13-16]** frustrates Primero Los Niños' mission of ensuring that children in the District have | 9. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and | 9. Overruled |

| Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|
| appropriate educational services. | is speculative. Fed. R. Evid. 602. To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |
| 15. In response to several questions and concerns raised by parents of students with suspected disability-related needs, **[Objection 12. we have had to educate our members about their rights to have their children assessed for appropriate disability-based services and the procedures for challenging the District's failures to conduct such assessments. 3:18-21.]** | | |
| 16. We have spent significant amounts of time and resources fielding questions and complaints and seeking out referrals and options for advocacy regarding **[Objection 13. the District's failure to identify and serve the needs of children with disabilities. 3:24-25.]** | 10. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602. To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 10. Overruled |
| 17. **[Objection 14. We have formally requested public records from the District to identify relevant data and other public information needed to assess the effectiveness of the District's policies and practices regarding its special education program, including its policies and practices regarding the identification and assessment of children with disability-related needs.** | 11. The District objects to the testimony because the declarant lacks personal knowledge | 11. Sustained |

| Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|
| 3:26-28,4:1-2.]<br>18. Primero Los Niños has also hosted events where we have invited advocates to assist parents whose children need special educations services and have been unable to secure special education assessments from the District. | and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602. | |
| 19. As members of Primero Los Niños, **[Objection 15: we work diligently to respond to every question and complaint regarding the District's special education policies, English language learning programs, and funding and school conditions. However, it has taken significant time and effort to respond to the complaints we have received regarding the District's practices for identifying children who may have disabilities, which means that we have spent more time and effort than we should need to on special education, as opposed to spending time and effort on other issues within the District. 4:6-13.]** | 12. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant is referring to the experiences or statements of others, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 12. Sustained in part. Strike <"failures to conduct such assessments"> and replace with <"practices"> |
| 20. **[Objection 16. We continue to field complaints on these issues and have referred such complaints to advocacy groups, such as the Learning Rights Center for Advocacy. 4:14-16.]** | 13. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the | 13. Sustained |
| **Harm to the Members of** | | |

| Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|
| **Primero Los Niños**<br>21. Based on my interaction with our members, **[Objection 17. I believe that since our formation in 2014, at least 20 members of Primero Los Niños have been affected by the Oxnard School District's practice of failing to timely identify and evaluate children who may need special education services or other disability-based services and accommodations. 4:18-22.]** [Objection 18. **We have provided them information about their rights and referred the majority of them to Learning Rights Law Center and other advocacy groups. 4:22-24.]** [Objection 19. **We continue to receive complaints and concerns about these issues and will address them as we meet during the 2018-2019 school year. 4:24, 5:1.]** [Objection 20. **As these issues continue to arise, we will continue to make such referrals. 5:1-3]** | statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |
| | 14. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant is referring to the experiences or statements of others, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 14. Overruled |
| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. | 15. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the | 15. Overruled |

| | Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|---|
| | | statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |
| | | 16. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 16. Overruled |
| | | 17. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant has not personally taken such action and the information was | 17. Sustained |

| | Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|---|
| | | obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |
| | | 18. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 18. Overruled |
| | | 19. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602.  To the extent that declarant | 19. Overruled |

| Declaration/Testimony of Claudia Mercado | Objection | Ruling |
|---|---|---|
| | has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | |
| | 20. The District objects to the testimony because the declarant lacks personal knowledge and assumes facts not in evidence and thus lacks foundation and is speculative. Fed. R. Evid. 602. To the extent that declarant has not personally taken such action and the information was obtained from someone other than declarant, the statement is hearsay and does not fall within an exception to hearsay. Fed. R. Evid. 802. | 20. Overruled |

### G. Declaration/Testimony of Patsy A. Van Dyke

| Declaration/Testimony of Patricia A. Van Dyke | Objection | Ruling |
|---|---|---|
| I, Patricia A. Van Dyke, declare as follows:<br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br>2. I am a member of the State Bar of California and am admitted to practice before this court. I am counsel for Plaintiff and the proposed class in this matter. | 1. The District objects to this attachment because it has not been properly authenticated and declarant has failed to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. | 1. Overruled |
| 3. I am the Director of the Environmental Justice in Education Project at Learning Rights Law Center.<br>**Exhibits**<br>4. [Objection 1**: Attached hereto as Exhibit A is a true and correct copy of A.E.'s educational records obtained from Rio School District. My office obtained these records via an educational records request. 1:11-13, 4-10.**]<br>5. [Objection 2: **Attached hereto as Exhibit B is a true and correct copy of D.C.'s educational records obtained from Rio School District. My office obtained these records via an educational records request. 1:14-16, 12-15.**]<br>I declare under penalty of perjury under the laws of the United States that the foregoing is true and | 2. The District objects to this attachment because it has not been properly authenticated and declarant has failed to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. | 2. Overruled |

| Declaration/Testimony of Patricia A. Van Dyke | Objection | Ruling |
|---|---|---|
| correct. | | |

IT IS SO ORDERED.

Dated: July 30, 2019

_____

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE