1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

J.R. a minor, by and through her
guardian ad litem, Janelle McCammack,
*et. al.*

                    Plaintiffs,

        v.

OXNARD SCHOOL DISTRICT, *et al.*,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:17-cv-04304-JAK-FFM

**ORDER RULING ON
PLAINTIFFS' EVIDENTIARY
OBJECTIONS TO
DEFENDANTS' EVIDENCE AND
DECLARATIONS SUBMITTED
IN OPPOSITION TO
PLAINTIFFS' SECOND
RENEWED MOTION FOR
CLASS CERTIFICATION (DKTS.
[258], [259])**

The Court, having considered the evidence and Plaintiffs' Evidentiary Objections to Defendants' Evidence and Declarations Submitted in Opposition to Plaintiffs' Second Renewed Motion for Class Certification, hereby rules as follows:

| Declaration of Altagracia Lopez-Arrelano (Dkt. 252-3) | Objection | Ruling |
|---|---|---|
| I, Altagracia Lopez-Arellano, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am a teacher at Haydock Academy of Arts and Sciences ("Haydock") in the Oxnard School District ("OSD" or the "District), where I teach Math. I have worked in this position for the last fourteen (14) years but have worked as an educator, either in a teaching or administrative capacity, for a total of twenty (20) years.<br><br>3. I have a Multiple Subject Teaching credential and a Supplemental Credential in Math with the State of California. As part of the Multiple Subject credentialing program I completed, I attended courses | | |

related to Special Education. Additionally, I received training from the District's Special Education Department regarding Child Find on February 20, 2018. Throughout my career as an educator, I have interacted with and taught numerous students with IEPs.

4. I have also attended professional development meetings and trainings which have dealt with identifying students with disabilities and special needs. I understand that if I suspect that a student has a disability, it is my duty to refer the student for special education assessment.

5. Student A.E. is currently a student in my math class. As his math teacher, I have observed and monitored A.E.'s academics, behavior, and social/peer relations.

6. When A.E. first began in my class in January 2019, he did struggle academically and had difficulty finishing assignments. However, I did not suspect that A.E. had a disability. I was aware that A.E. had spent the prior year in Mexico. Additionally, I did not have any information regarding his prior academic performance. Therefore, I concluded that his

academic struggles were a result of his difficulties transitioning to Haydock after living in Mexico. In order to allow A.E. to transition smoothly, I provided him with additional time to complete his assignments.

7. On March 4, 2019, A.E. completed one of the four progress tests that I give my students each year. A.E. missed the first two tests given during Fall 2018 because he was not attending Haydock at the time. Given that A.E. only joined Haydock in January, A.E. scored better than expected on this test. His score was only one grade below his current grade level, which indicated to me that A.E. was able to understand grade level math concepts and capable of doing his work. A.E. continues to improve academically in my class and his current grade is a "B".

8. I have never had any behavior concerns regarding A.E. He is well-behaved and polite.

9. I first met A.E.'s mother, T.L., during Parent-Teacher conferences in early February. T.L. said she had come to meet with me because she was concerned about A.E.'s progress. **[Objection 1: I explained to her that at the time A.E. did not**

| | |
|---|---|
| 1. Plaintiffs object on the basis that the witness lacks personal | Overruled |

| | | |
|---|---|---|
| have a good grade because he was not completing his assignments. I recommended to T.L. that A.E. seek additional help from his academic counselor who could work with him to ensure that he completed his assignments. I explained that A.E. needed more time to transition at Haydock. I also recommended to T.L. that A.E. get tested for glasses because he struggled with seeing the board in class.] | knowledge and foundation to the extent this testimony is being used to assert the understanding of T.L.  F.R.E. 602. Also, improper opinion testimony. FRE 701, 702. Furthermore, the testimony is hearsay. FRE 801. | |
| 10. [Objection 2: I understand that T.L. has represented that, at some point, I allegedly advised her to get A.E. evaluated for special education services. I also understand that T.L. claims that I told her not to tell the Haydock administrators that I suggested that A.E. get evaluated. These claims by T.L. are not true. I at no point advised T.L. that she should request a special education evaluation for A.E. And I certainly never told her not to mention that I provided this alleged advice.] | 2. Plaintiffs object on the basis that the witness lacks personal knowledge and foundation to the extent this testimony is being used to assert the understanding of T.L.  F.R.E. 602. Furthermore, this testimony is all hearsay. FRE 801. | Overruled |
| 11. I interacted with T.L. again on February 26, 2019 when she came to observe A.E. in my classroom. We discussed A.E. 's progress. [Objection 3: I offered afterschool tutoring for | 3. Plaintiffs object on the basis that the witness lacks personal knowledge and foundation to | Overruled |

| | | |
|---|---|---|
| **26 A.E., but T.L. declined and explained that A.E. could receive help at home. I also reminded T.L. to get A.E. tested for glasses. However, I did not tell T.L. that she should request a special education evaluation for A.E. as I did not suspect A.E. to have a disability or to otherwise need special education services.]** | the extent this testimony is being used to assert the understanding of T.L. F.R.E. 602. Furthermore, this testimony is hearsay. F.R.E. 801. Also improper opinion testimony. Declarant has not been qualified as an expert is disability assessments or determinations. F.R.E.602, 701, 702. | |
| 12. I have never contacted T.L. via telephone to discuss A.E.'s performance in my class. | | |
| **13. [Objection 4: Based on A.E.'s classroom performance and my observation as a teacher, I do not suspect that A.E. has a disability, nor have I noticed any "red flags" that indicate A.E. has special needs. My experience is that A.E. is well behaved, is able to participate in normal peer social interactions, expresses himself well verbally and in writing, and is academically capable.]** | 4. Plaintiffs object on the basis that this testimony is improper opinion testimony. The witness has not provided sufficient foundation for the opinion offered. She has not been qualified as an expert in disability assessments or what constitute "red flags" for disability, clinically or legally. F.R.E. 602, 701, 702. | Overruled |
| 14. Based on A.E. 's classroom performance and my observation as his teacher, I do not suspect that A.E. has a disability, nor have I noticed any "red flags" that indicate that A.E. has special needs. My experience is that A.E. is well behaved, is able to | | |

| | | |
|---|---|---|
| participate in normal peer social interactions, expresses himself well verbally and in writing, and is academically capable . I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of May 2019, in Oxnard, California. | | |
| **Declaration of Carol Flores Beck**<br>**(Dkt. 252-4)** | **Objection** | **Ruling** |
| I, Carol Flores Beck, declare as follows: 1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts. 2. I am the Principal at Driffill Elementary School ("Driffill") in the Oxnard School District ("OSD" or the "District) and have been in this position for nine (9) years, five (5) of which have included K-8. As Principal, I am responsible for, among other things, the operations of the school site in furtherance of the education, health, and safety | | |

of students. Prior to my current position, I worked as an administrator for about 20 years and held positions as Principal, Director, Assistant Principal, and Dean. Of my years as an administrator, 11 years involved the middle school age group. Before becoming an administrator, I was a teacher for about eight (8) years, including two years as a 7th and 8th grade teacher.

3. I have Single Subject Teaching credentials in Physical Education and Spanish, a Multiple Subject credential for K-12, and an Administrative credential with the State of California. I participated in courses related to Special Education in undergraduate and graduate school. I have also attended professional development meetings and other trainings, including the District's February 20, 2018 "Child Find" Training, which have dealt with identifying students with disabilities and special needs. In addition, throughout my career as an educator, I have interacted with numerous students with IEPs.

