**GARCIA HERNANDEZ SAWHNEY, LLP**
Albert A. Erkel (SBN 93793)
aerkel@ghslaw.com
Conor H. Kennedy (SBN 281793)
ckennedy@ghslaw.com
GARCIA HERNANDEZ SAWHNEY, LLP
330 N. Brand Blvd., Suite 680
Glendale, CA 91203
Phone: (213) 347-0210
Fax: (213) 347- 0216

Attorneys for Defendants Oxnard School District,
Cesar Morales, Ernest Morrison, Debra Cordes,
Denis O'Leary, Veronica Robles-Solis, and
Monica Madrigal Lopez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R. a minor, by and through her guardian ad litem, Janelle McCammack; M.B., a minor, by and through her guardian ad litem, F.B.; I.G., a minor, by and through his guardian ad litem, M.E., on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OXNARD SCHOOL DISTRICT; CESAR MORALES, Superintendent of Oxnard School District, in his official capacity; ERNEST MORRISON, President of Board of Trustees, in his official capacity; DEBRA CORDES, Clerk of Board of Trustees, in her official capacity; DENIS O'LEARY, Trustee of Board of Trustees, in his official capacity; VERONICA ROBLES-SOLIS, Trustee of Board of Trustees, in her official capacity; MONICA MADRIGAL LOPEZ, Trustee of Board of Trustees, in her official capacity; and DOES 1 TO 10, inclusive.<br><br>Defendants | Case No.: 2:17-cv-04304-JAK-FFM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:  July 27, 2020**<br>**Time:  8:30 a.m.**<br>**Court: 10B, First Street Courthouse**<br>**Honorable: Judge John A. Kronstadt** |

1

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN
THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on July 27, 2020 at 8:30 AM, in Courtroom 10B of the United States District Courthouse, located at 350 W. First Street, Los Angeles, CA 90012, Defendants Oxnard School District, Cesar Morales, Ernest Morrison, Debra Cordes, Denis O'Leary, Veronica Robles-Solis, and Monica Madrigal Lopez (collectively, "Defendants"), will and hereby does move the Court pursuant to Fed. R. Civ. P. 56(a) for an order granting partial summary judgment in its favor. In the alternative, Defendants seek an order granting summary adjudication to establish the following uncontroverted facts in its favor:

1. The District is a Kindergarten through 8th grade public school district which operates in Oxnard, California.

2. When a parent of a Oxnard School District student requests Oxnard School District to perform a special education assessment on the student, it is the policy of Oxnard School District that, within 15-days, Oxnard School District will present the parent with a Multidisciplinary Assessment Plan and a Prior Written Notice, or the Oxnard School District will present the parent with a Prior Written Notice setting forth a legally sound reason for not assessing.

3. The District's policy set forth in Undisputed Fact #2 applies whether or not the student is in the Coordination of Services Team ("CST") process or the Student Success Team ("SST") process.

4. When Oxnard School District personnel suspect that an Oxnard School District student has a disability, it is the policy of Oxnard School District that, within 15-days, Oxnard School District will present the parent of the student with a Multidisciplinary Assessment Plan and a Prior Written Notice.

5. The District's policy set forth in Undisputed Fact #4 applies whether or not the student is in the CST process or the SST process.

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

Defendants set forth the following two legal conclusions in the Separate Statement of Uncontroverted Facts and Legal Conclusions:

1.      The Oxnard School District policy set forth in Uncontroverted Facts #2 and #3 complies with federal and state law, including the Individuals With Disabilities Act (the "IDEA") and the California Education Code.

2.      The Oxnard School District policy set forth in Uncontroverted Facts #4 and #5 complies with federal and state law, including the IDEA and the California Education Code.

This Motion is based on the Memorandum of Points and Authorities attached hereto, the declaration of attorney Conor Kennedy, declaration of attorney Lawrence Joe, declaration of District Superintendent Karling Aguilera-Fort, this separate statement of uncontroverted facts and conclusions of law, a separately bound volume of evidence filed concurrently herewith, the complete files and records in this matter, and upon such further oral and documentary evidence as may be presented at the hearing in this matter.

