LEARNING RIGHTS LAW CENTER
JANEEN STEEL (SBN 211401)
PATRICIA VAN DYKE (SBN 160033)
janeen@learningrights.org
patsy@learningrights.org
1625 W. Olympic Blvd, Suite 500
Los Angeles, CA 90015-4684
Phone: (213) 489-4030
Fax:   (213) 489-4033

DISABILITY RIGHTS ADVOCATES
STUART SEABORN (SBN 198590)
MELISSA RIESS (SBN 295959)
seaborn@dralegal.org
mriess@dralegal.org
2001 Center St., 4th Fl.
Berkeley, CA 94704
Phone: (510) 665-8644
Fax: (510) 665-8511

LAW OFFICE OF SHAWNA L. PARKS
SHAWNA L. PARKS (SBN 208301)
sparks@parks-law-office.com
4470 W. Sunset Blvd., Ste. 107-347
Los Angeles, CA 90027
Phone/Fax: (323) 389-9239

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through her guardian ad litem, Janelle McCammack *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OXNARD SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No.: 2:17-cv-04304-JAK-FFM<br><br>**Declaration of Melissa Riess in Support of Plaintiffs' Motion for Partial Summary Judgment**<br><br>Date: July 27, 2020<br>Time: 8:30 a.m.<br>Court:10B<br><br>**First Street Courthouse** |

I, Melissa Riess, declare as follows:

1. I am an attorney licensed to practice law in the state of California and in this court. I am a staff attorney at Disability Rights Advocates ("DRA"), counsel of record for the Plaintiffs and the Class in the above-captioned case. If called upon to do so, I could and would testify as follows:

2. On February 21, 2020, counsel for Defendants, Conor Kennedy, produced to class counsel the expert report of Dr. Nadeen Ruiz. A true and correct copy of Dr. Ruiz's report is attached to this declaration as **Exhibit 1**. In this report, Dr. Ruiz described how she had requested that the District produce to her a list of all the students "currently within the RTI process." **Exhibit 1**, p. 6. From this list, Dr. Ruiz selected a random sample of 30 students and requested "the complete CST/SST file" for each of the 30 students. *Id*.

3. On March 9, 2020, counsel for Defendants produced to Class counsel documents Bates stamped OSD8890-9328. Defendants' counsel represented to Class counsel that these documents were the CST/SST files of 30 students that Dr. Ruiz reviewed in order to produce her report. True and correct copies of the documents Bates stamped OSD8890-9328 are attached to this declaration as **Exhibit 2**. On March 10, 2020, counsel for Defendants sent an email to Class counsel indicating the Bates range for each student's SST file. A true and correct copy of this email is attached to this declaration as **Exhibit 3**. Based on a review of the student files, the student numbers referenced in Dr. Ruiz's report do not match the student numbers listed in the March 10 email from counsel.

4. I directed Desiree Robedeaux, DRA's litigation assistant, to review these documents and determine, for each student, the date that student was referred into the CST/SST process, the date on which the student's most recent SST meeting was held, and the date (if applicable) on which the student was referred for special education assessment. I reviewed and checked Ms. Robedeaux's work and prepared a chart

Riess Decl. in Support of Plaintiffs' Motion for Partial Summary Judgment - 1

summarizing the information she gathered. A true and correct copy of this chart is attached to this declaration as **Exhibit 4**.

5. In cases in which a file did not include a document indicating when the initial referral to CST/SST occurred, Ms. Robedeaux and I included in the chart the date of the earliest CST/SST meeting or event in the file. Unless the file indicated that a future SST meeting would be held, we used the date of the last SST meeting in the file. If a document indicated just the month and year of a meeting or referral instead of an exact date, we included the date using the first day of the month listed. For example, if the student was listed as having been referred to CST/SST in April 2019, the chart reflects a referral date of April 1, 2019.

6. The chart in **Exhibit 4** includes a calculation, for each student, of the number of days between when a student was first referred to the CST/SST process, and the date of the student's most recent CST/SST meeting. In order to perform this calculation, I used Excel's subtraction function. This calculation is reflected in Column E, which is labeled "Days in CST/SST (referral to last meeting)".

7. Column F of **Exhibit 4** is labeled "Days from referral to CST/SST until referral for assessment" and reflects the number of days between when the student was referred to the CST/SST process and the date on which there was a reference in the file to a future assessment for special education services. Eleven out of the 30 student files include references to a future assessment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed on March 13, 2020 in Berkeley, California.

By: _/s/ Melissa Riess_

Melissa Riess
Attorneys for Plaintiffs

Riess Decl. in Support of Plaintiffs' Motion for Partial Summary Judgment - 2