4. D.C. transferred to Driffill from Fremont Academy during the current 2018-2019 school year. **[Objection 1: I know that**

| | |
|---|---|
| 1. Plaintiffs object on the basis | Sustained |

| | | |
|---|---|---|
| **D.C. was suspended from Fremont Academy prior to joining our school. D.C.'s transfer was initiated by Parent and involved an administrative placement. Typically, the procedure for this type of transfer is that the parent will request a transfer from the District and the Director of Pupil Services, Mr. Chris Ridge, and his staff will coordinate the transfer if such request is authorized.]** Driffill provides a smaller environment at the middle school grades 6-8) level. | that this testimony lacks foundation and personal knowledge. Based on speculation. F.R.E. 601, 602. Hearsay F.R.E. 801. | |
| 5. **[Objection 2: While at Driffil, D.C. has demonstrated some defiant behavior, but overall D.C. is an average student that does not exhibit behavior that is atypical for her age group. I do not suspect that D.C. has or may have a disability.]** | 2.  Plaintiffs object on the basis that this testimony lacks foundation. FRE 601. Improper opinion testimony. FRE 701, 702.  Declarant has not been qualified as an expert in typical behavior for children of D.C.'s age group, not is she an expert on disability-related behavior or qualifying disabilities. | Overruled |
| 6. **[Objection 3: I understand that D.C.'s mother asserts that she sent a fax request for an assessment in November of 2018. I have no knowledge of such request. I have never seen or received a fax request for D.C. to be assessed for disability. Usually, when a fax is sent outside of school hours, the sender will follow-up** | 3. Plaintiffs object on the basis that this testimony lacks foundation. Witness has established no basis to testify regarding the fax procedures at the school, or what parents "usually" do.  Improper speculation. FRE 601, 602. Hearsay F.R.E. 801. | Overruled |

**telephonically to confirm whether the fax was received. I am not aware of any communication from D.C.'s Parent, or anyone, concerning a fax request for D.C. to be assessed.]**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of May 2019, in Oxnard, California.

| Declaration of Carlen Handley (Dkt. 252-5) | Objection | Ruling |
| --- | --- | --- |
| I, Carlen Handley, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am a teacher at Haydock Academy of Arts and Sciences ("Haydock") in the Oxnard School District ("OSD" or the "District), where I teach science. I have worked in this position for the last two (2) years.<br><br>3. I have a Single Subject Teaching Credential in Science | | |

| | | |
|---|---|---|
| with the State of California. As part of the credentialing program I completed, I attended courses related to Special Education. Additionally, I received training from the District's Special Education Department regarding Child Find on February 20, 2018. Throughout my career as an educator, I have interacted with and taught numerous students with IEPs. | | |
| 4. I understand that if I suspect that a student has a disability, it is my duty to refer the student for special education assessment. | | |
| 5. Student A.E. is currently a student in my science class and advisory class. As his teacher, I have observed and monitored A.E.'s academics, behavior, and social/peer relations. | | |
| 6. **[Objection 1: When A.E. first joined my classes in January 2019 he rarely completed his assignments and often misbehaved in class. However, after reading A.E.'s entries in his journal I realized that A.E. is very capable of doing the work. His journal work is very focused, written with elaborate stories and complete sentences. A.E. 's ability to communicate and write is far above many of his classmates, but he does not** | 1. Plaintiffs object on the basis that this testimony lacks foundation. FRE 601. Improper opinion testimony. FRE 701, 702.  Declarant has not been qualified as an expert in typical behavior or the typical communication abilities for children of A.E.'s age group; she an expert on disability-related behavior or qualifying disabilities. Hearsay F.R.E. 801. | Overruled |

| | | |
|---|---|---|
| show this ability in his coursework.] | | |
| 7. **[Objection 2: At the second trimester progress report, A.E. had an "F" in science. Therefore, I had a Parent-Teacher conference with A.E.'s mother, T.L, during the first week of February to discuss A.E.'s academic struggles and behavior. I explained to her, that I believed that A.E. is capable of performing well if he puts in the effort and behaves in class. I recommended that A.E. come to my afterschool tutoring program so that I could provide him with additional assistance. T.L. agreed to send A.E. to afterschool tutoring. However, A.E. has yet to attend afterschool tutoring.]** | 2. Improper opinion testimony. Declarant has not been qualified as an expert with respect to how A.E. is capable of performing. F.R.E. 602, 701, 701. Lacks foundation. Based on speculation. Hearsay. F.R.E. 801. | Overruled |
| 8. **[Objection 3: On February 26, 2019, T.L. came to A.E.'s science and advisory class to observe him. T.L. explained that she believed that A.E. was being bullied. To my knowledge, A.E. has never been bullied by other students.]** | 3. Hearsay. F.R.E. 801. Lacks personal knowledge and foundation to state that A.E. "has never been bullied by other students." F.R.E. 602 | Overruled |
| 9. As the school year has progressed, I have seen an improvement in A.E.'s work. He currently has a "B" in science. | | |

| | | |
|---|---|---|
| 10. I have never called T.L. via phone to discuss A.E. 's grades and progress in his science or advisory class. | | |
| 11. **[Objection 4: Based on A.E.'s classroom performance and my observation as his teacher, I do not suspect that A.E. has a disability, nor have I noticed any "red flags" that indicate that A.E. has special needs. My experience is that A.E. is capable to perform at grade level but his failure to complete assignments timely is affecting his grades. His exemplary journal work indicates that he can perform academically well. Additionally, his behavior concerns are not out of the ordinary for a typical junior-high student and do not rise to a level that I suspect A.E. has a disability.]** | 4. Improper opinion testimony. Declarant has not been qualified as an expert in disability assessments, determinations or requirements, or what constitutes a "red flag" for disability, clinically or legally. Declarant has also laid an insufficient foundation and has not qualified to offer an opinion regarding what is "ordinary for a typical high school student." F.R.E. 602, 701, 702 | Overruled |
| 12. **[Objection 5: I have never told T.L. that she should request a special education evaluation for A.E. because I do not suspect A.E. to have a disability or to otherwise need special education services.]** | 5. Improper opinion testimony. Declarant has not been qualified as an expert in disability assessments, determinations or requirements, clinically or legally. Insufficient foundation for the opinion offered. F.R.E. 602, 701, 702.  Hearsay. F.R.E. 801. | Overruled |
| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. | | |

| Executed this 16th day of May 2019, in Oxnard, California. | | |
| :--- | :--- | :--- |
| **Declaration of Elizabeth Montoya (Dkt. 252-6)** | **Objection** | **Ruling** |
| I, Elizabeth Montoya, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am a teacher at Haydock Academy of Arts and Sciences ("Haydock") in the Oxnard School District ("OSD" or the "District), where I teach general education social studies. I have worked in this position for the last school year but have worked as an educator for a total of eighteen (18) years.<br><br>3. I have a Single Subject Credential in Social Studies with the State of California. As part of my teaching credential program I attended courses related to Special Education. Additionally, I received training from the District's Special Education Department regarding Child Find. Throughout my career as an educator, I have interacted | | |