**This motion follows a conference of Counsel pursuant to L.R. 7-3 which took place on Thursday, March 5, 2020.**

Respectfully Submitted,

Date: March 13, 2020              GARCIA HERNANDEZ SAWHNEY, LLP

By: _____
Conor Kennedy
Attorneys for Defendants Oxnard School District, Cesar Morales, Ernest Morrison, Debra Cordes, Denis O'Leary, Veronica Robles-Solis, and Monica Madrigal Lopez

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

# TABLE OF CONTENTS

I.  INTRODUCTION ···························································································· 1

II.  FACTS ·········································································································· 2

A.  Procedural Background ············································································ 2

B.  It Is District Policy to Timely Refer Students With Suspected Disabilities, Including SST Students With Suspected Disabilities ······················ 3

    i.   The District's Child Find Training On District Policy ···················· 4

    ii.  The District's Policy and Procedural Manual On District Policy ·········· 5

    iii.  The District's Deposition Testimony On District Policy ···················· 7

III.  LEGAL STANDARDS ················································································· 8

IV.  ARGUMENT ··························································································· 10

A.  Partial Summary Judgment Is Proper Here To Limit The Issues At Trial ······ 10

B.  The District's Policies Require Timely Referrals For All Students With Suspected Disabilities, Including SST Students Who Also Have Suspected Disabilities ························································································ 10

C.  The District's Policies And Procedures Comply With State and Federal Education Law ····················································································· 11

V.  CONCLUSION ························································································· 13

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ......................................................................8
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................2, 8, 9, 10
*Lies v. Farrell Lines, Inc.*,
  641 F.2d 765 n.3 (9th Cir. 1981) ...........................................9
*National Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*,
  782 F.Supp.2d 1047 (C.D. Cal. 2011) ....................................9
*Novoa v. Charter Communications, LLC*,
  100 F.Supp.3d 1013 (E.D. Cal. 2015) ....................................9
*State Farm Fire & Cas. Co. v. Geary*,
  699 F. Supp. 756 (N.D. Cal. 1987) .........................................9

**Statutes**

20 U.S.C. § 1412 ..............................................................................11
34 C.F.R. § 300.111 ..........................................................................11
Cal. Ed. Code §56043 .......................................................................11
Cal. Ed. Code §56321 .......................................................................11
Fed. R. Civ. P. 56 ..................................................................2, 8, 9, 10, 11

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN
THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Court should grant partial summary adjudication, or in the alternative should issue an order treating specified facts about the District's Child Find policies and procedures as established in favor of Defendants, to narrow the central issue in this case.[1]

There is no genuine dispute as to the material facts about the District's Child Find policies. The material facts are as follows. First, it is uncontroverted that District policy is to timely refer students who are suspected of having a disability eligible for special education or related services. (Defendant's Separate Statement of Uncontroverted Facts and Conclusions of Law, "SSUF," #4.) Second, it is uncontroverted that District policy is to timely respond to any parent or guardian's direct request for an assessment (a parent request is a referral) with a Multi-Disciplinary Assessment Plan and a Prior Written Notice, or a Prior Written Notice setting forth a legally sound reason for not assessing. (SSUF #2.) Timely is consistently defined in District policy as 15 calendar days, during the regular academic school year. (SSUF ## 2, 4.) Third, the District's Child Find policies are to timely refer students with suspected disabilities, and the policy applies to all District students, whether or not they are in the Coordination of Services Team ("CST") process or the Student Success Team ("SST") process (collectively "CST/SST") (SSUF ## 3, 5.) These policies comply with federal and state special education law.

District Policy is not, as Plaintiffs allege, to use the "Student Success Team" general education process as an alternative to timely referral through the District's

---

[1] This Court's Certification Order states: "[a]s to the class claims, the parties' dispute centers instead on whether the District's Child Find policies and procedures, on a system-wide basis, satisfy the requirements of the IDEA." Dkt. 262, Order Re; Plaintiffs' Renewed Motion For Class Certification and Defendant's Motion To Dismiss Plaintiffs' Fourth Amended Complaint ("Certification Order") at p. 21 of 34.