| | | |
|---|---|---|
| with and taught numerous students with IEPs. | | |
| 4. I understand that if I suspect that a student has a disability, it is my duty to refer the student for special education assessment. | | |
| 5. Student A.E. is currently a student in my social studies class. As his teacher, I have observed and monitored A.E. 's academics, behavior, and social/peer relations. | | |
| 6. When A.E. first joined my class in January 2019 he rarely completed his assignments. **[Objection 1: When I worked individually with A.E., I realized that he is capable of performing and completing his work. However, I believe that he lacks the confidence in his skills and is often unmotivated.]** At the end of the second trimester, A.E. had a "C+" in my class. | 1. Improper opinion testimony. Declarant has not been qualified as an expert in child psychology or disability assessment determinations or requirements. Insufficient foundation for the opinion offered. F.R.E. 602, 701, 702 | Overruled |
| 7. A.E. is very polite and respectful. I have not had any behavior concerns with A.E. | | |
| 8. **[Objection 2: I have called A.E.'s mother, T.L., about four (4) times to discuss A.E.'s progress and my concerns regarding his lack of turning in assignments. However, T.L. never answered the phone** | 2. Hearsay. F.R.E. 801. | Overruled |

| | | |
|---|---|---|
| calls. T.L. never returned my calls.] | | |
| 9. I first met T.L. during Parent-Teacher conferences in early February. I explained to T .L. that A.E. could raise his grade by bringing in his required binder. The next day, A.E. came with the necessary binder. I also explained to T.L. how to access the Parent Portal so that she could keep track of A.E. 's assignments and progress. | | |
| 10. A.E. currently has a "C-" in my class. However, this is only due to his failure to complete five (5) assignments. A. E. has received a 100% on every other 7 assignment. | | |
| 11. [Objection 3: I have never told T.L. that she should request a special education evaluation for A.E. because I do not suspect A.E. to have a disability or to otherwise need special education services.] | 3. Improper opinion testimony. Declarant has not been qualified as an expert in disability assessments, determinations or requirements, clinically or legally. Insufficient foundation for the opinion offered. F.R.E. 602, 701, 702.  Hearsay. F.R.E. 801. | Overruled |
| 12. [Objection 4: Based on A.E.'s classroom performance and my observation as his teacher, I do not suspect that A.E. has a disability, nor have I noticed any "red flags" that indicate that A.E. has special needs. My experience is that | 4. Improper opinion testimony. Declarant has not been qualified as an expert in disability assessments, determinations or requirements, or what constitutes a "red flag" for disability, clinically or legally. Declarant has also laid an | Overruled |

| | | |
|---|---|---|
| **A.E. is capable to perform at grade level but his failure to complete assignments is affecting his grades. A.E. is able to understand the classroom content and is able to participate in class discussions with appropriate academic vocabulary. Additionally, he has no behavior issues.]**<br><br>I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 16th day of May 2019, in Oxnard, California. | insufficient foundation for the opinion offered. F.R.E. 602, 701, 702 | |

| **Declaration of Gilbert Elizarraraz (Dkt. 252-7)** | **Objection** | **Ruling** |
|---|---|---|
| I, Gilbert Elizarraraz, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am an Assistant Principal at Driffill Elementary School ("Driffill") in the Oxnard School District ("OSD" or the "District). I have been in this position for four (4) years. As an Assistant | | |

| | |
|---|---|
| Principal, I am responsible for, among other things, student discipline. Prior to my current position, I worked as a high school level English Language and Migrant Program Coordinator for about ten (10) years in Santa Paula. I also worked as a physical education teacher in Glendale.

3. I have a Single Subject (Physical Education) Teaching credential and an Administrative credential with the State of California. I have attended courses, professional development meetings, and other trainings, including the District's February 20, 2018 "Child Find" Training, which have dealt with identifying students with disabilities and special needs. In my more than 20 years as an educator, I have interacted with numerous students with IEPs. | | |

| **4. [Objection 1: Based on my observations and interactions with D.C., she is very smart and full of potential for academic success. She is articulate and is very capable both intellectually and analytically. D.C. is able to defend herself and communicate her boundaries well. However, D.C. has also** | 1. Plaintiffs object that this is improper opinion testimony. Declarant has not been qualified as an expert in disability assessments, determinations or requirements, clinically or legally. Declarant has also laid an insufficient foundation and has not qualified to offer an opinion regarding what behavior is "atypical for her age | Overruled |

| | |
|---|---|
| **demonstrated defiant behavior and was suspended once for inappropriate behavior toward Principal Carol Flores-Beck. Since the Fall of 2018 to the present, D.C. has been under a Behavior Contract. The Behavior Contract requires D.C. to obtain comment and signature from all of her teachers on a regular basis about her behavior. I was personally involved in the process of placing D.C. on the Behavior Contract and have noted that D.C.'s was able to sustain good behavior for an extended period of time. Despite D.C.'s disciplinary issues, her behavior does not rise to a level that I would consider atypical for her age group and I do not suspect that D.C. has or may have a disability.]** | group." F.R.E. 602, 701, 702 |
| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. | |
| Executed this 16th day of May 2019, in Oxnard, California. | |

| **Declaration of Genaro Magana (Dkt. 252-8)** | **Objection** | **Ruling** |
|---|---|---|
| I, Genaro Magana, declare as follows: | | |

1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.

2. I am an Assistant Principal at Haydock Academy of Arts and Sciences ("Haydock") in the Oxnard School District ("OSD" or the "District). In my capacity as Assistant Principal, I respond to parent concerns and specifically work with students whose last names begin with "A" through "L". I am responsible for conferring with students, and their parents, who exhibit severe academic, social, or emotional problems that adversely affect optimum educational development.

3. I received my Master's of Arts degree in Educational Leadership and a Master's in Education with Emphasis in Teaching from California Lutheran University. I have a Multiple Subject Teaching credential and an Administrative credential with the State of California. As part of the Multiple Subject credentialing program and the Administrative credentialing programs I completed, I attended courses related to Special

Education. I have also attended professional development meetings and other trainings which have dealt with identifying students with disabilities and special needs. Throughout my career as an educator, I have interacted with numerous students with IEPs. I served as the Local Educational Agency Representative in IEP meetings held for all students whose last names begin with "A" through "L"

4. Student A.E. enrolled at Haydock in January 2019. The year prior to attending Haydock, A.E. was living in Mexico were he did not attend school.

5. I first met A.E.'s mother, T.L., in early February when she came to meet with me to discuss her belief that A.E. was being bullied by other students. I assured T.L., that to my knowledge, A.E. was not being bullied and I would ensure that he was not bullied. **[Objection 1: T.L. also expressed concerns regarding A.E.'s academic progress. I explained to T.L., that his academic struggles were likely a result of him missing a whole year of school. Given that he had only been at Haydock for less than one month at this point his low**

| | |
|---|---|
| 1. Plaintiff objects that this statement is hearsay regarding what T.L expressed. F.R.E. 801. Improper opinion testimony. Declarant has not been qualified as an expert with regard to what is a disability or why a child may be struggling academically. Insufficient foundation for the opinion testimony offered. | Overruled |

| | |
|---|---|
| **grades were not unexpected. At no point during this conversation, did T.L. make an oral request for a special education assessment or evaluation of A.E.]** | F.R.E. 602, 701, 702. |