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

special education program. This false allegation in the Fourth Amended Complaint about District Policy is both central to the dispute between the parties and entirely unsupported by the facts. *See* Dkt. 262, Certification Order, p. 21 of 34. The Supreme Court favors Rule 56 motions that "isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-4 (1986) (citing Fed. R. Civ. P. 56(c)). Plaintiffs allege that official District policy is to use the COST/SST process as an impermissible alternative to special education referrals and assessments. Dkt. 232, Fourth Amended Complaint ("Fourth AC"); ¶¶5, 41, 43, 55. Plaintiffs conveniently ignore that the District's Child Find policies and procedures are clear, publicly available, and distributed at every school site. Declaration of Superintendent Aguilera-Fort, ¶¶_2-5, Ex. B1 ("Oxnard School District Policies and Procedures Manual" or "PPM"). These same policies are trained for the benefit of every member of District staff. Declaration of Counsel for the District, Attorney Lawrence Joe ("Joe Decl.") ¶ 2. The Child Find policies are the central focus for the District's Superintendent, who confirmed under examination there is no "wiggle room" in District Policy about timely referral. Kennedy Decl., ¶ 1 Ex. C1 (Superintendent Aguilera-Fort Depo., at 46:23-25). Plaintiffs will not and cannot make any showing about the District's policies to contradict this evidence.

This Court should thus grant partial summary adjudication, or in the alternative this Court should issue an order establishing the material facts about the District's Child Find policies and procedures in favor of Defendants.

## II.   FACTS

### A. Procedural Background

This Court granted in part Defendants' motion to dismiss the Fourth Amended Complaint, and simultaneously certified a class of students subject to the District's Child find policies and procedures. Dkt. 262, Certification Order. The resolution of the District's Child Find policies and procedures in this action should not encompass a

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

student-by-student factfinding, as this Court noted in its Certification Order. *Id.*, p. 21 of 34.[2] The Court instead mentioned: "As to the class claims, the parties' dispute centers instead on whether the District's Child Find policies and procedures, on a system-wide basis, satisfy the requirements of the IDEA." *Id.* at p. 21. *See also id.* at p. 27.

After the Court's partial dismissal of the Fourth Amended Complaint and certification of the common questions pertaining to system-wide compliance, the parties engaged in class-wide discovery relevant to the District's policies and procedures and other topics relevant to Plaintiffs' certified claims. Now, after the close of discovery, there remains no genuine dispute of material fact to justify Plaintiffs' false allegations about District policy as pled in the Fourth Amended Complaint. Dkt. 232, Fourth AC; ¶¶5, 41, 43, 55.

Plaintiffs will not, and cannot, make any showing about the District's policies to contradict the proposed findings of fact submitted to this Court. As a result, this Court should grant Defendants' motion and deem Defendant's material facts as established.

## B. It Is District Policy to Timely Refer Students With Suspected Disabilities, Including SST Students With Suspected Disabilities

District policy is to timely refer students who are suspected of having a disability eligible for special education or related services. (SSUF # 4.) As shown in the District's training materials, it is District policy to timely respond to any parent or guardian's request for an assessment with a Multidisciplinary Assessment Plan and a Prior Written Notice, or the Oxnard School District will present the parent with a Prior Written Notice setting forth a legally sound reason for not assessing (SSUF #2.) *Timely* is consistently defined in District policy as 15 calendar days, during the regular academic

---

[2] "Nor will resolution of the class claims require a student-by-student evaluation of what compensatory educational services are appropriate -- for which administrative expertise as to each individual child would be particularly useful. Dkt. 262, Certification Order, p. 21 of 34.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN
THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED

school year. (SSUF ##2, 4.) The District's Child Find policies, including clear requirements of timely referral, apply whether or not the student is in the Coordination of Services Team ("CST") process or the Student Success Team ("SST") process (collectively "CST/SST") (SSUF ## 3, 5.)