| | | |
|---|---|---|
| **6. [Objection 2: I understand that T.L. claims that on February 14, 2019 or February 15, 2019 she made an oral request for a special education evaluation of A.E. and that she claims that I told her to wait until after a holiday weekend to address this. These claims by T.L. are not true.]** I did not interact with T.L. on February 14, 2019 or February 15, 2019. At no point have I received an oral request for a special education assessment of A.E. | 2. Plaintiff object that this statement constitutes hearsay. F.R.E. 801. Lack of foundation. Lack of personal knowledge to assert T.L.'s understanding. F.R.E 602. | Overruled |
| 7.  When a parent enters the office to speak with the Principal or with me, it is the pattern and practice of our office to first have a parent sign in on our visitor log. Our office has this requirement to ensure the safety of students and staff on campus. School staff need to be aware of who is on campus at all times. Attached as exhibit A to this declaration is a true and correct copy of the Haydock Elementary School visitor logs for the week of February 11-15, 2019. T.L.'s name does not appear as an entry in these visitor logs. | | |

| | | |
|---|---|---|
| 8.  The next time I interacted with T.L. was on February 22, 2019 in regard to a discipline incident that A.E., along with other students, was involved in. Specifically, cellphone videos of students fighting were found. **[Objection 3: A.E. was one of the students seen fighting in these videos. I reassured T.L. that I take concerns regarding bullying very seriously and would ensure that A.E. was not bullied.]** At this meeting, T.L. also presented me with a written request for a special education assessment of A.E. While T.L. was still present, I immediately notified the school psychologist, Ms. Tiffany Grande ("Ms. Grande") of the request via telephone. After the meeting with T.L., I placed the written request for a special education assessment in Ms. Grande's mailbox. <br> 9.  On March 6, 2019, a meeting was held to respond to T.L.'s written request for a special education assessment. The purpose of this meeting was to discuss T.L.'s assessment request. T.L., Mr. Jose Negrete who is a family friend, Ms. Grande, the school counselor, and I were all in attendance at the meeting. I provided T.L. an English copy of the Parent | 3. Plaintiffs object on the basis that this statement is Hearsay. F.R.E. 801. Lack of foundation; speculation that A.E. was "seen fighting in these videos." F.R.E. 602 | Sustained in part. Strike <"A.E. was one of the students seen fighting in these videos."> |

| | | |
|---|---|---|
| Safeguards and Procedural Rights at the start of the meeting. Attached as exhibit B to this declaration is a true and correct copy of the Parent Safeguards and Procedural Rights that was provided to T.L. Since T.L. is fluent in English, the meeting was held in English. | | |
| 10.  At the meeting we reviewed the teacher input that was gathered from A.E.'s teachers prior to the meeting regarding his grades and behavior. **[Objection 4: Due to the fact that A.E. had only recently joined Haydock in January, I did not believe there was enough data to warrant a special education assessment.]** However, I understood that as a parent, T.L. had a right to request a special education assessment of her child. | 4. Plaintiffs object that this constitutes improper opinion testimony. Declarant has not been qualified as an expert in disability assessment determinations or requirements, clinically or legally, including how much data warrants an assessment. He has offered a sufficient foundation for the opinion testimony offered. F.R.E. 602, 701, 702 | Overruled |
| 11. **[Objection 5: At the March 6, 2019 meeting, the school psychologist asked T.L. whether she would like to proceed with the special education assessment of A.E. T.L. replied "that's fine, we can wait on the assessment."]** | 5. Plaintiffs object that T.L.'s statement is hearsay. F.R.E. 801. Lacks personal knowledge and foundation to the extent this testimony is being used to assert the understanding of T.L. F.R.E. 602 | Sustained |
| 12. **[Objection 6: In my opinion, T.L understood that she had a right to proceed with the special education** | 6. Plaintiffs object because declarant lacks personal knowledge and foundation to the extent this testimony is | Sustained |

| | | |
|---|---|---|
| **assessment and did not have to wait. In my opinion, T.L. was in agreement at the time there was not enough data to warrant a special education assessment of A.E.]** | being used to assert the understanding of T.L.<br>F.R.E. 602 | |
| **13. [Objection 7: Based on my observation of A.E., his academic grades, and lack of serious behavior concerns I do not suspect that A.E. has a disability, nor have I noticed any "red flags" that indicate that A.E. has special needs.]** | 7. Plaintiffs object on the basis that this testimony is improper opinion testimony. The witness has not provided sufficient foundation for the opinion offered. She has not been qualified as an expert in disability assessments or what constitute "red flags" for disability, clinically or legally. F.R.E. 602, 701, 702. | Overruled |
| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 16th day of May 2019, in Oxnard, California. | | |

| **Declaration of Katrina Madden (Dkt. 252-9)** | **Objection** | **Ruling** |
|---|---|---|
| I, Katrina Madden, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts. | | |

2. I am the current Interim Director of Special Education at the Oxnard School District ("OSD" or "District"). I have served in this capacity for approximately one month, since the beginning of April 2019. Prior to becoming the Interim Director of Special Education at OSD, I was a Special Education Manager from August 2017 to March 2019.

3. As the Interim Director of Special Education at OSD, my job duties include providing oversight of the delivery of special education services to students in the Oxnard School District as provided by the IDEA, including reviewing current needs that may require additional resource development, maintaining lip to date information on the current law and best practices for our programs, serving as the district representative at our Special Education Local Plan Area (SELP A), and compelling information for State and Federal reporting purposes.

4. In my capacity as Interim Director of Special Education, I have access to the most recent data related to total student enrollment within the Oxnard School District as well as total student enrollment in special

| | | |
|---|---|---|
| education within the Oxnard School District. The District tracks its special education student enrollment through its SIRAS system. SIRAS is a comprehensive web-based special education management system that manages OSD's IEP documents, special education caseloads, and interfaces with the California Department of Education's ("CDE") CASEMIS State Reporting System. The CDE's California Special Education Management Information System (CASEMIS) is a data reporting and retrieval syste1n developed by the CDE's Special Education Division. https://www.cde.ca.gov/sp/se/ds/ (last visited May 16, 2019.)<br><br>5.  In preparing to submit this declaration, I reviewed data sets of OSD special education student enrollment for 2016, 2017, and 2018. **[Objection 1: Attached hereto as Exhibit A are true and correct copies of OSD SIRAS statistical reports of student referrals and special education for the years 2016-2018.]**  The X axis of the tables indicates the number of students in each instructional setting. The Y axis of the tables indicates the source of student referrals and the number of students referred from each source. | 1. Plaintiffs object to the reports attached as Exhibit A as hearsay pursuant to F.R.E. 801. Defendants also did not produce this information in litigation and it is not publicly available.  This testimony also lacks foundation in that there is no explanation regarding how this data is obtained, maintained or produced, other than a blanket statement about the nature of the recordkeeping system. FRE 601. | Overruled |

| | | |
|---|---|---|
| 6. **[Objection 2: The graphs attached as Exhibit A to this declaration indicate that the District increased its student enrollment in special education by about 401 students since 2016. On December 1, 2016, there were approximately 1688[1] students enrolled in special education programs within the District. By December 1, 2018, the number of students enrolled in special education programs increased to 2,083.]** | 2. Plaintiffs object to the graphs included in Exhibit A as hearsay pursuant to F.R.E. 801. Defendants did not produce this information in litigation and it is not publicly available.  This testimony also lacks foundation in that there is no explanation regarding how this data is obtained, maintained or produced, other than a blanket statement about the nature of the recordkeeping system. Further, Exhibit A does not contain the enrollment numbers referenced in Paragraph 6. FRE 601. Improper opinion testimony. FRE 701, 702. Declarant has not been qualified as an expert in statistics. | Overruled |
| 7. **[Objection 3: The graphs also show the sources of referral for OSD students in special education programs. In 2016, 498 of the student[s] enrolled in special education programs were found assessed, and provided special education services due to recommendations by an SST team. In 2018, this number rose to 734 students.]** | 3. Plaintiffs object to the graphs included in Exhibit A as hearsay pursuant to F.R.E. 801. Defendants did not produce this information and it is not publicly available.  This testimony also lacks foundation in that there is no explanation regarding how this data is obtained, maintained or produced, other than a blanket statement about the nature of the recordkeeping system. FRE 601. Improper opinion testimony. FRE 701, 702. Declarant has not been qualified as an expert in statistics. | Overruled |