### i. The District's Child Find Training On District Policy

The District's Child Find trainings make clear that District Policy is to conduct timely referrals, to respond in a timely manner to parent requests for assessments, and to apply these policies consistently to all District students, including SST students with suspected disabilities. (SSUF ##2-5.) The District's trainings are conducted for the benefit of all District staff.

The District's Policy, as reflected in its training presentations, is to comply with federal and state special education law. The District's "Child Find" training directs staff that the District is under an "[a]ffirmative, ongoing responsibility to identify, locate, and evaluate all children who have a disability requiring special education." Joe Decl., ¶ 4, Ex. A1 (OSD2322).

Consistent with federal law, the District's Child Find training directs all staff that timely referral is required "when District has knowledge of (or reason to suspect) student has a Disability." Joe Decl., ¶ 4, Ex. A1 (OSD2327). The District further directs that the "[t]hreshold for suspicion is 'relatively low,'" to describe the broader legal obligation to refer based on suspected disabilities, "not whether student *will qualify*." *Id.* (OSD2327) (emphasis in original). The District's training states that its policy is to develop an assessment plan "within 15 days of receiving the referral." Joe Decl., ¶ 4, Ex. A1 (OSD2349). Thus, it is District policy to timely refer students who are suspected of having a disability eligible for special education or related services. (SSUF #4).

The District training instructs that "[w]hen parent requests assessment" or when "[p]arent expresses written concern that child needs special education or services," the

District thereby is on notice of a suspected disability and should therefore proceed with referral. Joe Decl., ¶ 4, Ex. A1 (OSD2329). The District directs: "Remember: anyone can refer a child for special education, *including* the parent." Joe Decl., ¶ 4, Ex. A1 (OSD2346) (emphasis in original).  District policy requires that "within 15 days of receiving referral," the District is to "send [an] assessment plan with <u>Prior Written Notice</u>." Joe Decl., ¶ 4, Ex. A1 (OSD2352). Accordingly, it is District policy to timely respond to any parent or guardian's direct request for an assessment with a Multi-Disciplinary Assessment Plan and a Prior Written Notice. (SSUF #2.)

District Policy as reflected in its trainings identifies "SSTs" as an important potential source of information that could lead the District to suspect a disability. Joe Decl., ¶ 4, Ex. A1 (OSD2330). In a training slide titled "Referral Process," the District instructs all of its teachers: "There should NOT be a blanket policy of referring all students to SST only." Joe Decl., ¶ 14 Ex. A1 (OSD2345). The District instead directs that "Referral for assessment" may be needed in a number of scenarios, including "if . . . team suspects disability." Joe Decl., ¶ 1, Ex. A (OSD2339). These clear statements of District policy demonstrate the District's referral policies apply to *all* District students, including District students who are also subject to the District's CST/SST process. Therefore, the District's Child Find policies apply whether or not the student is in the CST/SST process. (SSUF ##3, 5.)

### ii.  The District's Policy and Procedural Manual On District Policy

Additional evidence establishes Defendants' uncontroverted facts about District Child Find policy. The District publishes and circulates its Child Find policies and procedures in the 2018 Special Education Policies and Procedures Manual ("PPM"). The District's PPM contains plain language directives and a visual flow chart to clearly communicate the District's special education policies. Superintendent Aguilera-Fort Decl., ¶ 5, Ex. A1 (PPM, OSD0978). The District provides the PPM to district-wide administrators and site-specific (i.e., building-specific) principals, and it is also

available online to everyone via clearly labeled, direct hyperlink on the District's official Special Education website. Superintendent Aguilera-Fort Decl., ¶¶ 6 - 7.

As reflected in the PPM, when parents directly request assessment, it is District policy to respond within 15 days and present an assessment plan coupled with a legally sufficient "prior written notice," which outlines the District's decisions about the assessment plan. Superintendent Aguilera-Fort Decl., ¶ 5, Ex. A1 (PPM, OSD0969, OSD0976). Like the District's trainings, these clear policy statements further confirm District policy is to timely respond to any parent or guardian's direct request for an assessment with a Multi-Disciplinary Assessment Plan and a Prior Written Notice or with a Prior Written Notice setting forth a legally sound reason for not assessing. (SSUF #2.)