| | | |
|---|---|---|
| 8. **[Objection 4: The graphs also show that OSD students are found, assessed, and provided special education services as a result of referrals that come from sources other than SSTs or parent referrals. In other words, OSD often bypasses the SST process and moves toward assessments when district staff suspect or know that a student requires special education services. In 2018, 277 students enrolled in special education programs were found and assessed as a result of direct teacher referrals, referrals by other district personnel, or by other non-SST non-parent referrals.]** | 4. Plaintiffs object to the graphs included in Exhibit A as hearsay pursuant to F.R.E. 801. Defendants did not produce this information and it is not publicly available. This testimony also lacks foundation in that there is no explanation regarding how this data is obtained, maintained or produced, other than a blanket statement about the nature of the recordkeeping system. Moreover, the data referenced does not support the assertion Ms. Madden makes regarding that OSD often bypasses the SST system. Further, Ms. Madden does not explain that her numbers are cumulative, i.e. the result of numbers of referrals over the course of years, and improperly suggests that the 277 referrals all occurred in the course of a single year. FRE 601. Improper opinion testimony. FRE 701, 702. Declarant has not been qualified as an expert in statistics. | Overruled |
| 9.   In my capacity as Interim Director of Special Education, I have access to the most recent data related to total student enrollment within the Oxnard School District. The District's total student enrollment has decreased since the 2016-2017 school year. Specifically, student | | |

| | | |
|---|---|---|
| enrollment decreased from 17,485 in 2016-2017 to 16,185 students in 2018-2019. Concurrently, the enrollment of students in special education programs has increased. **[Objection 5: As of May 14, 2019, 12.8% of the Oxnard School District's student population are receiving special education services. I reached this percentage by dividing the total number of students enrolled in special education programs in 2018(2,083) by the total number of student's in District (16,185).]** | 5. Plaintiffs object to the graphs included in Exhibit A as hearsay pursuant to F.R.E. 801. Defendants did not produce this information in litigation and it is not publicly available.  This testimony also lacks foundation in that there is no explanation regarding how this data is obtained, maintained or produced, other than a blanket statement about the nature of the recordkeeping system. Exhibit A also does not contain the enrollment numbers Ms. Madden references. FRE 601. Improper opinion testimony. FRE 701, 702.  Declarant has not been qualified as an expert in statistics. | Overruled |
| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 16th day of May 2019, in Oxnard, California. | | |

| Declaration of Louisa Jeworski (Dkt. 252-10) | Objection | Ruling |
|---|---|---|
| I, Louisa Jeworski, declare as follows: | | |

1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.

2. I am a teacher at Driffill Elementary School ("Driffill") in the Oxnard School District ("OSD" or the "District), where I teach Language Arts. I have worked as a teacher for approximately ten (10) years, including five (5) years at the middle school grade-level.

3. I have a Single Subject (English) Teaching credential with the State of California. I also attended a District "Child Find" training on February 20, 2018, which dealt with identifying students with disabilities and special needs. Throughout my career as an educator, I have interacted with and taught numerous students with IEPs.

| | | |
|---|---|---|
| 4. **[Objection 1: Student D.C. is currently a student in my Language Arts Class. D.C. is intelligent and academically capable. She currently has a "C+" grade; however, I expect D.C.'s grade to improve before the end of the school year given D.C. 's excellent performance on a recent exam (vocabulary** | 1. Plaintiffs object that the testimony regarding D.C.'s intelligence and academic capability is improper opinion testimony.  Declarant is not a clinician and has not provided sufficient evidence or foundation for expert testimony regarding intelligence or academic capability. FRE 601, | Overruled |

| | Objection | Ruling |
|---|---|---|
| **and reading comprehension), in which she obtained an "A." At times, D.C. is defiant, which momentarily interferes with her classroom engagement. However, D.C. 's behavior does not rise to a level that I would consider atypical for her age group. Both D.C. 's performance and attitude have improved over time and I do not suspect that D.C. has or may have a disability.]**<br><br>I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 17th day of May 2019, in Oxnard, California. | 701, 702.  Declarant's testimony regarding future performance is speculation. Also, declarant has not been qualified as an expert in typical behavior for children of D.C.'s age group. Nor is she an expert on disability-related behavior or qualifying disabilities. Thus, her opinions regarding the existence of disability or typical behavior are improper. | |

| Declaration of Liliana Medrano (Dkt. 252-11) | Objection | Ruling |
|---|---|---|
| I, Liliana Medrano, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am a teacher at Driffill Elementary School ("Driffill") in the Oxnard School District ("OSD" or the "District), where I | | |

teach Social Studies. I have worked as a teacher for approximately 6 years, all of which have been as an 8th grade teacher.

3. I have a Single Subject (History/Social Studies) Teaching credential with the State of California. As part of the credentialing program, I attended courses related to Special Education. I attended a District "Child Find" training on February 20, 2018, which dealt with identifying students with disabilities and special needs. Throughout my career as an educator, I have interacted with and taught numerous students with IEPs.

4. Student D.C. is currently a student in my Social Studies Class. In class, D.C. reads aloud without any problem. D.C. has maintained a "B" grade and keeps up in a class of 30 students, especially since moving to the front of the classroom. Recently, D.C. has come to my class after school 3-4 times to make up missed work in order to improve her grade. Before she was sitting in front of the classroom, D.C. was more socially distracted by peers, would start chatting, and required redirection. On one occasion, I had to take D.C.'s

| | | |
|---|---|---|
| telephone away and D.C. became argumentative. **[Objection 1: However, D.C. 's behavior has improved over time and does not rise to a level that I would consider atypical for her age group. I do not suspect that D.C. has or may have disability.]**<br><br>I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 17th day of May 2019, in Oxnard, California. | 1. Plaintiffs object that this testimony lacks foundation. F.R.E. 601 Improper opinion testimony. F.R.E. 701, 702. Declarant has not been qualified as an expert in typical behavior for children of DC.'s age group. She also is not an expert on disability-related behavior or qualifying disabilities. | Overruled |

| Declaration of Mariana Garcia (Dkt. 252-12) | Objection | Ruling |
|---|---|---|
| I, Mariana Garcia, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am a teacher at Haydock Academy of Arts and Sciences ("Haydock") in the Oxnard School District ("OSD" or the "District), where I teach language arts. I have worked in this position for approximately the last thirteen (13) years but | | |

| | | |
|---|---|---|
| have worked as an educator, either in a teaching or administrative capacity, for a total of nineteen (19) years.<br><br>3. I have a Multiple Subject Teaching credential and a Supplemental Credential in language arts with the State of California. I have received training regarding Child Find. Throughout my career as an educator, I have interacted with and taught numerous students with IEPs.<br><br>4. I understand that if I suspect that a student has a disability, it is my duty to refer the student for special education assessment.<br><br>5. Student A.E. is currently a student in my language arts class. As his teacher, I have observed and monitored A.E. 's academics, behavior, and social/peer relations.<br><br>6. When A.E. first joined my classes in January 2019 he struggled to complete his assignments and would put minimal effort into his work. **[Objection 1: I also believed that at the time he was still transitioning into the school setting, after having not received any formal schooling the year prior when he lived in Mexico.]** | 1. Plaintiffs object on the basis that this is improper opinion testimony. F.R.E. 701. Lacks foundation and personal knowledge. F.R.E. 602 | Sustained in part. Strike <"after having not . . . in Mexico."> |

7. However, A.E. 's English and language skills are very good. He is able to articulate himself verbally and in writing. I began having A.E. work with my co-teacher so that he could get help in a small group setting. By the end of the second trimester, A.E. had a "D-" in language arts.