Contrary to Plaintiffs' allegations, the District's referral policies apply to *all* District students, including District students who are also subject to the District's *general education* processes, called "CST/SST." (SSUF #3-5.) Even when an initial CST/SST meeting occurs during the 15-day required timeline, District policy requires that referral and assessment must proceed according to special education deadlines. Superintendent Aguilera-Fort Decl., ¶ 5, Ex. A1 (PPM, OSD0959). The PPM provides multiple clear statements of federal and state law to drive home the purpose and content of the District's policies. The PPM states, for example, in Section V (titled "Response to Instruction and Intervention: CST AND SST") that the time frame proposed for CST/SST "shall not be used to delay early identification of a student with a disability." Superintendent Aguilera-Fort Decl., ¶ 5, Ex. A1 (PPM, OSD0962). It specifies further in Section VII (titled: "Referral & Assessment") that "[i]n no case" shall the CST/SST process "be used as a barrier or to delay an appropriate referral by parent or staff for special education assessment.") Superintendent Aguilera-Fort Decl., ¶ 5, Ex. A1 (PPM, OSD0969).

//

6

### iii.  The District's Deposition Testimony On District Policy

Declaration and deposition testimony from the District Administration confirms that the District's Child Find policy does not use the CST/SST program to prevent timely referral. Superintendent Aguilera-Fort Decl., ¶ 2-4; Kennedy Decl., ¶ 1, Ex. C1 (Superintendent Aguilera-Fort Depo., at 46:14-22). Specifically, Superintendent Aguilera-Fort reiterates what the District's Child Find trainings and its policy manual require of District policy:

> When a parent of an Oxnard School District student requests that Oxnard School District perform a special education assessment on the student, it is the policy of Oxnard School District that, within 15-days, Oxnard School District will present the parent with a Multidisciplinary Assessment Plan and a Prior Written Notice, or the Oxnard School District will present the parent with a Prior Written Notice setting forth a legally sound reason for not assessing. This policy applies whether or not the student is in the Coordination of Services Team ("CST") process or the Student Success Team ("SST") process,

and moreover:

> When Oxnard School District personnel suspect that an Oxnard School District student has a disability, it is the policy of Oxnard School District that, within 15-days, Oxnard School District will present the parent of the student with a Multidisciplinary Assessment Plan and a Prior Written Notice.  This policy applies whether or not the student is in the Coordination of Services Team ("CST") process or the Student Success Team ("SST") process.

Superintendent Aguilera-Fort Decl., ¶¶ 3-4. During deposition, the Superintendent testified: "if there is a suspected disability," it is the District's policy to immediately "proceed with a request for assessment and the plan for assessment and inform families of the rights about that." Kennedy Decl., ¶ 1, Ex. C1 (Superintendent Aguilera-Fort Depo., at 46:17-22). Superintendent Aguilera-Fort added that there is no "wiggle

room" and stated: "This is what you do. Period." Kennedy Decl., ¶ 1, Ex. C1 (Superintendent Aguilera-Fort Depo., at 46:23-25). The Superintendent reinforced the central importance of this point of policy and further confirmed that District policy requires referral to occur "within the 15 days," per state and federal law. Kennedy Decl., ¶ 1, Ex. C1 (Superintendent Aguilera-Fort Depo., at 47:2-7). He then reiterated that this is a non-discretionary obligation placed on all District staff: "If they suspect a disability, their responsibility is to follow the policy. And the policy states that if you suspect, or we suspect, or we receive the information that we suspect a disability . . . immediately, within 15 days, that family, that guardian needs to be given the assessment plan so that the evaluation process for disabilities takes place." Kennedy Decl., ¶ 1, Ex. C1 (Superintendent Aguilera-Fort Depo., at 48:13-20).