8. I met A.E.'s mother, T.L., on February 26, 2019, when she came to observe A.E. in class. I explained to T.L. that A.E. had a poor grade because he often procrastinated and did not complete his work. Since this interaction with T.L., A.E. has begun performing much better in class. He completes and turns in most of his assignments on time. A.E's current grade in language arts is a "C". I am very pleased with A.E's improvement and performance in my class.

9. I have had zero behavior issues with A.E. He is respectful to me and his classmates.

10. To my recollection, I have never called T.L. via phone to discuss A.E. 's grades and progress.

11. Based on A.E. 's classroom performance and my observation as his teacher, I do not suspect that A.E. has a disability, nor

have I noticed any "red flags" that indicate that A.E. has special needs. My experience is that A.E. is capable to perform at grade level but his failure to complete assignments timely is affecting his grades. He has made good progress and at the present time he has only one outstanding assignment.

12. I have never told T.L. that she should request a special education evaluation for A.E. because I do not suspect A.E. to have a disability or to otherwise need special education services.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of May 2019, in Oxnard, California.

| **Declaration of Monica Garcia-Napoles** **(Dkt. 252-13)** | **Objection** | **Ruling** |
|---|---|---|
| I, Monica Garcia-Napoles, declare as follows: 1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts. | | |

2. I am a School Counselor at Haydock Academy of Arts and Sciences ("Haydock") in the Oxnard School District ("OSD" or the "District"). In my capacity as a School Counselor, I provide onsite counseling services to students and assist students in making appropriate decisions relative to his/her school program and his/her relationships with teachers, administrators, and other pupils. I have worked in this position for the last eleven (11) years but have worked as school counselor for a total of twelve (12) years.

3. I received my Master's degree in School Counseling from the University of San Diego. I completed and attended professional development courses related to Special Education. Additionally, I received training from the District's Special Education Department regarding Child Find on February 20, 2018.

4. Throughout my career as a counselor, I have interacted with numerous students with IEPs. I am well aware of the legal timelines in which parental requests for special education assessments have to be responded to.

| | | |
|---|---|---|
| 5. I first heard that A.E. 'smother, T.L., had requested a special education assessment of him when I was invited to attend the meeting to respond to the parental request for assessment. | | |
| 6. Additionally, in preparation for the meeting, I gathered input from A.E.'s teachers so that the District could appropriately respond to T.L.'s request. | | |
| 7. A meeting was held on March 06, 2019, well within the fifteen (15) day legal deadline by which the District had to respond to the request. | | |
| 8. Assistant Principal Genera Magana ("Mr. Magana"), Ms. Grande, T.L., Mr. 26 Jose Negrete (T.L. 's friend) and I were at the meeting. However, I arrived at the meeting late. When I arrived Ms. Grande was reviewing the teacher input with T.L. | | |
| 9. **[Objection 1: Even with the teacher input there was not enough information to determine if a special education assessment was appropriate at the time.]** A.E. had only joined Haydock a few weeks prior in January 2019 and he had not received any schooling the year before. Therefore, Ms. Grande explained | 1. Improper opinion testimony. Declarant has not been qualified as an expert in disability assessment determinations or requirements, clinically or legally. Nor has she provided sufficient foundation for the opinion testimony offered F.R.E. 602, 701, 702 | Overruled |

to T.L. that it would be helpful to gather more data regarding A.E.'s academic performance, behavioral concerns, and social interactions.

10. Ms. Grande then asked T.L. if she would still like to proceed with a special education assessment of A.E. at that time or if she wanted to wait until the District had an opportunity to gather more data. T.L. responded with "That's fine. We can wait."

11. A Student Success Team plan was completed so that the District could gather more data and reconvene in April 2019 to determine if a special education assessment was necessary.

12. In my opinion, I believe that T.L. understood that she had a right to proceed with the special education assessment at that time and she was not required to wait. In my opinion, T.L. understood why more information was needed and she was not forced into revoking her request for a special education assessment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of May 2019, in Oxnard, California.

| Declaration of Mayra Velasquez Dkt. 252-14 | Objection | Ruling |
|---|---|---|
| I, Mayra Velasquez, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am the Attendance Technician at Driffill Elementary School ("Driffill") in the Oxnard School District ("OSD" or the "District).<br>3. I am familiar with the process for handling the receipt of faxes at Driffill. There is one copier/scanner/fax machine (the "machine") at this school site, located in at the main office. My work station is located at the main office, so I am one of the people that most commonly uses and has access to the machine. However, all teachers, administrators, office staff, and classroom staff also have access to and use the machine. There is no particular staff person designated to receive faxes. **[Objection 1: But when a fax comes in, the person who first recognizes the fax will deliver the fax to the intended** | 1. Plaintiffs object that this statement lacks foundation and personal knowledge. She has not witnessed all faxes being | Overruled |

| | |
|---|---|
| **recipient, who is typically identified on the fax**.] | received and delivered. F.R.E. 602. |
| 4. I am familiar with and have previously received written requests for assessment. I also attended District "Child Find" training on February 20, 2018. When I receive a request for assessment of a student, usually in person or via fax, I immediately scan a copy of the request to the school psychologist and principal or make a copy of the request and provide it to them. | |
| 5. I understand that the mother of student D.C. asserts that she sent a fax request for an assessment on November 29, 2018. I was working in my current position at that time, but I have no knowledge of any such request. I have never seen or received a fax request, or any request, for D.C. to be assessed for a disability. | |
| 6. I do not maintain any log of faxes received by Driffill at fax number (805) 487-7723, the only fax number for our school site. Nor am I aware of any fax log maintained any other Driffill staff person. I am aware of the fax log function on the fax machine that causes a fax log to be automatically generated. However, fax logs are not routinely generated at Driffill. | |

| | | |
|---|---|---|
| Such fax logs only provide information about faxes sent and received within approximately 30 days from when they are generated. I am not aware of any fax log which contains information about faxes sent or received on November 29, 2018.<br><br>I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 15th day of May 2019, in Oxnard, California. | | |

| **Declaration of Dr. Naomi Cortez** **(Dkt. 252-15)** | **Objection** | **Ruling** |
|---|---|---|
| I, Dr. Naomi Cortez, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am an Assistant Principal at Fremont Academy of Environmental Science and Innovative Design ("Fremont") in the Oxnard School District ("OSD" or the "District"). I have worked in this position for the 2018-2019 school year. Prior to my current assignment, I was an | | |

Assistant Principal at Cesar Chavez Elementary School ("Chavez").