Thus, taken together the sum total of evidence in the administrative record is clear about the District's Child Find policies. (SSUF ## 2, 5.) It is District policy to timely respond to any parent or guardian's direct request for an assessment with a Multidisciplinary Assessment Plan and a Prior Written Notice, or the Oxnard School District will present the parent with a Prior Written Notice setting forth a legally sound reason for not assessing (SSUF #2.) It is District policy to timely refer students who are suspected of having a disability eligible for special education or related services. (SSUF #4.) These "Child find" policies apply whether or not the student is in the Coordination of Services Team ("CST") process or the Student Success Team ("SST") process (collectively "CST/SST") (SSUF ## 3, 5.)

## III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment is appropriate where the record, reading light most favorable to the non-moving party shows "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*.; *Celotex Corp. v. Catrett*, 477 U.S. 317,

323-4 (1986). Material facts are those necessary to the proof of a claim, or as here part of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. The moving party initially bears the burden to show an absence of a genuine issue of material fact or to show that the non-moving party will be unable to make a sufficient showing on an essential element of its case for which it has the burden of proof. *Celotex*, 477 U.S. at 322-3. Once the moving party meets this burden, the non-moving party must then produce evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id*.

"Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987) (citing *Lies v. Farrell Lines, Inc*., 641 F.2d 765, 769 n.3 (9th Cir. 1981)). Courts in the Ninth Circuit have granted partial summary judgment or summary adjudication in order to narrow the issues for trial. *See, e.g., National Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc*., 782 F.Supp.2d 1047, 1058 (C.D. Cal. 2011) (finding as a matter of law that claim was not covered by insurance policy); *Novoa v. Charter Communications, LLC*, 100 F.Supp.3d 1013, 1019 (E.D. Cal. 2015) (granting summary adjudication as to preclusive effect of release in class action).

A principal purpose of the summary judgment rule "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-4 (citing Fed. R. Civ. P. 56(c)). Under Federal Rules of Civil Procedure, Rule 56(g), partial summary judgment or summary adjudication is appropriate as to any material fact that is not genuinely in dispute and treating the fact as established in the case. *See National Union Fire,* 782 F.Supp.2d at 1052.

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

## IV.   ARGUMENT

### A. Partial Summary Judgment Is Proper Here To Limit The Issues At Trial

This Court should grant summary adjudication in the District's favor to resolve the uncontroverted facts about the District's Child Find Policies in order to limit the issues at trial. The District's Child Find Policies are of central importance to Plaintiffs' class claims, because Plaintiffs' claims challenge whether the District's policies and procedures comply on a system-wide basis with federal and state law. Dkt. 262, Certification Order, p. 21 ("the parties' dispute centers instead on whether the District's Child Find policies and procedures, on a system-wide basis, satisfy the requirements of the IDEA") and 27 (noting "Plaintiffs assert that they 'continue to challenge the District's system-wide child find policies and procedures'"). As central allegations supporting all three of Plaintiffs' stated causes of actions, the allegations about the District's Child Find policies and procedures are "essential elements" of Plaintiffs' certified claims. *See Celotex*, 477 U.S. at 322-3. Accordingly, it is proper for this Court to dispose of factually unsupported claims that form "part of" those claims. Fed. R. Civ. P. 56(a).

### B. The District's Policies Require Timely Referrals For All Students With Suspected Disabilities, Including SST Students Who Also Have Suspected Disabilities

It is District Policy to conduct timely referrals, to respond in a timely manner to parent requests for assessments, and to apply these policies consistently to all District students, including SST students with suspected disabilities. (SSUF ##2-5.)

As the District's trainings, policy documents, and Administrator testimony show, it is District policy to require timely referral "when District has knowledge of (or reason to suspect) student has a Disability." Joe Decl., ¶ 4, Ex. A1 (OSD2327.) It is District policy that "anyone can refer a child for special education, *including* the

parent." Joe Decl., ¶ 4, Ex. A1(OSD2346) (emphasis in original). When parents directly request assessment, it is District policy to respond within 15 days and present an assessment plan coupled with a legally sufficient "prior written notice," which outlines the District's decisions about the assessment plan. Joe Decl., ¶ 4, Ex. A1, (OSD2329, OSD2349, OSD2352); Superintendent Aguilera-Fort Decl., ¶ 5, Ex. B1 (PPM, OSD0969, 976); Superintendent Aguilera-Fort Decl., ¶¶ 3-4.