3. I have a Multiple Subject Teaching credential and an Administrative credential with the State of California. As part of the Multiple Subject credentialing program and the Administrative credentialing program I completed, I attended courses related to Special Education. I have also attended professional development meetings and other trainings which have dealt with identifying students with disabilities and special needs. Throughout my career as an educator, I have interacted with numerous students with IEPs. Additionally, I have received training from the District's Special Education Department regarding Child Find.

4. I have known M.L. since he joined Chavez at the end of his 5th grade year. I recall asking M.L. 's father why M.L. did not complete the "newcomer" ELD class when he first enrolled at the District. M.L. 's father explained that he disenrolled M.L. from the "newcomer" ELD program because he feared his son was being bullied. M.L. was never re-enrolled in the "newcomer" ELD program.

| | | |
|---|---|---|
| 5. I attended M.L.'s initial February 2018 SST meeting. The primary concern at the time was M.L. 'slow academics. The team decided to use the Basic Phonics Skill Test, an informal assessment tool for language. The test would be offered in Spanish, so that the team could determine whether M.L. had a language skill deficiency irrespective of his English language proficiency. | | |
| 6. **[Objection 1: With the information I had at the time of the February 2018 SST meeting, I did not suspect that M.L. had a disability. I believed that his academic challenges were directly related to his English language acquisition.]** | 1. Plaintiffs object to the extent the testimony is offered to assert any opinion regarding the lack of a qualifying disability or origin/basis of academic challenges it is improper opinion testimony. Declarant has not been qualified as an expert in disability assessment determinations or English language acquisition. Nor has she provided sufficient foundation for the opinion testimony offered.  F.R.E. 602, 701, 702. | Overruled |
| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 16th day of May 2019, in Oxnard, California. | | |

| Declaration of Philip Bullard (Dkt. 252-17) | Objection | Ruling |
|---|---|---|
| I, Philip Bullard, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am a teacher at Driffill Elementary School ("Driffill") in the Oxnard School District ("OSD" or the "District), where I teach Science, Physical Education ("P.E."), and Advisory. I have worked in this position for the last three (3) years but have worked as an educator, either in a teaching or administrative capacity, for a total of thirteen (13) years.<br><br>3. I have a Single-Subject Teaching credential (Life Science) and an Administrative credential with the State of California. As part of the Multiple Subject credentialing program and the Administrative credentialing programs I completed, I attended courses related to Special Education. I have also attended professional development meetings and other trainings which have dealt with identifying students | | |

with disabilities and special needs, including the District's February 20, 2018 "Child Find" Training. Throughout my career as an educator, I have interacted with and taught numerous students with IEPs.

4. Student D.C. is currently a student in my advisory and science classes. D.C. is also a student enrolled in another teacher's P.E. class, which I sometimes co-teach when the two classes combine for joint activities. I have also served as D.C.'s designated advisor for this school year—her first at Driffill. In these roles, I have observed and monitored D.C.'s academics, behavior, and social/peer relations.

5. From the Fall of 2018 to the present, D.C. has been under a Behavior Contract, which requires her to obtain comment about her behavior from all of her teachers on a regular basis. Immediately after the Behavior Contract was put in place, D.C.'s behavior improved significantly for several months. D.C. is sometimes noncompliant or has an attitude, but this is typical adolescent behavior. As is common in the middle school setting, if D.C. has a social problem with another student,

| | Objection | Ruling |
|---|---|---|
| she will stand up for herself. Nonetheless, there is nothing about D.C. 's behavior that would lead me to believe that she has or may have a disability.<br><br>6. Based on D.C. 's classroom performance and my observation, D.C. expresses herself very well verbally and in writing and is highly capable academically. D.C. can understand and retain material, but she lacks follow-through with turning in work, which has affected her grades. Recently, D.C. has made concerted efforts to make up missed work because she is motivated to graduate. **[Objection 1: As a result of these efforts, I expect that her grades will improve before the end of the school year.]**<br><br>I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 16th day of May 2019, in Oxnard, California. | 1. Plaintiff objects on the basis that this is improper speculation and lacks foundation. F.R.E. 602 | Overruled |

| **Declaration of Patrick Sayer (Dkt. 252-18)** | **Objection** | **Ruling** |
|---|---|---|
| I, Patrick Sayer, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a | | |

witness, I could and would testify competently about these facts.

2. I am a teacher at Haydock Academy of Arts and Sciences ("Haydock") in the Oxnard School District ("OSD" or the "District"), where I teach Physical Education. I have worked in this position for the last one and a half years but have worked as an educator, either in a teaching or administrative capacity, for a total of four and a half years.

3. I have a Single Subject Teaching credential with the State of California with Physical Education authorization. As part of the Single Subject credentialing program I completed, I attended courses related to Special Education. Additionally, I received training from the District's Special Education Department regarding Child Find and attended a training on February 20, 2018. Throughout my career as an educator, I have interacted with and taught numerous students with IEPs.

4. I have also attended professional development meetings and trainings which have dealt with identifying students with disabilities and

| | | |
|---|---|---|
| special needs. I understand that if I suspect that a student has a disability, it is my duty to refer the student for special education assessment. | | |
| 5. Student A.E. is currently a student in my physical education class. As his teacher, I have observed and monitored A.E. 's class performance, behavior, and social/peer relations. | | |
| 6. Since A.E. first joined my classes in January 2019 he has performed really well in physical education. He follows directions and participates in class. I have not had any behavioral issues with A.E. His grade has remained an "A" in physical education. | | |
| 7. **[Objection 1: Based on A.E.'s classroom performance and my observation as his teacher, I do not suspect that A.E. has a disability, nor have I noticed any "red flags" that indicate that A.E. has special needs. My experience is that A.E. is capable to perform at grade level, interacts appropriately with peers and adults, and is well behaved.]** | 1. Plaintiffs object on the basis that this testimony is improper opinion testimony. The witness has not provided sufficient foundation for the opinion offered. She has not been qualified as an expert in disability assessments or what constitute "red flags" for disability, clinically or legally. F.R.E. 602, 701, 702. | Overruled |
| 8. I have never met A.E's mother, T.L. I have never called T.L. to discuss A.E's grade arid performance in my class. I have | | |

never told T.L. that she should request a special education evaluation for A.E. because I do not suspect A.E. to have a disability or to otherwise need special education services.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of May 2019, in Oxnard, California.

| Declaration of Robert Manwaring (Dkt. 252-20) | Objection | Ruling |
|---|---|---|
| See prior objections at Dkt. 180 and Court's Order at Dkt. 205.<br><br>Plaintiffs restate their objections to Manwaring's Declaration, which have already been ruled on by the Court, and need not be ruled on again. | See prior objections at Dkt. 180 and Court's Order at Dkt. 205.<br><br>Plaintiffs restate their objections to Manwaring's Declaration, which have already been ruled on by the Court, and need not be ruled on again. | *Prior rulings remain in place.* |

| Declaration of Rosa Monroy (Dkt. 252-21) | Objection | Ruling |
|---|---|---|
| I, Rosa Monroy, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would | | |

testify competently about these facts.

2. I am a teacher at Driffill Elementary School ("Driffill") in the Oxnard School District ("OSD" or the "District), where I have taught 8th grade Mathematics for the last two (2) years. Before my current position, I taught Spanish, Physical Education, Science, and Math to elementary school students at a private school for five (5) years.