Contrary to the uncontroverted facts, the Fourth Amended Complaint alleges that District policy is _to not_ conduct full special education assessments. Dkt. 232, Fourth Amended Complaint ("Fourth AC"); ¶¶5 ("Indeed, the District's standard policy when confronted with failing students who exhibit signs of possible disability, or otherwise indicate a need for assessment, is not to refer such students for special education assessments."), 41 ("The District's policy of using the SST process as an alternative to procedures under the IDEA, Section 504 and ADA is longstanding"), 43 ("…District's policy and practice of either doing nothing or only using the SST model"); 55 (falsely describing "District's unlawful policy of not referring students for special education assessments when they exhibit signs of possible disabilities").

District policy specifically rebuts the Fourth Amended Complaint's allegations: "There should NOT be a blanket policy of referring all students to SST only." Superintendent Aguilera-Fort Decl., ¶ 5, Ex. B1 (OSD2345) (emphasis in original). This Court noted these allegations its Certification Order: that "by using the COST and SST processes instead of full special education assessments, the District violated the IDEA." Dkt. 262, Certification Order., p. 5 of 34. This part of Plaintiffs' claims is thus susceptible to partial summary judgment, under Rule 56(a). _See_ Fed. R. Civ. P. 56(a).

## C. The District's Policies And Procedures Comply With State and Federal Education Law

The District's Child Find policies comply with federal and state special education law. _See_ 20 U.S.C. § 1412(a)(3)(A) - (B); 34 C.F.R. § 300.111 (2006); Cal.

Ed. Code §§ 56043 (a) ("Timelines Affecting Special Education Programs"); 56321 (a) ("Development Or Revision Of Individualized Education Program; Proposed Assessment Plan; Requirements; Parental Consent; Documentation").

School districts are under a legal duty to develop Child Find policies and procedures that ensure students in need of special education and related services are identified, located, and evaluated. *See* 20 U.S.C. § 1412(a)(3)(A) - (B); 34 C.F.R. § 300.111 (2006). These same policies and procedures must satisfy the California Education Code, which requires the District to develop a Multidisciplinary Assessment Plan within 15 calendar days from the date of the referral. Cal. Ed. Code §§ 56043 (a); 56321(a). To satisfy this duty, a school districts' policies and procedures must require timely referral of students with a suspected disability and timely responses to any referral by a parent or other person. *See id.* Here, they do. The District's policy expressly incorporates federal and state Child Find laws. Joe Decl., ¶ 4, Ex. A1 (OSD2322). District policy indicates that all staff are under an "[a]ffirmative, ongoing responsibility to identify, locate, and evaluate all children who have a disability requiring special education." Joe Decl., ¶ 4, Ex. A1 (OSD2322). More specifically, the District's Child Find trainings evidence that District Policy is to conduct timely referrals, to respond in a timely manner to parent requests for assessments, and to apply these policies consistently to all District students, including SST students with suspected disabilities. (SSUF ##2-5.) Thus, the District's Child Find policies and procedures comply with the IDEA and the California Education Code.

//

//

//

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

2:17-cv-04304-JAK-FFM   Document 292   Filed 03/13/20   Page 18 of 19   Page ID #:9894

## V.     CONCLUSION

Based on the foregoing, and to limit the issues to be tried, this Court should grant partial summary judgment or in the alternative grant summary adjudication to establish the material uncontroverted facts about the District's Child Find Policies contained in Defendants' Separate Statement of Uncontroverted Fact.


Respectfully Submitted,

Date: March 13, 2020                    GARCIA HERNANDEZ SAWHNEY, LLP


By: _____
Conor Kennedy
Attorneys for Defendants Oxnard School
District, Cesar Morales, Ernest Morrison,
Debra Cordes, Denis O'Leary, Veronica
Robles-Solis, and Monica Madrigal Lopez

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 13, 2020, I caused a true and correct copy of the foregoing **DEFENDANT OXNARD SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for all parties.

Dated:  March 13, 2020                    By:        /s/Conor Kennedy