3. I have a Single Subject (Math) Teaching credential with the State of California. As part of my credentialing program, I attended courses related to Special Education. I have attended professional development meetings and a District "Child Find" training held on February 20, 2018, which dealt with identifying students with disabilities and special needs. Throughout my career as an educator, I have interacted with and taught numerous students with IEPs and attended many IEP meetings.

4. Student D.C. is currently a student in my math class. When D.C. first transferred to my class I was very impressed by her math knowledge and it was apparent that she had a good

| | | |
|---|---|---|
| math background. **[Objection 1: D.C. is academically capable and has the ability to retain information. However, D.C. currently has a failing grade in my class because she does not complete assigned work. Recently, she has been trying to improve her grade by coming in during lunch to make-up work. D.C. can be defiant, but her behavior does not rise to a level that I would consider atypical for her age group. Overall, D.C. is able to sustain good behavior and I do not suspect that D.C. has or may have a disability.]**<br><br>I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 17th day of May 2019, in Oxnard, California. | 1. Plaintiffs object that this is improper opinion testimony. Declarant has not been qualified as an expert in disability assessment determinations or requirements, clinically or legally. Nor has she provided sufficient foundation for the opinion testimony offered F.R.E. 602, 701, 702<br><br>Declarant has not been qualified as an expert in typical behavior for children of DC.'s age group. | Overruled |

| **Declaration of Tiffany Grande (Dkt. 252-23)** | **Objection** | **Ruling** |
|---|---|---|
| I, Tiffany Grande, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts. | | |

2. I am a School Psychologist at Haydock Academy of A1is and Sciences ("Haydock") in the Oxnard School District ("OSD" or the "District). In my capacity as a School Psychologist, I respond to requests for special education assessments and administer and interpret the special education assessments. I have worked in this position at Haydock for the last three (3) years but have worked as school psychologist in this and other school districts, for a total of fourteen (14) years.

3. I received my Master's degree in Education with an emphasis in Counseling and my Educational Specialist degree in School Psychology from San Diego State University. As part of my education I completed and attended courses related to Special Education. Additionally, I received training from the District's Special Education Department regarding Child Find on February 20, 2018.

4. Throughout my career as a School Psychologist, I have responded to numerous requests for special education assessments from parents. I am well aware of the legal timelines in which these requests have to be responded to.

| | | |
|---|---|---|
| 5. On Monday, February 25, 2019, I received a written request for a special education assessment of A.E. from his mother T.L. in my mailbox. I emailed the school Outreach Coordinator and requested that she set up a meeting with T.L. so that the District could respond to her request.<br><br>6. The meeting was scheduled and held on March 6, 2019, which was within the fifteen (15) day legal deadline by which the District had to respond to the request. Mr. Magana, the school counselor, Ms. Monica Garcia-Napoles, T.L., Mr. Jose Negrete (a family friend), and I were at the meeting.<br><br>7. At the start of the meeting, I explained to T.L. that we were meeting to respond to her written request for a special education assessment of A.E. I then reviewed the teacher input that was gathered prior the meeting, by Ms. Monica Garcia-Napoles. **[Objection 1: However, even with the teacher input there was not enough information to determine if a special education assessment was appropriate at the time.]** A.E. had only joined Haydock a few weeks prior in January 2019 and he had not attended school for the past year. Therefore, I | 1. Plaintiff objects on the basis that this is improper opinion testimony. Declarant has not been qualified as an expert in disability assessment determinations or requirements, clinically or legally. She has not offered sufficient foundation for the opinion testimony offered. F.R.E. 602, 701, 702 | Overruled |

explained to T.L. that it would be helpful to gather more data regarding A.E. 's academic performance, behavioral concerns, and social interactions.

8. I then asked T.L. if she would still like to proceed with a special education assessment of A.E. at that time or if she wanted to wait until the District had an opportunity to gather more data. T.L. asked for our input. The team shared that it would be helpful to gather more data but ultimately the choice was hers. T.L. then said that the District could gather more data and agreed to hold off on the special education evaluation of A.E.

9. A Student Success Team plan was completed so that the District could gather more data and reconvene on April 29, 2019 and 9:15 a.m. to determine if a special education assessment was necessary.

10. Since a parent has a right to request a special education assessment of their child, I began drafting and taking notes of the information that T.L. provided because at the start of the meeting I assumed an assessment plan would be offered. However, because T.L. decided to wait before proceeding with a special education assessment, we

| | | |
|---|---|---|
| withheld offering an assessment plan at that time. | | |
| **11. [Objection 2: In my opinion, I believe that T.L. understood that she had a right to proceed with the special education assessment at that time and she was not required to wait.** | 2. Plaintiffs object on the basis that declarant lacks personal knowledge and foundation to the extent this testimony is being offered to assert the understanding of T.L.<br><br>F.R.E. 602. Improper opinion testimony. F.R.E. 701, 702 | Overruled |
| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 16th day of May 2019, in Oxnard, California. | | |

| **Declaration of Teresa Silvas (Dkt. 252-24)** | **Objection** | **Ruling** |
|---|---|---|
| I, Teresa Silvas, declare as follows:<br><br>1. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts.<br><br>2. I am a School Counselor at Cesar Chavez Elementary School ("Chavez") in the Oxnard School District ("OSD" or the "District). In my position, I am responsible for interpreting the abilities and | | |

needs of individual pupils and
counseling students and
parents regarding the pupil's
school experience.

3. M.L. first came to my
attention because he was a new
student that joined us at the end
of his 5th grade year in May
2017.

4. I recall several attempts were
made by the Outreach
Coordinator ("ORC"),
Yolanda Gonzales, to schedule
Student Success Team ("SST")
meetings, but there was difficulty
and delay in scheduling those
meetings because Parent could
not be reached, and Parent input
was needed.

5.  The February 20, 2018 SST
meeting was finally held for
M.L. without the
Parents' participation. At the
initial SST, the team typically
gathers information
regarding what teacher supports
were already attempted and what
concerns there may be
about a student. Parent input is
very important in order to get a
full picture about a
student's abilities and needs,
particularly in the Oxnard
community, where 49.8% of
students are designated as
"English Language Learners." I
did not have any personal

| | | |
|---|---|---|
| experience with M.L. in the classroom and I was not his teacher; however, I understand that the main concern at the February 20, 2018 SST was M.L.'s reading ability and his prior academic history. It was important to obtain input from parent at that meeting; however, Parent did not attend. **[Objection 1: At the time of the February 20, 2018 SST, I did not suspect that M.L. had a disability. I believed that M.L.'s academic challenges were directly related to his English language acquisition.]** | 1. To the extent the testimony is offered to assert any opinion regarding the lack of a qualifying disability or origin/basis for academic challenges, it is improper opinion testimony. Declarant has not been qualified as an expert in disability assessment determinations or English language acquisition. There is insufficient foundation for the opinion offered. F.R.E. 602, 701, 702 | Overruled |
| 6. A follow-up SST meeting was scheduled on May 22, 2018, but Parents did not attend, so the meeting was ultimately canceled.<br><br>7. In September 2018, I made two visits to the family home along with the ORC. At the second home visit on September 24, 2018, we obtained Parents' new telephone number from the residents living at M.L.'s last known address at that time. An SST meeting was held on September 27, 2018 with Parent in attendance. | | |

| I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.<br><br>Executed this 16th day of May 2019, in Oxnard, California. | | |
|---|---|---|

IT IS SO ORDERED.


Dated: July 30, 2019

_____

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE